IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

MARK McEVOY, JAMES TAWNEY,
SUSAN TAWNEY, SAMUEL STARK,
SUSAN DENNISON, MARK GOFF,
CAROL DELROSSO, and GEORGE
DELROSSE, individually and on behalf
of a proposed class,

    Plaintiffs,

v.              CIVIL ACTION NO. 5:22-CV-171
                Judge Bailey

DIVERSIFIED ENERGY COMPANY PLC,
DIVERSIFIED GAS & OIL, PLC,
DIVERSIFIED PRODUCTION, LLC,
DIVERSIFIED GAS & OIL CORPORATION,
DIVERSIFIED OIL AND GAS LLC,
ALLIANCE PETROLEUM CORPORATION,
EQT PRODUCTION COMPANY,
EQT PRODUCTION HTW, LLC,
EQT ENERGY LLC,
EQT INVESTMENT HOLDINGS, LLC,
EQT GATHERING, LLC,
EQM MIDSTREAM PARTNERS LP,
EQT MIDSTREAM PARTNERS LP,
EQT GP HOLDINGS, LP, and
EQT CORPORATION,

    Defendants.

1

## **MEMORANDUM OPINION AND ORDER**

Pending before this Court are Diversified Defendants'[1] Motion to Dismiss [Doc. 44], filed September 29, 2022. Plaintiffs filed their Memorandum in Opposition to Defendants' Motion to Dismiss [Doc. 66] on October 13, 2022. Diversified Defendants filed a Reply in Support of the Motion to Dismiss [Doc. 74] on October 20, 2022.[2]

On November 15, 2022, plaintiffs filed a Motion for Leave to File Second Amended Complaint [Doc. 84] and accompanying Memorandum in Support [Doc. 85]. Diversified Defendants filed a Memorandum in Opposition [Doc. 90] on November 29, 2022. Plaintiffs filed a Reply [Doc. 93] on December 6, 2022.

## **BACKGROUND**

This case stems from thousands of abandoned gas wells in West Virginia that plaintiffs allege Diversified Defendants had a duty to plug and decommission. Moreover, this case also concerns alleged fraudulent transfers made between Diversified Defendants and EQT Defendants. An Amended Class Action Complaint [Doc. 4] was filed on July 15, 2022. In the Complaint, plaintiffs assert five causes of action:

Count I - Trespass by Diversified [Doc. 4 at 36–37];

---

[1] "Diversified Defendants" are Diversified Energy Company PLC, Diversified Gas & Oil, PLC, Diversified Production LLC, Diversified Gas & Oil Corporation, Diversified Oil and Gas LLC, and Alliance Petroleum Corporation.

[2] On October 20, 2022, "EQT Defendants" filed a Motion to Join Diversified's Reply in Support of the Motion to Dismiss [Doc. 75]. More specifically, EQT Defendants are EQT Production Company, EQT Production HTW, LLC, EQT Engery, LLC, EQT Investment Holdings, LLC, EQT Gathering, LLC, EQM Midstream Partners LP, EQT Midstream Partners, LP, EQT GP Holdings, LP, and EQT Corporation. For reasons appearing to this Court, EQT Defendants' Motion to Join [**Doc. 75**] is **GRANTED**.

   Count II - Nuisance by Diversified [Id. at 37–38];

   Count III - Negligence by Diversified [Id. at 38–39];

   Count IV - Avoidance and Recovery of Fraudulent Transfer as the Result of an Actual Fraudulent Transfer [Id. at 39–40]; and

   Count V - Avoidance and Recovery of Fraudulent Transfer as the Result of a Constructive Fraudulent Transfer [Id. at 41–42].

## STANDARDS OF REVIEW

### I. Rule 12(b)(6)

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 570 (2007); see also **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008) (applying the **Twombly** standard and emphasizing the necessity of *plausibility*). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995). In **Twombly**, the Supreme Court, noted that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." ***Twombly***, 550 U.S. at 555, 570 (upholding the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible.").

"[M]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." ***Williams v. Branker***, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." ***Witthohn v. Fed. Ins. Co.***, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id*. at 396–97.

## II. Rule 15(a)(2)

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave," but "[t]he court should freely give leave when justice so requires." Although the amending party must seek leave of the Court, "the federal rules strongly favor granting leave to amend." ***Midigen of Ky. Inc. v. Pub. Serv. Comm'n of W.Va.***, 985 F.2d 164, 167–68 (4th Cir. 1993). "A motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." ***Nourison Rug Corp. v. Parvizian***, 535 F.3d 295, 298 (4th Cir. 2008) (citing ***HCMF Corp. v. Allen***, 238 F.3d 273, 276–77 (4th Cir. 2001)); see also ***Culley-Brown v. Am. Petroleum Partners, LLC***, 2022 WL 2678519, at *2 (N.D. W.Va. July 11, 2022) (Bailey, J.). The liberal nature of this rule gives effect to the federal policy in favor of resolving cases on their merits, rather than

4

disposing of them on technicalities. See **Ostrzzenski v. Seigel**, 177 F.3d 245, 252–53 (4th Cir. 1999).

## DISCUSSION

First, this Court turns to plaintiffs' Motion for Leave to File Second Amended Complaint [Doc. 84]. Therein, plaintiffs argue they satisfy each of the factors warranting amendment pursuant to Rule 15(a)(2). This Court agrees.

### A. Undue Delay

A review of the pleadings and relevant authority lead this Court to conclude that granting leave to amend would not cause undue delay. Fact discovery in this matter will not conclude until August 4, 2023, and trial is currently scheduled on April 16, 2024. Moreover, "the Fourth Circuit has held, as have a number of other circuits, that delay alone is not sufficient reason to deny leave to amend. The delay must be accompanied by prejudice, bad faith, or futility." **Johnson v. Oroweat Foods Co.**, 785 F.2d 503, 509–10 (4th Cir. 1986).

### B. Good Faith

Here, plaintiffs do not appear to seek amendment through bad faith. Plaintiffs have not previously requested leave to amend and have only amended once previously as of right, and thus have not engaged in repeated attempts to cure deficiencies in the pleadings. Moreover, the pending Motion for Leave to File Second Amended Complaint was made within the deadlines contained in this Court's scheduling order. See [Doc. 70].

### C. Undue Prejudice

"[T]he further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant or that a court will find bad faith on the plaintiff's part." *Laber v. Harver*, 438 F.3d 404, 427 (4th Cir. 2006). Although prejudice can result where a new legal theory is alleged if it would entail additional discovery and evidentiary burdens on the part of the opposing party, this "basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial." *Scott v. Fam. Dollar Stores, Inc.*, 733 F.3d 105, 118–19 (4th Cir. 2013) (quoting *Oroweat Foods Co.*, 785 F.2d at 510). This case is at its initial stages and prejudice to defendants in allowing amendment appears to be minimal, if at all.

### D. Futility

"Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Oroweat Foods*, 785 F.2d at 510. "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). "If a proposed amendment sets forth facts and circumstances which may entitle a plaintiff to relief, then futility is not a proper basis on which to deny the amendment." *Smithfield Foods Inc. v. United Food & Com. Workers Int'l Union*, 254 F.R.D. 274, 280 (E.D. Va. 2008) (Payne, S.J.). "Further, even where the possibility of relief is remote, leave to amend is to be permitted because it is the possibility of recovery, and not its likelihood, that guides this Court's analysis." *Id.* Because the proposed Second Amended

6

Complaint is not apparently deficient on its face, this Court concludes that the proposed amendment is not futile.

## CONCLUSION

For the reasons contained herein, plaintiffs' Motion for Leave to File Second Amended Complaint [**Doc. 84**] is **GRANTED**. Accordingly, Diversified Defendants' Motion to Dismiss [**Doc. 44**] is **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk shall transmit copies of this Order to all counsel on record.

**DATED:** December 28, 2022.

_____
**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**