# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## WHEELING DIVISION

MARK MCEVOY, *et al.*,

        Plaintiffs,

v.

DIVERSIFIED ENERGY COMPANY PLC, *et al.*,

        Defendants.

Civil Action No. 5:22-cv-00171-JPB
Judge John P. Bailey
Magistrate Judge James P. Mazzone

## NOTICE OF INSSUANCE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION TO OHIO RIVER VALLEY INSTITUTE

**PLEASE TAKE NOTICE,** pursuant to *Fed.R.Civ.P. 45*, the defendants, Diversified Energy Company, PLC, Diversified Gas & Oil, PLC, Diversified Production LLC, Diversified Gas & Oil Corporation, Diversified Oil and Gas LLC and Alliance Petroleum Corporation, intend to serve a Subpoena, in the forms attached hereto, to Ohio River Valley Institute on February 13, 2023, or as soon thereafter as service may be effectuated.

Dated: February 10, 2023

Respectfully submitted:

Dated: February 10, 2023

*/s/ Howard M. Persinger, III*

Howard M. Persinger, III
**PERSINGER & PERSINGER, L.C.**
237 Capitol Street
Charleston, WV 25301
Phone: (304) 346-9333
Fax: (304) 346-9337
Email: hmp3@persingerlaw.com

Daniel Donovan, P.C. (admitted *pro hac vice*)
Ragan Naresh, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone: (202) 389-5267
Fax: (202) 389-5200
Email: daniel.donovan@kirkland.com
ragan.naresh@kirkland.com

Kenneth Young (admitted *pro hac vice*)
Dustin Womack (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
609 Main Street
Houston, TX 77002
Phone:   (713) 836-3600
Fax:     (713) 836-3601
Email:   kenneth.young@kirkland.com
         dustin.womack@kirkland.com

*Counsel for Defendants Diversified Energy Company PLC, Diversified Gas & Oil, PLC, Diversified Production LLC, Diversified Gas & Oil Corporation, Diversified Oil and Gas LLC, and Alliance Petroleum Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 10, 2023, a copy of the foregoing was served on all counsel of record via the Court's electronic filing system.

*/s/ Howard M. Persinger, III*
Howard M. Persinger, III

# UNITED STATES DISTRICT COURT

for the

Northern District of West Virginia

MARK MCEVOY, *et al.*,

            Plaintiffs,

v.

DIVERSIFIED ENERGY COMPANY PLC, *et al.*,

            Defendants.

Civil Action No. 5:22-cv-00171-JPB
Judge John P. Bailey

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
               Ohio River Valley Institute
               216 Franklin Street, Suite 400
               Johnstown, PA 15901

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **Described in Exhibit A**

| Place: Myers Brier Kelly<br>240 N. 3rd Street, 5th Floor<br>Harrisburg, PA 17101<br>Phone: (717) 553-6250 | Date and Time:<br><br>February 23, 2023<br>at 5:00p.m. (ET) |
|---|---|

       The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: <u>February 10, 2023</u>

         *CLERK OF COURT*

                           OR

                                  /s/ Howard Persinger, III

_____     _____
    *Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
<u>Diversified Defendants[1]</u>_____, who issues or requests this subpoena, are:

Howard Persinger, III, Persinger & Persinger, L.C., 237 Capitol Street, Charleston, WV 25301, Phone: (304) 346-9333

---

[1]    "<u>Diversified</u>" is Diversified Energy Company PLC, Diversified Production LLC, and Diversified Gas & Oil Corporation.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 5:22-cv-00171-JPB

# PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

    **(i)** is a party or a party's officer; or

    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;

    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    **(i)** expressly make the claim; and

    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

|  |  |
|---|---|
| MARK MCEVOY, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 5:22-cv-00171-JPB<br>Judge John P. Bailey |
| DIVERSIFIED ENERGY COMPANY PLC, *et al.*, | |
| Defendants. | |

## SUBPOENA TO OHIO RIVER VALLEY INSTITUTE EXHIBIT A

1.      All documents supporting the allegations and statements made in the report titled "Diversified Energy: A Business Model Built to Fail Appalachia," published in April 2022 by the Ohio River Valley Institute and authored by Ted Boettner, Kathy Hipple, and Anthony Ingraffea.

2.      All communications discussing the report titled "Diversified Energy: A Business Model Built to Fail Appalachia," published in April 2022 by the Ohio River Valley Institute and authored by Ted Boettner, Kathy Hipple, and Anthony Ingraffea.

3.      All communications with members or employees of the Appalachian Mountain Advocates about gas wells in West Virginia, Diversified[1], or the above-captioned matter. To the extent you claim any such communications are privileged, please indicate.

4.      All communications with Brian A. Glasser, John W. Barrett, or other attorneys at Bailey & Glasser, LLP about gas wells in West Virginia, Diversified, or the above-captioned matter. To the extent you claim any such communications are privileged, please indicate.

5.      All documents and communications in your possession, custody, or control regarding Diversified or any of its gas wells in West Virginia.

6.      All documents and communications regarding the July 2018 or May 2020 transactions between Diversified and EQT referenced in the First Amended Class Action Complaint in the above-captioned matter.

---

[1]      "Diversified" is Diversified Energy Company PLC, Diversified Production LLC, and Diversified Gas & Oil Corporation.

7. All documents and communications regarding any of the Plaintiffs[2] in the above-captioned matter.

---

[2] "Plaintiffs" are Mark McEvoy, James Tawney, Susan Tawney, Samuel Stark, Susan Dennison, Mark Goff, Carol DelRosso, and George DelRosso.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## WHEELING DIVISION

MARK MCEVOY, *et al.*,

                     Plaintiffs,

v.

DIVERSIFIED ENERGY COMPANY PLC, *et al.*,

                     Defendants.

Civil Action No. 5:22-cv-00171-JPB
Judge John P. Bailey
Magistrate Judge James P. Mazzone

---

## NOTICE OF INSSUANCE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION TO TED BOETTNER

**PLEASE TAKE NOTICE,** pursuant to *Fed.R.Civ.P. 45*, the defendants, Diversified Energy Company, PLC, Diversified Gas & Oil, PLC, Diversified Production LLC, Diversified Gas & Oil Corporation, Diversified Oil and Gas LLC and Alliance Petroleum Corporation, intend to serve a Subpoena, in the forms attached hereto, to Ted Boettner on February 13, 2023, or as soon thereafter as service may be effectuated.

        Dated:   February 10, 2023

Respectfully submitted:

  */s/ Howard M. Persinger, III*
Howard M. Persinger, III
**PERSINGER & PERSINGER, L.C.**
237 Capitol Street
Charleston, WV 25301
Phone:   (304) 346-9333
Fax:      (304) 346-9337
Email:   hmp3@persingerlaw.com

Dated: February 10, 2023

Daniel Donovan, P.C. (admitted *pro hac vice*)
Ragan Naresh, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone:   (202) 389-5267
Fax:      (202) 389-5200
Email:   daniel.donovan@kirkland.com
             ragan.naresh@kirkland.com

Kenneth Young (admitted *pro hac vice*)
Dustin Womack (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
609 Main Street
Houston, TX 77002
Phone:   (713) 836-3600
Fax:       (713) 836-3601
Email:    kenneth.young@kirkland.com
              dustin.womack@kirkland.com

*Counsel for Defendants Diversified Energy Company PLC, Diversified Gas & Oil, PLC, Diversified Production LLC, Diversified Gas & Oil Corporation, Diversified Oil and Gas LLC, and Alliance Petroleum Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 10, 2023, a copy of the foregoing was served on all counsel of record via the Court's electronic filing system.

*/s/ Howard M. Persinger, III*
Howard M. Persinger, III

# UNITED STATES DISTRICT COURT
### for the
Northern District of West Virginia

| | |
|---|---|
| MARK MCEVOY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DIVERSIFIED ENERGY COMPANY PLC, *et al.*, <br><br> Defendants. | Civil Action No. 5:22-cv-00171-JPB <br> Judge John P. Bailey |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Ted Boettner
216 Franklin Street, Suite 400
Johnstown, PA 15901

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **Described in Exhibit A**

| Place: Myers Brier Kelly <br> 240 N. 3rd Street, 5th Floor <br> Harrisburg, PA 17101 <br> Phone: (717) 553-6250 | Date and Time: <br><br> February 23, 2023 <br> at 5:00p.m. (ET) |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 10, 2023

*CLERK OF COURT*

OR

_____     /s/ Howard Persinger, III
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ Diversified[1] _____, who issues or requests this subpoena, are:

---

[1]  "Diversified" is Diversified Energy Company PLC, Diversified Production LLC, and Diversified Gas & Oil Corporation.

Howard Persinger, III, Persinger & Persinger, L.C., 237 Capitol Street, Charleston, WV 25301, Phone: (304) 346-9333

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.     5:22-cv-00171-JPB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                    *Server's signature*

                              _____
                                                    *Printed name and title*

                              _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF WEST VIRGINIA
## WHEELING DIVISION

MARK MCEVOY, *et al.*,

               Plaintiffs,

v.

DIVERSIFIED ENERGY COMPANY PLC, *et al.*,

               Defendants.

Civil Action No. 5:22-cv-00171-JPB
Judge John P. Bailey

---

### SUBPOENA TO TED BOETTNER EXHIBIT A

---

1. All documents supporting or otherwise relied upon in authoring the allegations and statements made in the report titled "Diversified Energy: A Business Model Built to Fail Appalachia," published in April 2022 by the Ohio River Valley Institute and authored by Ted Boettner, Kathy Hipple, and Anthony Ingraffea.

2. All communications discussing or otherwise related to the report titled "Diversified Energy: A Business Model Built to Fail Appalachia," published in April 2022 by the Ohio River Valley Institute and authored by Ted Boettner, Kathy Hipple, and Anthony Ingraffea.

3. All communications with members or employees of the Appalachian Mountain Advocates about gas wells in West Virginia, Diversified,[1] or the above-captioned matter. To the extent you claim any such communications are privileged, please indicate.

4. All communications with Brian A. Glasser, John W. Barrett, or other attorneys at Bailey & Glasser, LLP about gas wells in West Virginia, Diversified, or the above-captioned matter. To the extent you claim any such communications are privileged, please indicate.

5. All documents and communications in your possession, custody, or control regarding Diversified or any of its gas wells in West Virginia.

6. All documents and communications regarding the July 2018 or May 2020 transactions between Diversified and EQT referenced in the First Amended Class Action Complaint in the above-captioned matter.

---

[1] "Diversified" is Diversified Energy Company PLC, Diversified Production LLC, and Diversified Gas & Oil Corporation.

7.      All documents and communications regarding any of the Plaintiffs[2] in the above-captioned matter.

8.      All documents evidencing any payments received by you from Appalachian Mountain Advocates and/or Ohio River Valley Institute, and/or Bailey and Glasser, LLP, for the past five (5) years.

---

[2]      "Plaintiffs" are Mark McEvoy, James Tawney, Susan Tawney, Samuel Stark, Susan Dennison, Mark Goff, Carol DelRosso, and George DelRosso.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### WHEELING DIVISION

MARK MCEVOY, *et al.*,

          Plaintiffs,

v.

DIVERSIFIED ENERGY COMPANY PLC, *et al.*,

          Defendants.

Civil Action No. 5:22-cv-00171-JPB
Judge John P. Bailey
Magistrate Judge James P. Mazzone

---

## NOTICE OF ISSUANCE OF AMENDED SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION TO TED BOETTNER

**PLEASE TAKE NOTICE,** pursuant to *Fed.R.Civ.P. 45*, the defendants, Diversified Energy Company, PLC, Diversified Gas & Oil, PLC, Diversified Production LLC, Diversified Gas & Oil Corporation, Diversified Oil and Gas LLC and Alliance Petroleum Corporation, intend to serve an Amended Subpoena, in the form attached hereto, to Ted Boettner on February 15, 2023, or as soon thereafter as service may be effectuated.

Dated:  February 15, 2023

Respectfully submitted:

  */s/ Howard M. Persinger, III*
Howard M. Persinger, III
**PERSINGER & PERSINGER, L.C.**
237 Capitol Street
Charleston, WV 25301
Phone:  (304) 346-9333
Fax:     (304) 346-9337
Email:  hmp3@persingerlaw.com

Dated: February 15, 2023

Daniel Donovan, P.C. (admitted *pro hac vice*)
Ragan Naresh, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone:  (202) 389-5267
Fax:     (202) 389-5200
Email:  daniel.donovan@kirkland.com
          ragan.naresh@kirkland.com

Kenneth Young (admitted *pro hac vice*)
Dustin Womack (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
609 Main Street
Houston, TX 77002
Phone:   (713) 836-3600
Fax:      (713) 836-3601
Email:   kenneth.young@kirkland.com
             dustin.womack@kirkland.com

*Counsel for Defendants Diversified Energy Company PLC, Diversified Gas & Oil, PLC, Diversified Production LLC, Diversified Gas & Oil Corporation, Diversified Oil and Gas LLC, and Alliance Petroleum Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 15, 2023, a copy of the foregoing was

served on all counsel of record via the Court's electronic filing system.

*/s/ Howard M. Persinger, III*
Howard M. Persinger, III

# UNITED STATES DISTRICT COURT
### for the
Northern District of West Virginia

MARK MCEVOY, *et al.*,

          Plaintiffs,

v.

DIVERSIFIED ENERGY COMPANY PLC, *et al.*,

          Defendants.

Civil Action No. 5:22-cv-00171-JPB
Judge John P. Bailey

## AMENDED SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
    Ted Boettner
    1017 Summit Drive
    Charleston, WV 25302

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **Described in Exhibit A**

| Place: Persinger & Persinger, L.C.<br>237 Capitol Street<br>Charleston, WV 25301<br>Phone: (304) 346-9333 | Date and Time:<br><br>February 23, 2023<br>at 5:00p.m. (ET) |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this amended subpoena and the potential consequences of not doing so.

Date: February 15, 2023

        *CLERK OF COURT*

                    OR       /s/ Howard Persinger, III

      *Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ Diversified[1] _____, who issues or requests this subpoena, are:

Howard Persinger, III, Persinger & Persinger, L.C., 237 Capitol Street, Charleston, WV 25301, Phone: (304) 346-9333

---

[1] "Diversified" is Diversified Energy Company PLC, Diversified Production LLC, and Diversified Gas & Oil Corporation.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. _5:22-cv-00171-JPB_

## PROOF OF SERVICE

### _(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)_

I received this amended subpoena for _(name of individual and title, if any)_ _____

on _(date)_ _____ .

❏ I served the amended subpoena by delivering a copy to the named person as follows: _____

_____ on _(date)_ _____ ; or

❏ I returned the amended subpoena unexecuted because: _____

_____ .

Unless the amended subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
_Server's signature_

_____
_Printed name and title_

_____
_Server's address_

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF WEST VIRGINIA
### WHEELING DIVISION

|  |  |
|---|---|
| MARK MCEVOY, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 5:22-cv-00171-JPB<br>Judge John P. Bailey |
| DIVERSIFIED ENERGY COMPANY PLC, *et al.*, | |
| Defendants. | |

## AMENDED SUBPOENA TO TED BOETTNER EXHIBIT A

1.   All documents supporting or otherwise relied upon in authoring the allegations and statements made in the report titled "Diversified Energy: A Business Model Built to Fail Appalachia," published in April 2022 by the Ohio River Valley Institute and authored by Ted Boettner, Kathy Hipple, and Anthony Ingraffea.

2.   All communications discussing or otherwise related to the report titled "Diversified Energy: A Business Model Built to Fail Appalachia," published in April 2022 by the Ohio River Valley Institute and authored by Ted Boettner, Kathy Hipple, and Anthony Ingraffea.

3.   All communications with members or employees of the Appalachian Mountain Advocates about gas wells in West Virginia, Diversified,[1] or the above-captioned matter.  To the extent you claim any such communications are privileged, please indicate.

4.   All communications with Brian A. Glasser, John W. Barrett, or other attorneys at Bailey & Glasser, LLP about gas wells in West Virginia, Diversified, or the above-captioned matter.  To the extent you claim any such communications are privileged, please indicate.

5.   All documents and communications in your possession, custody, or control regarding Diversified or any of its gas wells in West Virginia.

6.   All documents and communications regarding the July 2018 or May 2020 transactions between Diversified and EQT referenced in the First Amended Class Action Complaint in the above-captioned matter.

---

[1]   "Diversified" is Diversified Energy Company PLC, Diversified Production LLC, and Diversified Gas & Oil Corporation.

7.    All documents and communications regarding any of the Plaintiffs[2] in the above-captioned matter.

8.    All documents evidencing any payments received by you from Appalachian Mountain Advocates and/or Ohio River Valley Institute, and/or Bailey and Glasser, LLP, for the past five (5) years.

---

[2]    "Plaintiffs" are Mark McEvoy, James Tawney, Susan Tawney, Samuel Stark, Susan Dennison, Mark Goff, Carol DelRosso, and George DelRosso.