# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING DIVISION

| | |
|---|---|
| MARK MCEVOY, *et al.*,<br>           Plaintiffs,<br><br>v.<br><br>DIVERSIFIED ENERGY COMPANY PLC, *et al.*,<br>           Defendants.[1] | Civil Action No. 5:22-cv-00171-JPB<br>Judge John P. Bailey |

### DIVERSIFIED DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THIRD PARTY OHIO RIVER VALLEY INSTITUTE AND TED BOETTNER PURSUANT TO SUBPOENAS *DUCES TECA*

Diversified submits this Memorandum in Support of its Motion to Compel Production of Documents from Third Parties Ohio River Valley Institute ("ORVI") and Ted Boettner ("Boettner") pursuant to subpoenas *duces teca* duly served upon them in accordance with Federal Rules of Civil Procedure 45 and 34 on February 20, 2023.

## BACKGROUND

On July 8, 2022, Plaintiffs filed their original complaint. On July 15, 2022, Plaintiffs filed their first amended complaint, and on January 5, 2023, Plaintiffs filed the operative Second

---

[1] "Plaintiffs" are Mark McEvoy, James Tawney, Susan Tawney, Samuel Stark, Susan Dennison, Mark Goff, Carol DelRosso, George DelRrosso, Benjamin Patterson, Chad Silvester, Michelle Silvester, Clinton and Candace Drainer Irrevocable Trust, Eben Fritts, Eben Fritts III, Gary Wentz, Heidi Deem, Jeffery Saltis, Kellie Saltis, Lane Evans, Minerva Evans, Maynard Tanner, Jennifer Tanner, Joan Medley, Jacob Collette, Regina Collette, Scott Corcoran, Kathy Johnson, and Christine Cochran; "Diversified Defendants" or "Diversified" are Diversified Energy Company PLC, Diversified Production LLC, and Diversified Gas & Oil Corporation.  As Plaintiffs are aware, (1) Diversified Gas & Oil, PLC now operates as Diversified Energy Company PLC; (2) Alliance Petroleum Corporation now operates as Diversified Production LLC; and (3) Diversified Oil and Gas LLC does not exist.

1

Amended Complaint. *See* Original Compl. (ECF No. 1) at 1; First Am. Compl. (ECF No. 4) at 1; Second Am. Compl. (ECF No. 96) at 1.

In their Second Amended Complaint, Plaintiffs allege tort claims for trespass and nuisance against defendants Diversified Energy Company, PLC, Diversified Gas & Oil, PLC, Diversified Production LLC, Diversified Gas & Oil Corporation, Diversified Oil and Gas LLC and Alliance Petroleum Corporation ("Diversified") and claims sounding under Alabama's Statutory Fraudulent Transfers Act against both Diversified and EQT Production Company, EQT Production HTW, LLC, EQT Energy LLC, EQT Investment Holdings, LLC, EQT Gathering, LLC, EQM Midstream Partners LP, EQT Midstream Partners, LP, EQT GP Holdings LP and EQT Corporation ("EQT").

The factual predicate of Plaintiff's claims is apparently based, in large part, on an article authored by Ted Boettner on behalf of the ORVI, of which he is an official, entitled "Diversified Energy: A Business Model Built to Fail Appalachia." Indeed, the Second Amended Complaint is replete with references to the article (See e.g. ECF# 96, at pp. 4, 11, 12, 14, 20 & 21.)

On February 20, 2023, Diversified, via undersigned counsel caused subpoenas *duces teca* to be served on Boettner and ORVI in which it requests production of documents and communications related to the aforesaid article and its factual bases (*see* Notices and Subpoenas attached hereto as ***Exhibit A***).

Although the subpoenas were originally made returnable to Friday, February 23, 2023, as the attached correspondence reveals, undersigned counsel, on behalf of the issuing defendants, and upon request from counsel for ORVI and Boettner, quickly agreed to a four (4) week, twenty-eight (28) day extension of returnability to March 16, 2023 (*see* correspondence attached hereto as ***Exhibit C)***. Even though this was somewhat less than the seven (7) week extension requested by

2

the Plaintiffs, Boettner and ORVI's counsel initially indicated they would abide by it (s*ee Exhibit C*). On March 6, 2023, ORVI and Boettner even served objections to the subpoenas (attached hereto as ***Exhibit D***). Then, on March 16, 2023, instead of receiving a substantive response, defendants received the correspondence attached hereto as ***Exhibit E***, wherein counsel for Boettner and ORVI states that they will not produce documents for at least another seven (7) to ten (10) day period.[2] In the correspondence, counsel for the third parties suggested that the third parties may have claims of privilege with the Plaintiffs' counsel, although the grounds or the contours of such privilege were not articulated.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 34(c) provides:

> **(c) Nonparties.** As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.

Federal Rule of Civil Procedure 45(d)(2) provides, in relevant part:

> **(d) Protecting a Person Subject to a Subpoena; Enforcement. . . .**
> **(2)** *Command to Produce Materials or Permit Inspection.*
> **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
> **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of

---

[2] As the communications contained in Exhibits C and E reveal, undersigned counsel conferred with counsel for Boettner and ORVI regarding the provision of documents pursuant to the subpoena *duces teca,* on several occasions between February 22, 2023 and March 16, 2023, and in accordance with their obligations under L.R.Civ.P. 37.02(a)(3).

3

> the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
> **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
> **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

The applicable Rules require Plaintiffs to comply with these subpoenas by producing the requested documents within a "reasonable time" generally considered to be within fourteen (14) days. *See e.g. In Re: Rule 45 Subpoena to Fidelity National Information Services, Inc.,* 209 WL 4899 399, at p. 2 (M.D. Fla. 2009) ("Although 'reasonable time' is not explicitly defined in …. Rule 45, other courts have looked to the language of Rule 45 (c)(2)(B) to find fourteen days from the date of services is presumptively reasonable.").

## ARGUMENT

As of the drafting of this Motion, four weeks (28 days) have passed since service of the subpoena *duces teca* on Boettner and OVRI. Although both third parties were able to lodge extensive objections to the requests nearly two (2) full weeks ago, neither has yet produced a single document or privilege log in response. Indeed, it appears they will simple take the entire seven (7) week period they initially sought, and maybe more, thereby unfairly delaying discovery in this matter. The Rules, as well as fair play, require that the third parties produce the responsive documents (and if there is reason for delay of certain documents, counsel should inform the undersigned). Diversified has already produced substantial documents and information in this matter. The continued by these third parties should not be allowed by the Court. As the attached correspondence shows the issuing Defendants have attempted to work with the third parties in providing them with ample time to make a substantive response.

## **CONCLUSION**

Both Boettner and ORVI have failed to meet their obligations under the lawfully issued and served subpoenas, despite provision and passage of reasonable time to do so. Consequently, the Court should grant Diversified's motion to compel and issue an Order commanding Boettner and ORVI to immediately produce all responsive documents in accordance with the subpoena *duces teca*.

Respectfully submitted:

 */s/ Howard M. Persinger, III*
Howard M. Persinger, III
**PERSINGER & PERSINGER, L.C.**
237 Capitol Street
Charleston, WV 25301
Phone:   (304) 346-9333
Fax:        (304) 346-9337
Email:    hmp3@persingerlaw.com

Dated: March 21, 2023

Daniel Donovan, P.C. (admitted *pro hac vice*)
Ragan Naresh, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone:   (202) 389-5267
Fax:        (202) 389-5200
Email:    daniel.donovan@kirkland.com
              ragan.naresh@kirkland.com

Kenneth Young (admitted *pro hac vice*)
Dustin Womack (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
609 Main Street
Houston, TX 77002
Phone:   (713) 836-3600
Fax:        (713) 836-3601
Email:    kenneth.young@kirkland.com
              dustin.womack@kirkland.com

*Counsel for Defendants Diversified Energy Company PLC, Diversified Gas & Oil, PLC, Diversified Production LLC, Diversified Gas & Oil Corporation, Diversified Oil and Gas LLC, and Alliance Petroleum Corporation*

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that as set forth in footnote 2, *infra*, between February 23, 2023, and March 16, 2023, the parties met and conferred in good faith concerning the production of documents under the subpoenas *duces teca,* but did not resolve the dispute.

                                               */s/ Howard M. Persinger, III*
                                               Howard M. Persinger, III

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 21, 2023 a copy of the foregoing was served on all counsel of record via the Court's electronic filing system, and via email and United States First Class mail to the following:

        Danielle L. Dietrich
        Strassburger McKenna Gutnick & Gefsky
        Four Gateway Center, Suite 2200
        Pittsburgh, PA 15222
        Email: ddietrich@smgglaw.com
                Counsel for Third Parties,
                Ted Boettner and Ohio River Valley Institute.

                                               */s/ Howard M. Persinger, III*
                                               Howard M. Persinger, III