IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

| | |
|---|---|
| MARK MCEVOY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DIVERSIFIED ENERGY COMPANY PLC, *et al.*, <br><br> Defendants. | Civil Action No. 5:22-cv-00171-JPB <br> Judge John P. Bailey |

**DIVERSIFIED DEFENDANTS' MOTION FOR LIMITED STAY OF DISCOVERY ORDER PENDING RULE 72 OBJECTIONS**

The Court should enter a temporary and limited stay of Magistrate Judge Mazzone's recent discovery order. *See* ECF 180 ("Order"). As set forth in the Diversified's[1] contemporaneously filed objections, that Order requires that Diversified comply with a monumental task: producing documents responsive to dozens of requests for production ("RFPs") seeking highly specific data on each of Diversified's tens of thousands of nationwide wells. *See* Diversified Objections (filed contemporaneously hereto). The Order requires that Diversified produce this vast data within **14** days. Order at 24.

The Court should grant a short stay to permit review and to allow reasonable time for production. Courts have inherent power to stay interlocutory orders. *Mey v. Got Warranty, Inc.*, 2016 WL 1122092, at *1 (N.D.W. Va. Mar. 22, 2016). "In assessing a motion to stay, district

---

[1] "Diversified Defendants" or "Diversified" are Diversified Energy Company PLC, Diversified Gas & Oil, PLC, Diversified Production LLC, Diversified Gas & Oil Corporation, Diversified Oil and Gas LLC, and Alliance Petroleum Corporation.

1

courts in this state have utilized three factors … (1) the interests of judicial economy, (2) the hardship and equity to the moving party" if the stay is not granted, and "(3) potential prejudice to the non-moving party." *Id.*; *see also Trans Energy, Inc. v. EQT Prod. Co.*, 2016 WL 355492, at *1 (N.D.W. Va. Jan. 29, 2016) (noting temporary stay of discovery order pending review); *Syngenta Crop Protec., Inc. v. U.S.E.P.A.*, 222 F.R.D. 271, 276 (M.D.N.C. 2004) (same).

The first two factors strongly favor a stay. The 14-day deadline means, absent a stay, there will be no practical opportunity for the Court to review Diversified's narrow Rule 72 objections, prejudicing judicial economy and irreparably denying Diversified any "meaningful review." *Alvarez v. Larose*, 2020 WL 5632659, at *2 (S.D. Cal. Sept. 21, 2020); *see also Bales v. Bright Solar Mktg. LLC*, 2022 WL 17718503, at *2 (M.D. Fla. Dec. 15, 2022) (crediting Defendant's argument that "without a stay … it will be unable to timely appeal or object," causing irreparable harm). The Order imposed a 14-day deadline on the theory that "the discovery requests … were propounded in September 2022," and "Discovery ends on or about August 4, 2023." Order at 24. But it is not as if Diversified has not been producing documents during this time—to the contrary, it has produced more than 150,000 and counting. And while the discovery requests have been outstanding since September, Plaintiffs moved to compel only recently. Only on March 7, 2023, did Diversified learn that it needs to somehow collect well-by-well data on a nationwide basis— an enormous task, especially where there is unrebutted testimony that much of these wells' information is stored only on "three separate legacy computer systems." *See* Garrett Decl. (ECF 138-2) at ¶ 4. This data requires "significant manhours to even collect … let alone transform … into useable form for review." *Id.* at ¶¶ 4, 7.

The Court should therefore permit a short stay pending consideration of Diversified's Objections. Diversified submits that discovery should be ordered (if at all), 21 days after those

Objections are decided. This approach would preserve Diversified's right to review, permit time for a reasonable search and production, and cause no undue prejudice to Plaintiffs. Indeed, there are still several months remaining in fact discovery, and Plaintiffs themselves were permitted months of extensions to submit just their initial disclosures, *see* Certificate of Service (ECF No. 128). Fairness counsels permitting Diversified a fraction of the same consideration, especially considering the complexity of the production at issue here.

Respectfully submitted:

*/s/ Howard Persinger, III*
Howard Persinger, III
**PERSINGER & PERSINGER, L.C.**
237 Capitol Street
Charleston, WV 25301
Phone:   (304) 346-9333
Fax:       (304) 346-9337
Email:    hmp3@persingerlaw.com

Dated: March 21, 2023

Daniel Donovan, P.C. (admitted *pro hac vice*)
Ragan Naresh, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone:   (202) 389-5267
Fax:       (202) 389-5200
Email:    daniel.donovan@kirkland.com
             ragan.naresh@kirkland.com

Kenneth Young (*pro hac vice* forthcoming)
Dustin Womack (*pro hac vice* forthcoming)
**KIRKLAND & ELLIS LLP**
609 Main Street
Houston, TX 77002
Phone:   (713) 836-3600
Fax:       (713) 836-3601
Email:    kenneth.young@kirkland.com
             dustin.womack@kirkland.com

*Counsel for Defendants Diversified Energy Company PLC, Diversified Gas & Oil, PLC, Diversified Production LLC, Diversified Gas & Oil Corporation, Diversified Oil and Gas LLC, and Alliance Petroleum Corporation*

**CERTIFICATE OF COMPLIANCE WITH
LOCAL RULE OF CIVIL PROCEDURE 26.04(b)**

Pursuant to LR Civ P 26.04(b), the undersigned hereby certifies that on September 29, 2022, counsel for Defendants conferred with Plaintiffs' counsel regarding the foregoing motion and Plaintiffs' counsel opposes the relief requested.

*/s/ Howard Persinger, III*
Howard Persinger, III

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 21, 2023 a copy of the foregoing was served on all counsel of record via the Court's electronic filing system.

*/s/ Howard Persinger, III*
Howard Persinger, III