**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION**

| | |
|---|---|
| MARK MCEVOY, *et al.*,<br>    Plaintiffs,<br><br>v.<br><br>DIVERSIFIED ENERGY COMPANY PLC, *et al.*,<br>    Defendants. | Civil Action No. 5:22-cv-00171-JPB<br>Judge John P. Bailey |

**DEFENDANT EQT'S REPLY IN SUPPORT OF ITS
MOTION TO COMPEL COMPLIANCE AND ENFORCE STIPULATION**

A stipulation is a judicial admission that is binding on the parties who enter it. Parties are not free to disregard the commitments they make in a stipulation, and a court should not overlook the parties' agreements contained in a stipulation. Yet, Plaintiffs are seeking to accomplish both of those things as they disclaim any obligation to produce the discovery they unequivocally committed to produce in the Stipulation filed with this Court on January 27, 2022. ECF No. 114.

In the Stipulation, Plaintiffs represented to this Court that they "agreed to produce a privilege log or logs identifying certain materials responsive to EQT's First Discovery Requests, particularly as related to Bryan 'Wayne' Bowman II and Brian Swiger." *Id*. Now, Plaintiffs want to get out of that promise. Rather than deny that they entered this agreement with EQT—because they cannot—they ask the Court to selectively read Plaintiffs' agreement to produce the privilege logs out of the Stipulation. Indeed, Plaintiffs urge the Court to focus only on the "name of the document" or the "final line" of the stipulation. And they mischaracterize their unmistakable agreement to produce the privilege logs as "prefatory" and "conditional." Plaintiffs' agreement to produce the privilege logs was foundational to the Stipulation, and this Court should decline

1

Plaintiffs' invitation to toss it aside. In sum, the Court should reject Plaintiffs' efforts to disclaim the agreement they entered into and included as part of the Stipulation, and it should require Plaintiffs to produce the privilege logs they promised to.

**A. The Information EQT Seeks Continues to be Relevant.**

Plaintiffs predictably assert that the information they would be required to produce in the privilege logs is "no longer relevant" because of this Court's rulings on the motions to disqualify. Plaintiffs misapprehend relevance and how it applies to the discovery that EQT seeks.

The Federal Rules of Civil Procedure provide for "[l]iberal discovery" to assist parties in "the preparation and trial, or the settlement, or litigated disputes." *Hughes v. Sears, Roebuck & Co.*, No. 2:09-CV-93, 2011 WL 2671230, at *3 (N.D.W. Va. July 7, 2011) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984) (alteration in original)). Rule 26(b)(1) provides the scope of relevance for purposes of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Information is relevant, and thus discoverable, for purposes of discovery if it "bears on, or . . . reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case. Although 'the pleadings are the starting point from which relevancy and discovery are determined . . . [r]elevancy is not limited by the exact issues identified in the pleadings, the merits of the case, or the admissibility of discovered information." *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 199 (N.D.W. Va. 2000) (internal citations omitted). Depending upon the needs of the particular case, "the general subject matter of the litigation governs the scope of

2

relevant information for discovery purposes." *Id.*

Plaintiffs' counsel do not dispute that their ethics and potential conflicts of interest are relevant to their adequacy as proposed class counsel—a finding the Court must make to appoint them to represent the putative class. And they fail to cite any facts or case law that suggest the information sought in the privilege log would not bear on that critical issue. Put simply, Plaintiffs' counsel cannot simultaneously seek to represent the putative class in this case, while also resisting discovery concerning the adequacy of their representation. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 n.5 (2011) (adequacy of representation requirement addresses "concerns about the competency of class counsel and ***conflicts of interest***" (emphasis added)).

Rather than dispute that the information EQT seeks is relevant to the issue of their adequacy of representation, Plaintiffs baldly assert that that EQT has "presented no evidence" of an "ethical violation that would affect their adequacy of counsel." ECF No. 222 at 3. But that is precisely the purpose of discovery—to uncover relevant evidence that is in the producing party's possession, but that is not in the seeking party's possession. The privilege logs that EQT seeks, and that Plaintiffs had previously stipulated, agreed, and represented to this Court that they would produce, bear on the issue of Plaintiffs' counsels' adequacy to represent the putative class in this case and are therefore relevant.

In addition, Plaintiffs' reliance on the "law of the case doctrine" makes no sense in the context of the instant motion. In *United States v. Chidester*, a co-defendant filed a motion to suppress evidence obtained in connection with a traffic stop, despite the Court already finding, in connection with another co-defendant's motion to suppress, that the traffic stop at issue was not illegal. *See* No. 2:14-CR-05-3, 2014 WL 2040060, at *3 (N.D.W. Va. May 19, 2014). The co-defendant was prohibited by the law of the case doctrine from "relitigating the legal issue" of

whether a traffic stop was illegal. *Id.*

Plaintiffs' invocation of the law of the case doctrine is a strawman that does not withstand scrutiny. EQT does not rely on, let alone mention, the motions to disqualify as a justification of seeking the privilege logs. And the instant Motion does not invoke the merits of the motions to disqualify, and it certainly does not ask the Court to reconsider its decisions on the motions to disqualify. Plaintiffs' claim that the instant Motion "repackage[s] old arguments to challenge the Court's prior determinations" is baseless ploy to get out of their agreement to produce the privilege logs.

Put simply, the law of the case doctrine has no application here. EQT does not seek to relitigate the motions to disqualify—it is seeking discovery that is plainly permitted under the Federal Rules of Civil Procedure and required pursuant to the Stipulation dated January 27, 2023. Discovery that relates to Plaintiffs' counsels' adequacy as class counsel falls within the broad scope of Rule 26(b) and is, in fact, directly relevant to the requirements for class certification pursuant to Rule 23. In any event, nothing prohibits EQT from having this Court reconsider the motions to disqualify if through discovery EQT uncovers "additional facts in support of the motion[s]." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 378 n.13 (1981). Thus, Plaintiffs should be required to produce the privilege logs they agreed to in the Stipulation.

### B. The Stipulation is a Basis to Compel Discovery.

Plaintiffs claim that their agreement to produce the privilege logs was "conditional" on the motions to disqualify, such that any right to the privilege logs that EQT may have had to the privilege logs no longer exists. ECF No. 222 at 4. Plaintiffs do not identify any language in the Stipulation, or in their discovery responses for that matter, which limit their agreement to produce the privilege logs to the outcome of the motions to disqualify. Of course they do not because they

4

cannot: it does not exist. Their agreement was unconditional and should be enforced as such.[1] *See United States v. Lentz*, 419 F. Supp. 2d 843, 845 (E.D. Va. 2006) (stipulation not "expressly limited"); *Summum v. Pleasant Grove City*, No. 2:05CV00638, 2006 WL 3421838, at *2 (D. Utah Nov. 22, 2006) (stipulation "both absolute and unequivocal"). Accordingly, the Stipulation continues to bind the parties and the Court should compel Plaintiffs to comply with the Stipulation by producing the agreed-upon privilege logs.

### C. Plaintiffs Will Not Suffer Undue Burden.

Plaintiffs' arguments that complying with the Stipulation is overly burdensome fails for at least two reasons. ***First***, it ignores the fact that Plaintiffs ***already agreed to produce the privilege logs***. Plaintiffs cannot now seek to undo their agreement by claiming burden. *See Greenbrier Hotel Corp. v. Unite Here Health*, No. CIV.A. 5:13-11644, 2015 WL 1637754, at *13 (S.D.W. Va. Apr. 13, 2015) ("The undersigned finds that despite Defendants' objections [of burden], they have agreed to produce responsive information. Accordingly, to the extent that Defendants have not provided the requested information, they shall do so[.]").

***Second***, Plaintiffs' claim of burden is disingenuous in light of the voluminous discovery they have sought and obtained in this case. Hundreds of thousands of documents have already been produced to Plaintiffs, and so they are in no position to claim it is somehow not proportional for them to review "50,000 documents" to fulfill a promise they made to EQT and filed with the Court by Stipulation. ECF No. 222 at 6. Requiring Plaintiffs to produce the privilege logs as they promised to do is both relevant and proportional to the needs of this case.

---

[1] Plaintiffs make a passing reference to circumstances where "[r]elief from a stipulation" might be appropriate. See ECF No. 222 at 5. This is a red herring, as Plaintiffs have not raised ***any*** argument or grounds for setting the Stipulation aside and doing so is therefore not an issue before the Court.

## CONCLUSION

For the foregoing reasons, EQT respectfully requests that the Court grant its Motion to Compel Compliance and Enforce Stipulation.

Respectfully submitted,                                         Dated:  April 20, 2023

 */s/ Jennifer J. Hicks*
Jennifer J. Hicks, Esquire (WVSB #11423)
Tiffany M. Arbaugh, Esquire (WVSB #9982)
**BABST, CALLAND, CLEMENTS AND ZOMNIR, P.C.**
300 Summers Street, Suite 1000
Charleston, WV 25301
Phone:   (681) 205-8888
Fax:        (681) 205-8814
Email:    jhicks@babstcalland.com
                tarbaugh@babstcalland.com

Mark K. Dausch, Esquire (WVSB #11655)
Chelsea R. Heinz, Esquire (WVSB #12406)
**BABST, CALLAND, CLEMENTS AND ZOMNIR, P.C.**
603 Stanwix Street
Pittsburgh, PA  15222
Phone:   (412) 394-5655
Fax:        (412) 394-6579
Email:    mdausch@babstcalland.com
                cheinz@babstcalland.com

*Counsel for Defendants EQT Production Company, EQT Production HTW, LLC, EQT Energy LLC, EQT Investment Holdings, LLC, EQT Gathering, LLC, and EQT Corporation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION**

MARK McEVOY, *et al.*,

        Plaintiffs,

v.                                                              Civil Action No. 5:22-cv-00171-JPB
                                                                Judge John P. Bailey

DIVERSIFIED ENERGY COMPANY, PLC,
*et al.*,

        Defendants.

**CERTIFICATE OF SERVICE**

The undersigned, as counsel for Defendants EQT Production Company, EQT Production HTW, LLC, EQT Energy LLC, EQT Investment Holdings, LLC, EQT Gathering, LLC, and EQT Corporation hereby certifies that a true and correct copy of the foregoing *Defendant EQT's Reply in Support of its Motion to Compel Compliance and Enforce Stipulation* was filed this 20th day of April 2023, through this Court's CM/ECF System, which will send a notice of the electronic filing to the following:

William S. Flynn, Esquire
Brian R. Swiger, Esquire
Brian A. Glasser, Esquire
John W. Barrett, Esquire
Athanasios Basdekis, Esquire
Benjamin J. Hogan, Esquire
Kevin W. Barrett, Esquire
**Bailey & Glasser, LLP**
209 Capitol Street
Charleston, WV 25301
wflynn@baileyglasser.com
bswiger@baileyglasser.com
bglasser@baileyglasser.com
jbarrett@baileyglasser.com
tbasdekis@baileyglasser.com
bhogan@baileyglasser.com
kbarrett@baileyglasser.com

Panida A. Anderson, Esquire
**Bailey & Glasser, LLP - DC**
1055 Thomas Jefferson St. NW
Suite 540 Washington, DC 20007
panderson@baileyglasser.com

Joseph M. Lovett, Esquire
Benjamin A. Luckett, Esquire
J. Michael Becher, Esquire
**Appalachian Mountain Advocates**
P.O. Box 507
Lewisburg, WV 24901
jlovett@appalmad.org
bluckett@appalmad.org
mbecher@appalmad.org

*Counsel for Plaintiffs and Proposed Class*

Howard M. Persinger, III, Esquire
**Persinger & Persinger, L.C.**
237 Capitol Street
Charleston, WV 25301
Hmp3@persingerlaw.com
*Counsel for Defendants Diversified Energy Company, PLC,
Diversified Gas & Oil, PLC, Diversified Production, LLC,
Diversified Gas & Oil Corporation, Diversified Oil and Gas LLC and
Alliance Petroleum Corporation*

Ragan Naresh, P.C.
Daniel T. Donovan, P.C.
**Kirkland & Ellis, LLP**
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
ragan.naresh@kirkland.com
daniel.donovan@kirkland.com
*Counsel for Defendants Diversified Energy Company, PLC,
Diversified Gas & Oil, PLC, Diversified Production, LLC,
Diversified Gas & Oil Corporation, Diversified Oil and Gas LLC and
Alliance Petroleum Corporation*

George A. Patterson, III, Esquire
Patrick C. Timony, Esquire
Evan G. Conrad, Esquire
Bowles Rice LLP
600 Quarrier Street
Charleston, WV 25301
gpatterson@bowlesrice.com
ptimoney@bowlesrice.com
econrad@bowlesrice.com
*Counsel for Gas and Oil Association of WV, Inc.*

    */s/ Jennifer J. Hicks*
    Jennifer J. Hicks (WVSB #11423)