IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

FILED

APR 28 2023

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

MARK MCEVOY, et al., individually and on behalf of a proposed class,

Plaintiffs,

v.

CIVIL ACTION NO.: 5:22CV171
(BAILEY)

DIVERSIFIED ENERGY COMPANY PLC, et al.,

Defendants.

## ORDER DENYING EQT'S MOTION [208] TO COMPEL COMPLIANCE AND ENFORCE STIPULATION

Currently pending before the Court is EQT'S Motion [208] to Compel Compliance and Enforce Stipulation, filed April 5, 2023. Briefing is complete, and an Oral Argument/Evidentiary Hearing was held on April 24, 2023. After considering the briefs, the applicable law, and the Court file, and after considering the arguments made during the hearing, the Court is satisfied that EQT's Motion should be denied.

As the parties know, Plaintiffs allege that Defendants fraudulently transferred gas wells in July 2018 and May 2020. Plaintiffs allege that the wells which were the subject of those transfers need to be remediated and plugged. Plaintiffs also bring this suit to enforce property rights under theories of nuisance, trespass, and negligence. ECF No. 96.

The instant Motion concerns discovery EQT propounded upon Plaintiffs on October 23, 2022, i.e., EQT's First Set of Discovery Requests for Production of Documents. According to EQT, EQT sought documents and communications regarding Mr. Swiger's and Mr. Bowman's prior employment at and/or work for EQT, rather than unrelated work for this

case.[1] The following discovery requests are at issue: RPD Nos. 2, 4, 5, and 6, and specifically a privilege log of the documents requested.[2]

During the meet and confer process, Plaintiffs agreed to produce a privilege log in response to these discovery requests. On January 27, 2023, the parties entered into a Stipulation (ECF No. 114 – "Stipulation Enlarging Time to File Motions to Compel") which extended the time for Defendants to file a Motion to Compel until twenty-one (21) days after Defendants received a privilege log identifying communications of Mr. Bowman and Mr. Swiger in response to EQT's First Discovery Requests.

Almost two (2) weeks prior, on January 13, 2023, EQT filed its Motion to Disqualify Plaintiffs' Counsel Related to Brian Swiger. ECF No. 99. On January 23, 2023, EQT filed its Motion to Disqualify Plaintiffs' Counsel Related to Bryant Wayne Bowman, II. ECF No. 106. On February 22, 2023, the Court denied both of these Motions. ECF Nos. 155 and 156. On March 8, 2023, through Supplemental Answers to Defendants' First Set of Discovery Requests, Plaintiffs refused to provide a privilege log, asserting that the documents sought are only relevant to EQT's Motions to Disqualify, which had been denied by the Court. ECF No. 222-2. On April 5, 2023, EQT filed the instant Motion.

EQT argues that the documents and the privilege log are relevant to EQT's argument that Plaintiffs' counsel should be disqualified and EQT's attempts to file a Motion for Reconsideration of the Court's rulings. EQT further argues that the documents and the privilege log are relevant to Plaintiffs' counsel's fitness as class counsel. EQT maintains that Plaintiffs stipulated and agreed to produce the privilege log and cannot avoid this obligation under the stipulation.

---

[1] Notwithstanding this representation, RPD Nos. 2 and 4, as written, appear to include communications regarding work on this case.
[2] The discovery requests are set forth verbatim in EQT's Motion. For the sake of brevity, and because EQT is only moving to compel a privilege log, the discovery requests will not be reproduced here.

2

Plaintiffs argue that these discovery requests are not relevant to any pending issues in the case but are only relevant to the issue of whether Plaintiffs' counsel should be disqualified. This issue has already been decided by the District Court. Plaintiffs further argue that the stipulation does not provide a basis on which to compel Plaintiffs to provide a privilege log. Plaintiffs argue that the stipulation's effect is to enlarge the time to file a motion to compel, not to obligate Plaintiffs to provide a privilege log. For the reasons that follow, the Court would agree with Plaintiffs.

### A. Stipulation

The Stipulation which is the subject of EQT's Motion is filed at ECF No. 114. A review of the same reveals that EQT and Plaintiffs "stipulated and agreed to an extension to the time period set forth in LR Civ P 37.02(b) to file motions to compel with respect to EQT's First Discovery Requests." ECF No. 114 at p. 1. This agreement is also captured on page 2 of the stipulation, which provides that "IT IS THEREFORE STIPULATED AND AGREED that EQT's deadline to file motions to compel shall be 21 days from the date that counsel for EQT in this case receives Plaintiffs' final privilege log identifying communications of Mr. Bowman and Mr. Swiger in response to EQT's First Discovery Requests." The clear intent of this stipulation is to extend the deadline for EQT to file any motion to compel so that Plaintiffs and EQT may "avoid any dispute over the timeliness of a motion to compel production of documents." *Id.* at p. 1. In other words, the point of the stipulation is not the privilege log, but the deadline to file a motion to compel. Thus, there is nothing to enforce vis-à-vis the privilege log.

## B. Relevance

Even assuming that the Stipulation constitutes an agreement that Plaintiffs would produce a privilege log, the Court would nevertheless find that such an agreement is moot because it is irrelevant to the currently pending claims, defenses, and issues in this case.

### 1. Disqualification

EQT first argues that it must be able to discover documents which could be relevant to the disqualification issues and any Motion for Reconsideration EQT may file asking the District Court to reconsider its denials of EQT's Motions to Disqualify. The Court is not persuaded by this argument. The District Court denied EQT's Motions to Disqualify Counsel (ECF Nos. 155 and 156) over two months ago (February 22, 2023). Therefore, the issues on which EQT seeks discovery have been resolved, and EQT provides no evidence to support its argument that any of the documents that may be contained in the privilege log would be relevant to EQT's Motion for Reconsideration. Given the current posture of the case as to the disqualification issue, the possibility of finding something that may be relevant to EQT's Motion for Reconsideration is not enough to compel Plaintiffs to provide the privilege log EQT seeks. *See Philips North America LLC v. Probo Medical LLC*, 2022 WL 17793491, at * 3 (S.D.W. Va. Dec. 19, 2022) ("[f]ishing expeditions that…are based purely on unsupported speculation are improper"). *See also Alvarado v. GC Dealer Servs. Inc.*, 2018 WL 6322188, at * 4 (E.D.N.Y. Dec. 3, 2018) (denying Defendants' discovery request because Defendants were only speculating how these documents could help them prepare a defense).

EQT argues that Plaintiffs' representation that they were working on the privilege log was a ruse to delay production of the privilege log and then reverse course on the agreement later. The

Court is not persuaded by this argument. EQT filed their Motions to Disqualify prior to receiving the privilege log. Thus, EQT determined the timing of these events, not Plaintiffs.

EQT argues that it may file a Motion for Reconsideration if new evidence comes to light. However, in this instance, EQT has not pointed to any new evidence, and EQT cannot say definitively what it believes it will find in the privilege log – only that it 'may' contain new evidence. Again, the speculative nature of EQT's argument does not justify the result it seeks.

EQT's Motions to Disqualify also demonstrate the speculative nature of EQT's current Motion. EQT did not argue in either Motion that the privilege log is necessary and/or relevant to the issues of disqualification, and EQT did not move for a stay of the Court's rulings on its Motions to Disqualify pending receipt of the privilege log.[3] *See* ECF Nos. 99 and 106.[4]

EQT argues that Plaintiffs waived their ability to object to providing the privilege log on the basis of relevance, regardless of the District Court's rulings. This Court does not agree. The District Court's ruling on EQT's Motions to Disqualify Counsel changed the landscape of the case by eliminating pending issues. This situation is analogous to the granting in part of a motion to dismiss, i.e., dismissing certain pending legal claims but not all. Discovery would not continue on a legal claim that has been dismissed. *See* Fed. R. Civ. P. 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). This is true here.

---

[3] EQT did, however, move for a protective order to protect EQT against Plaintiffs' discovery requests while the Motions to Disqualify were pending. ECF No. 112.
[4] EQT's Motion to Disqualify Mr. Bowman (ECF No. 106) does not appear to mention the privilege log.

## 2. Fitness for Class Counsel

EQT argues that Plaintiffs should be compelled to provide the privilege log because the documents that may be contained therein could be relevant to the issue of fitness for class counsel pursuant to Fed. R. Civ. P. 23. The Court is not persuaded by this argument.

"A class action is appropriate only when both class representatives and class counsel adequately protect the interests of the class." *Bell v. Brockett*, 922 F.3d 502, 510 (4th 2019). Courts must appoint class counsel when a class is certified. *Id.* The court must consider the following factors before appointing class counsel: the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g).

Courts may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Bell*, 922 F.3d at 511 (quoting Fed. R. Civ. P. 23(g)(1)(B)). Ethical violations may call into doubt counsel's competence to serve as class counsel. *See Walter v. Palisades Collection, LLC*, 2010 WL 308978, at *10 (E.D. Pa. 2010) ("Prior unethical conduct is a relevant consideration pursuant to certification under Rule 23(a)(4)"). Counsel's actions in a present action prior to a motion for class certification may also be considered. *Jimenez v. Domino's Pizza, Inc.*, 238 F.R.D. 241, 248 (C.D. Cal. 2006) ("an attorneys' ethics in handling the suit are relevant considerations in determining the adequacy of counsel").

In the instant case, Defendants argue that, with respect to class counsel's fitness, the privilege log is relevant to the issue of "whether, and to what extent, [Mr.] Swiger's and [Mr.] Bowman's involvement in this case is giving rise to ethical concerns" because "a privilege log

6

would allow EQT, and the Court, to better determine whether Swiger or Bowman shared EQT's confidential information with Plaintiffs' counsel." ECF No. 208 at p. 13-14. It appears, however, that these issues have already been resolved. *See* ECF No. 155 at p. 10, District Court's Order Denying Defendants' Motion [99] to Disqualify Plaintiffs' Counsel Related To Brian Swiger ("EQT has failed to sustain its burden of establishing that the present litigation is substantially related to Mr. Swiger's prior representations of EQT....EQT has not indicated what, if any, confidential information Mr. Swiger may have obtained in his prior representation that would be relevant to the present case."). *See also* ECF No. 156 at p. 14, District Court's Order Denying Defendants' Motion [106] to Disqualify Plaintiffs' Counsel Related to Bryant Wayne Bowman II ("This Court finds no ethical violation on the part of Mr. Bowman or the plaintiffs' law firms."). Moreover, Defendants have not demonstrated in any meaningful way that evidence of ethical violations will be found in the privilege log that they seek. Given this, and in light of the District Court's Orders, the undersigned cannot compel production of the privilege log as relevant to the issue of fitness for class counsel.

## C. Conclusion

Accordingly, and for all of the foregoing reasons, Defendants' Motion [208] to Compel Compliance and Enforce Stipulation is **DENIED**.

It is so **ORDERED**.

Any party may, within **FOURTEEN DAYS** of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge

7

of Record. Failure to timely file objections to the Order set forth above will result in a waiver of the right to appeal from a judgment of this Court based upon such an Order.

The Court **DIRECTS** the Clerk of the Court to serve a copy of this Order upon any *pro se* party by certified mail, return receipt requested, and upon counsel of record herein.

Dated: 4/28/2023

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE