IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

MARK MCEVOY, et al., individually and
on behalf of a proposed class,

                   Plaintiffs,

                                        Civil Action No. 5:22-cv-171

v.                                    The Honorable John P. Bailey

DIVERSIFIED ENERGY COMPANY PLC,
et al.,

                   Defendants.

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO QUASH OR, IN THE ALTERNATIVE,
FOR PROTECTIVE ORDER REGARDING THE SUBPEONAS
SERVED ON LUKE PLANTS AND PLANTS AND GOODWIN, INC.**

      Plaintiffs file this Memorandum of Law in Support of their Motion to Quash, or in the

Alternative for Protective Order Regarding, the Subpoenas Served on plaintiffs retained expert

Luke Plants (ECF No. 216) and his company Plants and Goodwin, Inc. (ECF No. 215)

(collectively, the "Plants Subpoenas"). The Defendants' oppressive subpoenas seeking discovery

of Plaintiffs' expert witness disregard the reality that this case is governed by the Federal Rules

of Civil Procedure and is subject to this Court's Scheduling Order, both of which limit the scope

and timing of permissible discovery from Plaintiffs' experts. Defendants' Rule 45 subpoenas

constitute an impermissible end-run around Rule 26's limitations on discovery of a party's

retained experts.

      Plaintiffs respectfully request that the Court quash the third-party subpoenas.

Alternatively, if it finds that Plaintiffs lack standing to file a motion to quash on behalf of their

expert, the Court should quash the subpoenas under its own power or otherwise enter a protective

order making clear that discovery from Plaintiffs' expert Luke Plants directly or by way of his

company is limited by Rule 26 and the Court's Scheduling Order, such that no response to the subpoenas are required.

## BACKGROUND

As is clear from the face of the Subpoenas and Defendants' previous filings, Defendants are aware that Plaintiffs have retained Luke Plants as an expert regarding well-plugging matters at issue in this case. *See*, *e.g.*, ECF. No 218. The Plants Subpoenas seek voluminous and wide-ranging information related to Mr. Plants and his well plugging business Plants and Goodwin, of which he is the Chief Operating Officer. The subpoena of Plants and Goodwin specifically seeks much of the same information it seeks from Mr. Plants personally, as well as documents related to his cost estimates for the company's plugging jobs. The Subpoenas request essentially all of Mr. Plants' business records (ECF. No. 215-1 ¶¶ 2–7; ECF No. 216-1 ¶¶ 12), his entire file related to this case (ECF. No. 215-1 ¶¶ 1, 8, 13, 14; ECF No. 216-1 ¶¶ 1, 2, 7, 12), and a wide array of communications, including *all* communications with Plaintiffs' attorneys (ECF. No. 215-1 ¶¶ 1, 8–14; ECF No. 216-1 ¶¶ 1–7), and payments from Plaintiffs' attorneys (ECF. No. 215-1 ¶ 15; ECF No. 216-1 ¶ 15).

On April 21, 2023, Plaintiffs notified Diversified that the subpoenas were an inappropriate means to obtain information from their expert and requested a meet and confer on the issue. Ex. A. In response, Diversified took the position that the subpoenas were proper because Mr. Plants is a "fact witness." Ex. B. The parties met and conferred on these issues on April 28, 2023, where Diversified attempted to support their position that Mr. Plants is somehow a fact witness by stating that he once sat on a committee with Ted Boettner, who authored a public report on Diversified cited in Plaintiffs' Amended Complaint  (ECF No. 96), and that Diversified believes he provided some unidentified information used in that report. Diversified

failed to explain how its requests seeking essentially all of Mr. Plants' business records and his communications with Plaintiffs' counsel might relate to Mr. Plants' purported role as a fact witness.[1] Unable to come to a resolution, Plaintiffs now file this motion to protect their expert witness from improper discovery that violates the Court's Scheduling Order and exceeds the scope of permissible discovery under Rule 26.

ARGUMENT

I.   **Under Rule 26 and the Court's Scheduling Order, Defendant's Rule 45 Subpoenas Seeking Discovery of Plaintiffs' Expert Witness Are Improper.**

Although Rule 45 grants broad authority to issue subpoenas to non-parties for the production of documents, that authority is constrained by the limitations on discovery from a party's retained experts as set forth in Rule 26. The Plants Subpoenas go far beyond those limitations.

A.      **Defendants Are Constrained by Rule 26 when Seeking Discovery of Plaintiffs' Experts.**

Rule 26 generally allows discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). However, the Rule places certain specific limitations on the *timing and scope* of such discovery, specifically in relation to testifying expert witnesses.

With regard to timing, Rule 26(a)(2)(D) states that a party is required to disclose its expert reports only "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Depositions, and any subpoenas for documents, of testifying experts who will submit a report, like Mr. Plants, are permitted only *after* submission of the report. Fed. R. Civ. P.

---

[1] Following the meeting, Plaintiffs provided to Defendants the date that they began consulting with Luke Plants in anticipation of this litigation, as requested by Defendants. That date is August 18, 2022. Ex. C. Plaintiffs also requested that Defendants provide any further justification for their claim that Mr. Plants is a fact witness. *Id.* As of the time of filing, Defendants have not responded.

26(b)(4)(A). Requiring disclosure of information from an expert prior to the deadlines established through Rule 26 is improper because a "party is free to make, as well as to revise, strategic decisions regarding which witnesses will testify at any time up until the court imposed designation deadline." *Perry v. United States*, No. 3:96-cv-2038-T, 1997 WL 53136, at *3 (N.D. Tex. Feb. 4, 1997). Mr. Plants' expert report will contain much of the information sought in the Plants Subpoenas—including everything he reviewed and considered in forming his opinions. *See* Fed. R. Civ. P. 26(a)(2)(B).

As to scope, Rule 26(b)(4)(B) protects an expert witness from having to disclose drafts of its reports and restricts material that might otherwise be discoverable. Fed. R. Civ. P. 26(b)(4)(B). Additionally, Rule 26(b)(4)(C) protects from disclosure any communications between a party's counsel and its experts "except to the extent that the communications: (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed." Fed. R. Civ. P. 26(b)(4)(C); *see also* 2010 Advisory Committee's Notes to Fed. R. Civ. P. 26 (explaining that "Rule 26(b)(4) [wa]s amended to provide work-product protection against discovery regarding draft expert disclosures or reports and — with three specific exceptions — communications between expert witnesses and counsel"). Defendants may not evade Rule 26's limitations through the use of Rule 45 subpoenas that seek expert disclosures far in advance of the deadline for such disclosures in the Court's Scheduling Order and in excess of what is required by Rule 26.

The seminal case recognizing that Rule 26(b)(4)'s limitations apply to Rule 45 subpoenas issued to a party's expert, which has been followed widely, is *Marsh v. Jackson*, 141 F.R.D. 431

4

(W.D. Va. 1992). In *Marsh*, the court granted a plaintiff's motion to quash two Rule 45

subpoenas *duces tecum* issued by counsel for the defendant to two of the plaintiffs' expert

witnesses which, like the Defendants' subpoenas, sought the experts' "entire files related to the

plaintiff." *Id*. at 431, 433. The court rejected the defendant's argument that Rule 26's limitations

did not apply to subpoenas issued to any non-party under Rule 45. It explained that, in contrast to

non-parties who are not retained experts, "Rule 26(b)(4) remains a limitation on the right of

access by an opposing party to the evidence of experts who have been retained to testify in the

case, and . . . the discovery of the facts and opinions of those experts cannot obtain solely under

Rule 45 where, as here, a bare subpoena *duces tecum* has issued for the experts' files." *Id*. at 432.

The court, in deciding *Marsh*, relied in part on the Advisory Committee's comment to the

1991 amendments to Rule 45, which expressly stated that the Rule's allowance for discovery of

information from non-party, non-expert witnesses do not apply to "to the expert retained by a

party, whose information is subject to the provisions of Rule 26(b)(4)." *Id.* at 433 (quoting 1991

Advisory Committee Notes to Rule 45(c)). The court concluded:

> Rule 26(b)(4) and, concurrently, Rule 30, traditionally have been seen as limitations
> on the methods by which information may be discovered from experts retained by
> a party. None of the methods of discovery allowed under Rules 26(b)(4) and 30
> permit the use of bare Rule 45 subpoenas *duces tecum.* Instead, they operate as a
> control, or brake if you will, on the potential runaway use of the subpoena *duces
> tecum* to compel the production of the evidence of experts retained by a party to
> testify at trial. These methods are tried and true. They both are simple and provide
> protection for the parties and witnesses. **They contemplate gathering information
> first from the party *viz* Rule 26(b). In the event a party wishes to deal directly
> with the opponent's expert, Rule 30 permits the use of a deposition. In
> conjunction with that deposition, the expert might be served also with a Rule
> 45 subpoena *duces tecum* requiring him to produce a designated list of
> materials or things.** The most important attribute of these discovery methods is
> that they protect the interests of the expert and the party retaining him in the work
> that he has produced, while also providing access to the opposing party[.]

*Id.* at 433; *accord Ambrose v. Southworth Prod. Corp.*, No. 95-cv-0048-H, 1997 WL 470359, at

*1 (W.D. Va. June 24, 1997). And that makes good sense. Otherwise, Rule 45 would swallow

the limitations set forth in Rule 26(b)(4) and render it superfluous.

Numerous courts have adopted *Marsh*'s logic. *See Alper v. United States*, 190 F.R.D.

281, 283 (D. Mass. 2000) ("Given the fact that Dr. Becker is Defendant's expert, the documents

which Plaintiff seeks from him may be considered to be within Defendant's control. Hence, Rule

34, not Rule 45, would appear to apply."); *Perry*, 1997 WL 53136, at *1 ("[R]ule 26(b)(4)

governs a party's access to the opposing party's experts. *See* Fed. R. Civ. P. 26(b)(4). A party

may not circumvent the limitations of Rule 26 and gain access to opposing expert evidence via a

bare subpoena *duces tecum*."); *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 177 F.R.D.

443, 443 (D. Minn. 1997) ("We conclude that Rule 45 Subpoenas, which are intended to secure

the pretrial production of documents and things, are encompassed within the definition of

'discovery,' as enunciated in Rule 26(a)(5) and, therefore, are subject to the same time

constraints that apply to all of the other methods of formal discovery."); *Greer v. Anglemeyer*,

No. 3:93-cv-649RP, 1996 WL 56557, at *2–3 (N.D. Ind. Jan. 5, 1996); *Hartford Fire Ins. Co. v.*

*Pure Air on the Lake Ltd. P'ship*, 154 F.R.D. 202, 208 (N.D. Ind. 1993) ("Rule 45 of the Federal

Rules of Civil Procedure cannot be utilized for obtaining an expert's files where Rule 26(b)(4)

remains the limitation on discoverability."); *Quaile v. Carol Cable Co.*, No. 90-cv-7415, 1992

WL 277981, at *2 (E.D. Pa. Oct. 5, 1992) ("[A] subpoena under [Rule] 45, with respect to

experts expected to be called at trial, is limited by [Rule] 26. . . . Accordingly, this Court in

considering the validity of the subpoena *duces tecum,* must determine whether the document

requests meet the limitations of [Rule] 26 as well as [Rule] 45."). A party cannot gain early

access to expert discovery through a Rule 45 subpoena.

The Plants Subpoenas plainly conflict with the limitations of Rule 26 and the reasoning in *Marsh*. First and most fundamentally, Defendants seek much of the information that would be contained in Mr. Plants' expert report far in advance of the date by which Plaintiffs are required to make their expert disclosures. Defendants' sweeping subpoenas seek to require Mr. Plants to produce not only his entire case file, but also most of his business records and all of his communications with Plaintiffs' counsel, by May 3, 2023. ECF No. 215 at 4; ECF No. 216 at 4. In contrast, the Court's Scheduling Order establishes September 1, 2023, as the deadline for expert disclosures, nearly *four full months* after Defendants' subpoena deadline. ECF No. 70 at 2.

The discovery of Mr. Plants that Defendants are entitled to will be produced, when appropriate, as part of Plaintiffs' expert disclosures. *See* Fed. R. Civ. P. 26(a)(2)(B). However, were the Plants Subpoenas allowed to stand, they would effectively allow Defendants to impose on Plaintiffs and their expert a new deadline for expert disclosures of Defendants' choosing, in contravention of the Court's Scheduling Order and the Federal Rules. *See* Fed. R. Civ. P. 26(a)(2)(D) (Expert disclosures are to be made "at the times and in the sequence that the court orders."). Furthermore, Plaintiffs may still decide to use Mr. Plants only as a consulting expert, in which case much of the requested information would be protected from disclosure. *See* Fed. R. Civ. P. 26(b)(4(D). Defendants' subpoenas effectively force Plaintiffs to cement this decision prior to the deadline in the Court's Scheduling Order. *But see Perry*, 1997 WL 53136, at *3.

Further, the Plants Subpoenas seek far more information than Defendants are entitled to in expert discovery. The Subpoenas seek, among other more specific information, all "[d]ocuments and communications in your possession, custody, or control regarding Diversified from July 1, 2016, to the present." ECF No. 215-1 ¶ 1; ECF No. 216-1 ¶ 2. This request, as well as several of the more specific requests, is so broad as to include all of Mr. Plants' files regarding

7

Diversified, including drafts of reports and other disclosures, which are specifically protected

from disclosure under Rule 26(b)(4)(B). *See also* ECF No. 216-1 ¶ 12. Defendants also

specifically request all communications with Plaintiffs' counsel, which are protected by Rule

26(b)(4)(C) with very few exceptions. ECF No. 215-1 ¶¶ 11, 12; ECF No. 216-1 ¶¶ 5, 6.

The Plants Subpoenas are clearly improper vehicles for the discovery of Plaintiffs' case.

*See Marsh*, 141 F.R.D. at 433 ("[T]ried and trued" discovery methods "contemplate gathering

information first from the party viz Rule 26(b). In the event a party wishes to deal directly with

the opponent's expert, Rule 30 permits the use of a deposition."). The Court should determine

that the Plants Subpoenas violate Rule 26 and upend the Court's Scheduling Order. Thus, the

Court should grant Plaintiffs' motion to quash.

**B.      The Subpoenas Are Not Justified by Defendants' Claim That Mr. Plants is a Fact Witness.**

Black's Law Dictionary defines a fact witness as "a witness who has firsthand knowledge

of something based on the witness's perceptions through one of more of the five senses."

WITNESS, Black's Law Dictionary (11th ed. 2019); *see also* Advisory Committee Notes to

1970 Amendments to Rule 26 (distinguishing between experts whose information was acquired

in preparation for trial with those that were "an actor or viewer with respect to transactions or

occurrences that are part of the subject matter of the lawsuit"). Defendants' only basis for their

claim that Mr. Plants is a fact witness—*i.e.* that he has first-hand knowledge of the transactions

or occurrences that form the subject matter of the lawsuit—is that he sat on a committee with

Ted Boettner, author of a report on Diversified cited in Plaintiffs' complaint ("the Boettner

Report"),[2] and they believe he provided information used in that report. Defendants' flimsy

---

[2] *See* ECF No. 96 ¶ 8 (citing Ted Boettner, et al., *Diversified Energy: A Business Model Built to Fail Appalachia*, Ohio River Valley Institute (Apr. 2022).

claim cannot support their sweeping requests to Mr. Plants and his company, which seek

information far beyond that which could arguably relate to Mr. Plants' involvement in the

Boettner Report.

Defendants do not claim that Plants and Goodwin, Inc. was itself in any way a fact

witness. The subpoena to Plants and Goodwin on that basis is thus entirely inappropriate.

As to Mr. Plants, the subpoena seeks information far beyond that which could even

arguably relate to any role he played in the creation of the Boettner Report. As stated above, the

subpoena seeks, among other things, nearly all of his business records, all documents related to

Diversified, all communications with Plaintiffs' counsel, and payment information and retention

agreements specifically related to his role as an expert witness in this matter. Defendants cannot

argue with a straight face that their subpoena is designed to obtain information relating to Mr.

Plants' purported role as a fact witness.

Finally, the potential relevance of any of Mr. Plants' first-hand observations related to

creation of the Boettner Report—and Plaintiffs are not aware of any such observation—is

outweighed by the burden of production and harm to Plaintiffs from interference with their

expert. Plaintiffs relied on the findings of the Boettner Report to provide part of the good faith

basis on which they made the allegations in their complaint. But they will not rely that report to

make their case in chief; instead, they intend to use the information obtained in discovery. As

such, the relevance of any communications that led to the creation of the Boettner Report is

minimal at best. Moreover, Defendants have already issued subpoenas directly to Ted Boettner

and his employer the Ohio River Valley Institute seeking generally all documents regarding

Diversified and specifically all documents supporting the Boettner Report and all

communications related to that report. ECF No. 140, Ex. A.; ECF No. 145, Ex. A. Any relevant

interactions with Mr. Plants would be encompassed by that request. Defendants' subpoenas to Mr. Plants for the same information—to the extent that they are at all relevant—are thus entirely cumulative. In sum, Defendants' allegations that Mr. Plants is a fact witness cannot justify their burdensome subpoenas' to Plaintiffs' expert.

### C.        Plaintiffs Have Standing to Quash the Subpoenas.

Courts regularly grant parties' motions to quash subpoenas issued to their experts by the opposing party without questioning the moving party's standing. *See Marsh*, 141 F.R.D. at 431; *Ambrose*,1997 WL 470359, at \*1; *Alper*, 190 F.R.D. at 282; *Hartford Fire Ins. Co*, 154 F.R.D. at 204. Some courts, however, have ruled that parties lack standing to quash a subpoena issued to a third party, even where that third party was a retained expert. *See Newcomb v. Principal Mut. Life Ins. Co.*, No. 1:07-cv-345, 2008 WL 3539520, at \*1–3 (W.D.N.C. Aug. 11, 2008); *Shukh v. Seagate Technology, LLC*, 295 F.R.D. 228, 235–37 (D. Minn. 2013). The latter decisions do not contain any analysis of the elements of the moving party's standing under Article III of the United States Constitution and are wrongly decided. Even a cursory consideration of Article III's requirements makes clear that a party has standing to challenge a subpoena issued to its retained expert.

The courts that have held a party lacks standing to bring a motion to quash a subpoena issued to its expert appear to be reflexively applying the general rule that "[o]rdinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." *See United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005). But the decisions fail to consider whether that rule

properly applies in the context of a subpoena to a party's retained expert, as opposed to an

unaffiliated third party. It does not.[3]

A party's interest in protecting its retained expert witnesses from harassment and

ensuring that discovery in the case proceeds in accordance with the governing scheduling order

and the Federal Rules of Civil Procedure is sufficient to confer standing under Article III. In

order to establish Article III standing, a party must demonstrate (1) injury-in-fact, (2)

traceability, and (3) redressability. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 517

(4th Cir. 2003). The required showing is "not onerous," *id.*, and the "claimed injury need not be

large, an identifiable trifle will suffice." *Friends of the Earth, Inc. v. Gaston Copper Recycling,*

*Corp.*, 204 F.3d 149, 156 (4th Cir. 2000).

Plaintiffs are clearly injured by the Plants Subpoenas. Those Subpoenas impose burdens

on Plaintiffs' expert and their attorneys that conflict with the Federal Rules and generally

interfere with Plaintiffs' orderly prosecution of their claims. *See Shukh*, 295 F.R.D. at 236

("Where a party . . . contends that subpoena requests are irrelevant, cumulative, and burdensome,

they are not simply asserting the rights of the third party, but their own right to reasonable

discovery and efficient disposition of the case."); *Alper*, 190 F.R.D. at 283 (explaining that a

subpoena issued to a party's expert is essentially a discovery request to the party that has retained

the expert). That injury is directly traceable to the challenged Subpoenas and an order quashing

the Subpoenas would fully redress Plaintiffs' injury. Article III thus imposes no limitation on

Plaintiffs' ability to quash the subpoenas.

---

[3] Even if the rule applied here, Plaintiffs would nonetheless have standing to quash the requests that seek information about Plaintiffs, communications with Plaintiffs' counsel, and drafts of reports and other disclosures prepared in anticipation of litigation, because Plaintiffs clearly have a "personal right or privilege in the information sought" by those requests. *See Idema*, 118 F. App'x at 744.

Nor does the language of Rule 45 present an impediment. Rule 45 states that the Court may quash an improper subpoena "on timely motion." Fed. R. Civ. P. 45(d)(3). It does not restrict the filing of such a motion to the party directly subject to the subpoena. Instead, it recognizes that such a motion may be filed to protect a person "subject to" *or* "affected by" a subpoena. *Id.* Although Plaintiffs are not formally "subject to" Defendants' subpoenas, they are undoubtedly "affected by" them, as shown above. Plaintiffs have thus satisfied the requirements of both constitutional and statutory standing to quash Defendants' subpoenas.

Finally, it is notable that, even where a court found a party did not have standing to move to quash a subpoena of their expert witness, the court quashed the subpoena under its own powers because it found that such subpoena of an expert witness was improper under Rule 26. *See Newcomb*, 2008 WL 3539520, at *3 ("[T]he court will quash the subpoena upon its own motion and under its inherent authority offer the issuance of process from this court inasmuch as such subpoena was issued outside the bounds of Rule 26(b)(4)(A)."). Thus, regardless of standing, the Court retains the inherent authority to grant the relief requested by Plaintiffs *sua sponte* to ensure proper administration of this case in accordance with the Federal Rules of Civil Procedure and the Court's Scheduling Order. *See id.*; *see also* Fed. R. Civ. P. 16(f)(1)(C) (allowing court on its own to enter "any just orders" in the event that a party or its attorney fails to obey the court's scheduling order).

## II. Even if Plaintiffs Lack Standing to Move to Quash, Plaintiffs Have Standing and Have Met All the Requirements Necessary for a Protective Order.

Even courts that have held a party lacks standing to move to quash a third-party subpoena have nonetheless allowed those parties to move for a protective order to achieve the same effect. *See Shukh*, 295 F.R.D. at 235–37. Those courts have "recognized an important distinction between requests to quash a subpoena and motions for protective orders requesting the court to

12

control discovery more generally under [Rule 26]." *Id*. at 236. Rule 26(c) authorizes "[a] party *or any person from whom discovery is sought*" to move for an appropriate protective order. Fed. R. Civ. P. 26(c)(1) (emphasis added). The Rule's explicit authorization for both the "person from whom discovery is sought" and "a party" to seek a protective order has been interpreted to provide standing for a party to contest discovery sought from third-parties. *Underwood v. Riverview of Ann Arbor*, No. 08-cv-11024-DT, 2008 WL 5235992, at *2 (E.D. Mich. Dec. 15, 2008); *Shukh*, 295 F.R.D. at 235; *Fleet Bus. Credit Corp. v. Hill City Oil Co.*, No. 01–2417, 2002 WL 1483879, at *2 (W.D. Tenn. June 26, 2002) ("Many district courts have acknowledged [Rule 26(c)] allows a party to file a motion for protective order on behalf of a non-party.").

Thus, even if Plaintiffs lack standing to bring a motion to quash, the Court may grant their requested relief in the form of a protective order, for which Plaintiffs have demonstrated good cause.[4] *See U.S. Equal Emp. Opportunity Comm'n v. Bojangles' Restaurants, Inc.*, No. 5:16-CV-654-BO, 2017 WL 2889493, at *4 (E.D.N.C. July 6, 2017) ("[E]ven if plaintiff were deemed not to have standing to challenge the subpoena, plaintiff has also moved for a protective order, permitting the court order to consider its position on the merits."); *Brown v. Mountainview Cutters, LLC*, No. 7:15-cv-204, 2016 WL 3045349, at *2 (W.D. Va. May 27, 2016) ("[E]ven if the court could find that [the movant] did not have standing to quash the subpoenas under Rule 45 of the Federal Rules of Civil Procedure, she would still have standing under Rule 26 to challenge the subpoenas as irrelevant and overbroad."); *HDSherer LLC v. Natural Molecular Testing Corp.*, 292 F.R.D. 305, 307 (D.S.C. 2013) ("Defendant has also made a motion for a protective order under Rule 26; therefore, Defendant has standing to challenge the subpoenas

---

[4] *See supra* Section I.A–B (demonstrating the serious harm to Plaintiffs from Defendants' subpoenas that conflict with the Scheduling Order and the protections of Rule 26).

under Rule 26 standards, regardless of whether [it has] standing to bring a motion to quash under Rule 45.").

Specifically, as explained in detail above regarding the motion to quash, good cause exists to grant Plaintiffs' requested protective order because the materials sought are largely the same as those that Plaintiffs would be required to produce later in the litigation process in response to Defendants' requests for production, the rules for expert disclosures, and any subpoenas that Defendants wish to propound after receiving the expert's report. Thus, any response by Plaintiffs' expert would have to be done in conjunction with Plaintiffs' counsel involvement and advice. Furthermore, requiring Plaintiffs' experts to produce these documents now circumvents the discovery process and diverts his time and resources away from Plaintiffs' pursuit of the merits of the case to answer these improperly timed subpoenas. Thus, Plaintiffs have demonstrated good cause for seeking a protective order to prevent Plaintiffs' expert from having to answer Defendants' subpoenas until after expert reports have been served.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court issue an order quashing the subpoenas served on Mr. Plants (ECF No. 216) and Plants and Goodwin, Inc. (ECF No. 215) as seeking improper expert discovery in violation of Rule 26, or in the alternative, issue a protective order providing equivalent relief.


Dated: May 2, 2023                           Respectfully submitted,


                                             */s/ Benjamin A. Luckett*
                                             Benjamin A. Luckett (WVSB No. 11463)
                                             J. Michael Becher (WVSB No. 10588)
                                             Joseph M. Lovett (WVSB No. 6926)
                                             Isak Howell (WVSB No. 11558)
                                             Amanda Demmerle (WVSB No. 13930)

14

APPALACHIAN MOUNTAIN ADVOCATES
P.O. Box 507
Lewisburg, WV 24901
(304) 645-9006
jlovett@appalmad.org
mbecher@appalmad.org
ihowell@appalmad.org
bluckett@appalmad.org
ademmerle@appalmad.org

*/s/ Brian A. Glasser*
Brian A. Glasser, Esq. (WVSB No. 6597)
John W. Barrett, Esq. (WVSB No. 7289)
Brian R. Swiger (WVSB No. 5872)
Athanasios Basdekis (WVSB No. 9832)
Benjamin J. Hogan (WVSB No. 12997)
Panida Anderson (Admitted *Pro Hac Vice*)
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, West Virginia 25301
(304) 345-6555 (phone)
(304) 342-1110 (fax)
bglasser@baileyglasser.com
jbarrett@baileyglasser.com
bswiger@baileyglasser.com
tbasdekis@baileyglasser.com
wflynn@baileyglasser.com
panderson@baileyglasser.com


*Attorneys for Plaintiffs and Proposed Class*

**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION**

MARK MCEVOY, et al., individually and
on behalf of a proposed class,

                Plaintiffs,

                                        Civil Action No. 5:22-cv-171
v.                                    The Honorable John P. Bailey

DIVERSIFIED ENERGY COMPANY PLC,
et al.,

                Defendants.

## CERTIFCATE OF SERVICE

      I, Benjamin A. Luckett, hereby certify that on May 2 2023, I caused to be filed the

foregoing with the Clerk of the Court using the CM/ECF System, which caused a true and

accurate copy of such filing to be served upon all attorneys of record.


                                              */s/ Benjamin A. Luckett*
                                            Benjamin A. Luckett (WVSB No. 11463)