**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION**

| | |
|---|---|
| MARK MCEVOY, *et al.*, <br><br>          Plaintiffs, <br><br> v. <br><br> DIVERSIFIED ENERGY COMPANY PLC, *et al.*, <br><br>          Defendants. | Civil Action No. 5:22-cv-00171-JPB <br> Judge John P. Bailey |

**DIVERSIFIED DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL**

Diversified submits this Memorandum in Support of its Motion to Compel production from Plaintiffs of communications between Plaintiffs' counsel and Ted Boettner or the Ohio River Valley Institute ("ORVI") from July 1, 2016 to Present under Federal Rule of Civil Procedure 37(a)(3)(B)(iv) and Local Rule of Civil Procedure 37.02.[1]  Plaintiffs argue that these communications irrelevant.  Plaintiffs however cannot carry their burden in proving so.  Plaintiffs' claims rely on a report written by Boettner on behalf of (and containing the views of) ORVI.  Communications between Plaintiffs and Boettner or ORVI speak directly to the report, any prior relationship or bias influencing Boettner's publication, which is the basis of Plaintiffs' complaint.

---

[1] "Plaintiffs" are Mark McEvoy, James Tawney, Susan Tawney, Samuel Stark, Susan Dennison, Mark Goff, Carol DelRosso, George DelRrosso, Benjamin Patterson, Chad Silvester, Clinton and Candace Drainer Irrevocable Trust, Eben Fritts, Eben Fritts III, Gary Wentz, Heidi Deem, Jeffery Saltis, Kellie Saltis, Lane Evans, Minerva Evans, Maynard Tanner, Jennifer Tanner, Joan Medley, Jacob Collette, Regina Collette, Scott Corcoran, Kathy Johnson, and Christine Cochran; "Diversified Defendants" or "Diversified" are Diversified Energy Company PLC, Diversified Production LLC, and Diversified Gas & Oil Corporation.  As Plaintiffs are aware, (1) Diversified Gas & Oil, PLC now operates as Diversified Energy Company PLC; (2) Alliance Petroleum Corporation now operates as Diversified Production LLC; and (3) Diversified Oil and Gas LLC does not exist.

1

Discovery to date has shown that Boettner coordinated with Plaintiffs' counsel to create a report that Plaintiffs then suggested to the Court was an independent report. It is not clear it was not, although that was not disclosed to the Court in the Complaint. Diversified is continuing to investigate this and intends to address it at the appropriate time. For current purposes, those communications are squarely relevant to the credibility of Boettner and ORVI and therefore Plaintiffs' factual allegations. Plaintiffs must fulfill their discovery obligations and produce all relevant, nonprivileged information. This Court should compel Plaintiffs to produce all communications between Plaintiffs' counsel and Boettner or ORVI.

## BACKGROUND

On January 5, 2023, Plaintiffs filed the operative complaint. *See* Second Am. Compl. (ECF No. 96) at 1. In their Second Amended Complaint, Plaintiffs allege tort claims for trespass, negligence, and nuisance against Diversified and claims sounding under Alabama's Uniform Fraudulent Transfers Act and Uniform Voidable Transactions Act against both Diversified and EQT.[2]

The factual predicate of Plaintiffs' claims is based, in large part, on a publication authored by Boettner on behalf of ORVI, where he is a "Senior Researcher," entitled "Diversified Energy: A Business Model Built to Fail Appalachia" ("Boettner Report"). Indeed, most of Plaintiffs' factual allegations against Diversified specifically reference or cite to the Boettner Report. *See* Second Am. Compl. (ECF No. 96) at 11–18 & nn.8–20, 22–39.

On March 8, 2023, Diversified requested Plaintiffs produce all documents and communications between Plaintiffs and Ted Boettner or the Ohio River Valley Institute ("ORVI"). *See* Ex. 1 (Mar. 8, 2023 Diversified's 2nd Set of Reqs. for Produc.) at Reqs. Nos. 18–19. The

---

[2] "EQT" references the remaining non-Diversified Defendants.

Requests in dispute and Plaintiffs' responses and objections thereto are reproduced in full as follows:

> **REQUEST FOR PRODUCTION 18:** All documents and communications between you and Ted Boettner. The time limit in Instruction 13 does not apply to this request.
>
> **RESPONSE:** Plaintiffs object to this request for "all documents and communications" because it is not limited in subject matter or scope and is not otherwise tied to this litigation. Plaintiffs also object to the limitless timeframe of this request as overly broad and unduly burdensome. Plaintiffs' attorneys have no documents or communications with Mr. Boettner related to this litigation until November 2021. Requiring Plaintiffs to search Plaintiffs' attorneys' emails before that time period would unnecessarily increase costs, as it would collect only non-relevant and non-responsive emails.
>
> There are no relevant documents or communications that were exchanged between Plaintiffs and Ted Boettner. However, in accordance with the objections above, Plaintiffs will produce responsive, non-privileged documents of communications between Ted Boetnner [sic] and Plaintiffs' attorneys found after a reasonable search in accordance with the ESI protocol within thirty (30) days, and, if necessary, will produce a privilege log of documents that are protected from disclosure soon thereafter. Plaintiffs also note that some responsive documents may be found in the documents produced by Ohio River Valley Institute ("ORVI") on March 30, 2023, in response to Diversified Defendants' subpoena.
>
> **REQUEST FOR PRODUCTION 19:** All documents and communications between you and the Ohio River Valley Institute. The time limit in Instruction 13 does not apply to this request.
>
> **RESPONSE:** Plaintiffs object to this request for "all documents and communications" because it is not limited in subject matter or scope and is not otherwise tied to this litigation. Plaintiffs also object to the limitless timeframe of this request as overly broad and unduly burdensome. Plaintiffs' attorneys have no documents or communications with the Ohio River Valley Institute related to this litigation until November 2021. Requiring Plaintiffs to search Plaintiffs' attorneys' emails before that time period would unnecessarily increase costs, as it would collect only non-relevant and non-responsive emails.
>
> Plaintiffs further object because this Request seeks documents and communications between Plaintiffs' attorneys and Plaintiffs' retained expert Kathy Hipple that were prepared in anticipation of this present litigation and are protected by the attorney work product doctrine.
>
> There are no relevant documents or communications that were exchanged between Plaintiffs and ORVI. However, in accordance with the objections above, Plaintiffs

>will produce responsive, non-privileged documents and communications exchanged between ORVI and Plaintiffs's [sic] attorneys, found after a reasonable search in accordance with the ESI protocol within thirty (30) days, and will produce a privilege log of documents that are protected from disclosure soon thereafter. Plaintiffs also note that some responsive documents may be found in the documents produced by Ohio River Valley Institute ("ORVI") on March 30, 2023, in response to Diversified Defendants' subpoena.

Ex. 2 (Apr. 7, 2023 Pls.' Resps. & Objs. to Diversified's 2nd Set of Reqs. for Produc.) at Reqs. Nos. 18–19 & Resps. Thereto. After serving these responses, Plaintiffs confirmed that they may have spoken to Boettner or others at ORVI prior to November 2021. *See* Ex. 3 (Apr. 12, 2023 Apr. 12, 2023 Email Chain between A. Demmerle and K. Young) at 1. Plaintiffs, however, refuse to produce any such communications prior to November 2021 on the basis that November 2021 was the first instance in which Plaintiffs' counsel communicated with Boettner or ORVI about the case or Boettner Report. *See id.*

On April 12, 2023, Diversified objected to Plaintiffs' time limitation, and asked Plaintiffs to confer about these issues. *See* Ex. 3 (Apr. 12, 2023 Email Chain between A. Demmerle and K. Young) at 2–3. Plaintiffs restated their objections the same day. *See id.* at 1–2. Diversified met and conferred with Plaintiffs about these issues via telephone on May 2, 2023. During that conference Plaintiffs stood on their position.

Finally, Diversified's motion is timely under Local Rule of Civil Procedure 37.02(b). Plaintiffs served their responses and objections to Diversified's requests for production on April 7, 2023. Diversified now files this Motion to Compel based on Plaintiffs' responses.

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure state that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "[A]ny nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" is discoverable. Fed. R. Civ. P. 26(b)(1). In determining

4

whether information is discoverable, the Court should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

"Relevance for discovery purposes is defined more broadly than relevance for evidentiary purposes." *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 199 (N.D. W. Va. 2000). "Although 'the pleadings are the starting point from which relevancy and discovery are determined . . . [r]elevance is not limited by the exact issues identified in the pleadings, the merits of the case, or the admissibility of discovered information.'" *Id.* (alterations in original) (quoting *Nat'l Credit Union Admin. v. First Union Cap. Mkts. Corp.*, 189 F.R.D. 158, 161 (D. Md. 1999)). "Rather, the general subject matter of the litigation governs the scope of relevant information for discovery purposes." *Id.* "Moreover, notwithstanding Rule 26(b)(1)'s recent amendment placing an emphasis on the proportionality of discovery, the discovery rules, including Rule 26, remain subject to 'broad and liberal construction.'" *Scott Hutchinson Enters., Inc. v. Cranberry Pipeline Corp.*, 2016 WL 5219633, at *2 (S.D. W. Va. Sept. 20, 2016) (citations omitted).

## ARGUMENT

Plaintiffs refuse to produce communications between Ted Boettner or ORVI from July 1, 2016 to November 2021. These communications are nonprivileged and relevant. They are therefore discoverable, and this Court should compel their production.

**I. PLAINTIFFS MUST PRODUCE COMMUNICATIONS BETWEEN TED BOETTNER OR ORVI FROM JULY 1, 2016 TO PRESENT**

In response to Diversified's Requests Nos. 18 and 19, Plaintiffs refuse to produce communications with Ted Boettner or ORVI prior to November 2021. Any communications prior

to November 2021, however, are relevant to Mr. Boettner's credibility and bias and therefore are relevant discoverable information.

The Boettner Report is "part and parcel of the factual backdrop to the Plaintiffs' claims" in this case and therefore information about his and ORVI's bias is squarely relevant. *Thompson v. Allstate Prop. & Cas. Ins. Co.*, 2019 WL 438367, at *3 (N.D. W. Va. Feb. 4, 2019)). Plaintiffs rely heavily upon the publication written by Ted Boettner and ORVI for the basis of their claims in their Second Amended Complaint. Thus, any communications related to the report or in the reasons for the report are plainly relevant. Further, as a result, the jury may need to assess the credibility of the claims and analysis he presents in his writing at trial. It is therefore essential that Diversified be afforded an opportunity to rebut Boettner's credibility to amount a full defense in this case. The relationship between Plaintiffs, their counsel, and Ted Boettner/ORVI goes to the credibility of all involved. If, for example, Mr. Boettner and Plaintiffs' counsel discussed Diversified or well plugging outside the context of this litigation, that may indicate Mr. Boettner's bias against Diversified's business. Additionally, if Mr. Boettner is not in fact a true third party (as Plaintiffs' complaint suggests) but has routinely or actively worked with Plaintiffs' counsel in the past, as well as in relation to this publication and the current lawsuit, that may also indicate such bias. Proof of that bias will in turn call into question the credibility of his claims in his report, including the ones that form the basis for Plaintiffs' claims.

"[P]roof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." *Thompson*, 2019 WL 438367, at *3 (quoting *United States v. Abel*, 469 U.S. 45, 52 (1984)); *Beckner v. Bayer Cropscience, LP*, 2006 WL 6906942, at *3 (S.D. W. Va. June 28, 2006) ("A witness may always be impeached by evidence that she or he is biased,

prejudiced, has a financial interest in the outcome of the case, or a motive to testify in a particular manner." (collecting cases)); *see also Quiterio v. QBE Specialty Ins. Co.*, 2019 WL 13064730, at *2 (M.D. Fla. Nov. 8, 2019) (agreeing with plaintiff's own acknowledgment that information about the relationship between plaintiff's retained experts and law firm representing her is relevant to show possible bias). This Court, for example, found that information related to the defendant's expert and his engineering firm was relevant because the expert and his firm were "part and parcel of the factual backdrop to the [p]laintiffs' claims" and the discovery went to the expert's bias. *See Thompson*, 2019 WL 438367, at *3.

Any communications between Plaintiffs, their counsel, and Ted Boettner or ORVI prior to direct discussions of this litigation are therefore relevant, discoverable, and should be produced. Plaintiffs have not provided a basis as to the volume of potential communications prior to this date and why such production, which Diversified would expect to be minimal, is unduly burdensome. This Court should compel Plaintiffs to produce any communications between Plaintiffs, their counsel, and Ted Boettner or ORVI from July 1, 2016 to Present.

## CONCLUSION

The information Diversified seeks is relevant, nonprivileged, and discoverable. Plaintiffs have not indicated any burden in collecting and producing that information. This Court should grant Diversified's Motion to Compel.

Respectfully submitted:                                                Dated: May 5, 2023

 /s/ Howard M. Persinger, III
Howard M. Persinger, III (WVSB #6943)                Daniel Donovan, P.C. (admitted *pro hac vice*)
**PERSINGER & PERSINGER, L.C.**                      Ragan Naresh, P.C. (admitted *pro hac vice*)
237 Capitol Street                                   **KIRKLAND & ELLIS LLP**
Charleston, WV 25301                                 1301 Pennsylvania Avenue, N.W.
Phone:   (304) 346-9333                              Washington, D.C. 20004
Fax:     (304) 346-9337                              Phone:   (202) 389-5267
Email:   hmp3@persingerlaw.com                       Fax:     (202) 389-5200
                                                     Email:   daniel.donovan@kirkland.com
                                                              ragan.naresh@kirkland.com

                                                     Kenneth Young (admitted *pro hac vice*)
                                                     Dustin Womack (admitted *pro hac vice*)
                                                     **KIRKLAND & ELLIS LLP**
                                                     609 Main Street
                                                     Houston, TX 77002
                                                     Phone:   (713) 836-3600
                                                     Fax:     (713) 836-3601
                                                     Email:   kenneth.young@kirkland.com
                                                              dustin.womack@kirkland.com

*Counsel for Defendants Diversified Energy Company PLC, Diversified Gas & Oil, PLC, Diversified Production LLC, Diversified Gas & Oil Corporation, Diversified Oil and Gas LLC, and Alliance Petroleum Corporation*

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that on May 2, 2023, the parties met and conferred in good faith concerning Diversified's request for production of documents, but did not resolve the dispute.

*/s/ Howard M. Persinger, III*
Howard M. Persinger, III (WVSB #6943)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 5, 2023, a copy of the foregoing was served on all counsel of record via the Court's electronic filing system.

*/s/ Howard M. Persinger, III*
Howard M. Persinger, III (WVSB #6943)