IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**MARK MCEVOY, et al., individually and on behalf of a proposed class,**

**Plaintiffs,**

v.

**DIVERSIFIED ENERGY COMPANY PLC, et al.,**

**Defendants.**

CIVIL ACTION NO.: 5:22CV171
(BAILEY)

FILED
MAY 1 5 2023
U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

## ORDER GRANTING PLAINTIFFS' MOTION [248] TO COMPEL

Currently pending before the Court is Plaintiffs' Motion [248] to Compel, filed May 1, 2023. Briefing is complete, and an Oral Argument/Evidentiary Hearing was held on May 11, 2023. After considering the briefs, the applicable law, and the Court file, and after considering the arguments made during the hearing, the Court is satisfied that Plaintiffs' Motion should be granted.

The instant Motion concerns Plaintiffs' Second Request for Documents from Diversified Defendants. Specifically, Plaintiffs seek documents in response to Plaintiffs' RPD Nos. 5, 8, and 9, i.e., Diversified's tax returns, financial statements, and trial balances (RPD No. 5), documents and communications related to Diversified's policies and/or procedures regarding the issuance of dividends (RPD No. 8), and documents and communications related to Diversified's policies and/or procedures regarding share buybacks (RPD No. 9). Diversified has objected to providing the discovery at issue and has thus far refused to produce the same.

The Federal Rules allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed.

R. Civ. P. 26(b)(1). The party resisting discovery bears the burden of proving why its objections are proper. *Mondragon v. Scott Farms, Inc.*, 329 F.R.D. 533, 540 (E.D.N.C. Jan. 5, 2019). "To meet this burden, the non-moving party must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Id.* at 540-41 (internal quotations omitted).

Here, Plaintiffs argue that the discovery at issue is highly relevant to Plaintiffs' claims, and in particular the issue of solvency, is not overly burdensome to produce, and that the Plaintiffs' need for the documents and information outweighs any burden Defendants may face in producing the same. Defendants argue that discovery of a party's tax returns is disfavored, and that the discovery at issue is cumulative and disproportionate. For the reasons that follow, the Court is not persuaded by Defendants' arguments.

### I.   Tax Returns, Financial Statements, and Trial Balances

Defendants first argue that disclosure of tax returns is disfavored and should only be disclosed if a compelling need has been shown. Defendants contend Plaintiffs have not shown that a compelling need exists, and cannot because Plaintiffs have everything they need to evaluate their claims related to solvency. Defendants rely upon a number of cases to make this argument. The Court is not persuaded by the same because the cases upon which Defendants rely primarily involve disclosure of personal tax returns. *See e.g. Hopper v. Jay Bee Oil & Gas, Inc.*, 2021 WL 7448645, at * 2 (N.D.W. Va. Dec. 20, 2021) (discussing disclosure of personal tax returns of officers of defendant companies related to Plaintiffs' claims for fraud and piercing the corporate veil); *Susko v. City of Weirton*, 2010 WL 3584425, at * 3 (N.D.W. Va. Sept. 10, 2010) (considering the issue of whether defendants' personal tax returns should be disclosed in discovery and noting that "[p]ersonal and private information…does not equate to non-discoverable information");

*Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993) (finding the "district judge abused his discretion by ordering [production of] personal tax returns and schedules"). That is not the case here. However, and assuming these cases apply equally to corporate parties, as *Scott Hutchinson Enterprises, Inc. v. Cranberry Pipeline Corporation*, 2016 WL 4203555 (S.D.W. Va. Aug. 9, 2016) would suggest, the Court is nevertheless satisfied that production of Defendants' tax returns and financial statements is proper because Plaintiffs have a compelling need for this discovery.[1]

Plaintiffs argue that Defendants' tax returns and financial statements are necessary to determine how Defendants write off tax liabilities and tax accounting, which information does not appear in any other discovery that has been provided. Plaintiffs further argue that Defendants' practice of gain on bargain purchases will be demonstrated in Defendants' tax returns and are not shown in any other financial documents. Defendants argue that Plaintiff has received all the information necessary to investigate Defendants' assets. The Court is persuaded by Plaintiffs' argument and is not persuaded by Defendants' argument.

Courts have recognized that "income tax returns are generally regarded as the most accurate and complete sources of…income." *Terwillinger v. York Intern. Corp.*, 176 F.R.D. 214, 218 (W.D.Va. Sept. 12, 1997). However, production of tax returns is not required when other discovery methods are available to convey the same information. *Id.* Here, Defendants argue that Plaintiffs can discover the information they are seeking with other documents that have been provided, but Defendants do not identify what, if any, documents will show Defendants' tax liability write-offs or how Defendants perform their tax accounting. Defendants also do not identify any documents which will demonstrate Defendants' practice of gain on bargain purchases.

---

[1] Defendants have not challenged this discovery on the basis of relevancy.

Defendants' argument that prior discovery will show Defendants' assets and solvency is not helpful – what Plaintiffs' seek is more nuanced than that. Plaintiffs seek evidence of certain of Defendants' accounting practices.[2] Based on the record, the only way for Plaintiffs to obtain this evidence is for Plaintiffs to obtain Defendants' tax returns.

## II.     Issuance of Dividends and Share Buybacks

In RPD Nos. 8 and 9, Plaintiffs seek documents and communications related to Diversified's policies and/or procedures regarding the issuance of dividends and share buybacks. Defendants object to both of these discovery requests as being irrelevant, cumulative, overly burdensome, and disproportionate to the needs of this case. The Court is not persuaded by these arguments.

To support its objections, Defendants argue that this case is not one which involves a shareholder dispute, and this information is only tangentially relevant, if at all, to the issue of solvency. Defendants further argue that Plaintiffs have the policies concerning stock buybacks and dividends. Finally, Defendants argue that stock buybacks and dividends are a matter of public record. Defendants' arguments miss the point, however. Plaintiffs' discovery requests seek communications, which include internal communications, about stock buybacks, dividend payments, and the policies and procedures regarding both. In essence, Plaintiffs seek to discover why Defendants decided to issue dividends or conduct stock buybacks. The communications may demonstrate that Defendants made these decisions, or made policies and/or procedures, in an effort to defraud creditors, i.e., Plaintiffs. This is relevant information. Further, there is no evidence or argument that Defendants have produced these communications. Finally, Defendants have not supported their argument that production of this discovery would be overly burdensome to

---

[2] Plaintiffs' Second Amended Complaint calls into question Defendants' accounting practices. ECF No. 96.

4

produce. Blanket statements regarding objections are not sufficient to carry Defendants' burden. *See Mondragon, supra.* Given the relevance of the communications which Plaintiffs seek, the Court is satisfied that the burden as reflected on the record is not outweighed by the potential benefit to Plaintiffs. Defendants' objections to these requests are therefore overruled.

Accordingly, and for all of the foregoing reasons, Plaintiffs' Motion [248] to Compel is **GRANTED**. Defendants shall provide the requested discovery within **FOURTEEN DAYS** of the date of this Order.

It is so **ORDERED**.

Any party may, within **FOURTEEN DAYS** of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in a waiver of the right to appeal from a judgment of this Court based upon such an Order.

The Court **DIRECTS** the Clerk of the Court to serve a copy of this Order upon any *pro se* party by certified mail, return receipt requested, and upon counsel of record herein.

Dated: 5/15/2023

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE