IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

MARK MCEVOY, et al., individually and
on behalf of a proposed class,

    Plaintiffs,

v.

DIVERSIFIED ENERGY COMPANY
PLC, et al.,

    Defendants.

CIVIL ACTION NO.: 5:22CV171
(BAILEY)

FILED

MAY 15 2023

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

## ORDER GRANTING LUKE PLANTS' and PLANTS AND GOODWIN'S MOTION [258] TO JOIN and GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION [254] TO QUASH OR IN THE ALTERNATIVE FOR PROTECTIVE ORDER

Currently pending before the Court is Plaintiffs' Motion [254] to Quash or in the Alternative for Protective Order, filed May 2, 2023. Briefing is complete, and an Oral Argument/Evidentiary Hearing was held on May 11, 2023. After considering the briefs, the applicable law, and the Court file, and after considering the arguments made during the hearing, the Court is satisfied that Plaintiffs' Motion should be granted.

As the parties know, Plaintiffs allege that Defendants, Diversified and EQT, fraudulently transferred gas wells in July 2018 and May 2020. Plaintiffs allege that the wells which were the subject of those transfers need to be remediated and plugged. Plaintiffs have retained Luke Plants, Chief Operating Officer of Plants and Goodwin, Inc., to provide expert services. Defendants[1] have subpoenaed documents from Luke Plants and Plants and Goodwin pursuant to R. 45 of the Federal Civil Rules of Procedure. See ECF Nos. 215 and 216. Plaintiffs are asking the Court to quash

---

[1] Diversified Defendants.

these subpoenas, or in the alternative, enter a protective order against this discovery. *See* ECF No. 254. For the reasons that follow, the Court would deny Plaintiff's request to quash the subpoenas but would grant Plaintiff's request for a Protective Order.

## I.   Motion to Quash

As the parties recognize, Plaintiffs' Motion to Quash is not properly filed in this District. According to Fed. R. Civ. P. 45(d)(3)(A), a Motion to Quash must be filed in the district where compliance with the subpoena is required. A review of the subpoenas at issue reveals that the district of compliance is not the Northern District of West Virginia but appears to be the Western District of Pennsylvania (ECF No. 215) and the Western District of New York (ECF No. 216).

Courts around the country have denied motions to compel compliance with a subpoena and motions to quash a subpoena for lack of jurisdiction where the subpoena required compliance in another district. *Oakwood Products, Inc. v. SWK Technologies, Inc.*, 2022 WL 7108844, at * 8 (D.S.C. Oct. 12, 2022) (citing *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018); *Agincourt Gaming, LLC v. Zynga, Inc.*, 2014 WL 4079555 (D. Nev. Aug. 15, 2014); and *Semex All. V. Elite Dairy Genomics, LLC*, 2014 WL 1576917 (S.D. Ohio Apr. 18, 2014)). Therefore, and inasmuch as the subpoenas at issue require compliance in other districts, this Court must deny the Motion to Quash for lack of jurisdiction.

## II.   Motion for Protective Order

In the alternative, Plaintiffs (and Luke Plants and Plants and Goodwin – ECF No. 258) seek entry of a Protective Order protecting against Defendants' subpoenas pursuant to Fed. R. Civ. P. 26. Fed. R. Civ. P. 26(c)(1) provides a "party or any person from whom discovery is sought" the ability to "move for a protective order in the court where the action is pending." On such a motion,

2

and for good cause, the Court may issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.*

"The explicit mention of 'a party' in the rule has been interpreted to provide standing for a party to contest discovery sought from third-parties." *Shukh v. Seagate Technology, LLC*, 295 F.R.D. 228, 236 (D.Minn. 2013). *See also In Re CenturyLink Sales Practices and Securities Litigation*, 2020 WL 8256364, at * 2 (D.Minn. Oct. 28, 2020) ("[w]hen a party seeks a protective order regarding information sought under Rule 45, the issue becomes one of case management under Rules 16 and 26") (internal citations and quotations omitted). Plaintiffs' thus have standing to seek a Protective Order against the subpoenas at issue. Additionally, the Court would note that Luke Plants' and Plants and Goodwin's Motion [258] to Join Plaintiffs' Motion for Protective Order is authorized under this rule. In light of this, and there being no stated objection, Luke Plants' and Plants and Goodwin's Motion [258] is **GRANTED**.[2]

Turning to the substance of the request for a Protective Order, Plaintiffs rely upon substantially the same arguments raised in support of their Motion to Quash. That is, Plaintiffs argue that conducting discovery upon an opposing party's expert via R. 45 is improper, and that R. 26 governs expert discovery. The Court agrees. The case law is clear that "routine use of subpoenas directed to a party's expert is inappropriate" because "routine use of subpoenas directed to an expert disrupt [the arrangement between a party and its expert] and may impose unnecessary and inappropriate burdens and costs on a non-party." *Pope v. City of New York*, 2012 WL 555997, at * 1 (S.D.N.Y. Feb. 10, 2012). *See also Ice Cube Building, LLC v. Scottsdale Insurance Company*, 2019 WL 7370367, at * 1 (D.Conn. April 8, 2019) ("[u]se of a Rule 45 subpoena to a

---

[2] Luke Plants' and Plants and Goodwin's Motion to Join is granted to the extent of the request to join in Plaintiffs' Motion. To the extent that the Motion [258] raises the same arguments made by Plaintiffs, the Court's findings vis-à-vis Plaintiffs' Motion [254] apply to Luke Plants' and Plants and Goodwin's Motion [258].

3

party's expert is inappropriate as expert disclosures, reports, depositions and discovery are fully encompassed in Rule 26").

Defendants argue that they are seeking discovery not included in R. 26, and as such, the subpoena is proper. In considering this argument, the Court would note in particular the parties' discussion regarding *Marsh v. Jackson*, 141 F.R.D. 431 (W.D.Va. 1992). In that case, the defendant argued, as Defendants do here, that Rule 45 permits a "cost-efficient, less time consuming" manner of obtaining "factual information" from Plaintiffs' proposed expert. *Id.* at 432. The Court rejected this argument and found that "Rule 26(b)(4) remains a limitation on the right of access by an opposing party to the evidence of experts who have been retained to testify in the case." *Id.* Defendants argue that subsequent cases, including *Expeditors International of Washington, Inc. v. Vastera, Inc.*, 2004 WL 406999 (N.D. Ill. Feb. 26, 2004) recognize that the use of Rule 45 subpoenas directed to another party's expert is proper. The Court is not persuaded by this argument.

In *Vastera*, Expeditors International sued Vastera for trade secret misappropriation. Louis Dudney was designated as Expeditors International's expert witness. Following disclosure of Dudney's expert report, Vastera was provided with a list of Dudney's recent trial and deposition testimony. Vastera requested production of the same. When Dudley did not respond to this request, Vastera issued a subpoena *duces tecum*. After efforts to obtain the requested information by subpoena were unsuccessful, Expeditors International filed a Motion to Enforce the subpoena. *Id.* at *1 - *2. In allowing the subpoena to stand, the Court noted that "Vastera [was] not seeking to circumvent the normal discovery process by pursuing from Dudney information relating to Expeditors[.]" *Id.* at *3. Rather, Vastera utilized a subpoena to obtain the discovery to which they were entitled under R. 26. In contrast, here, Defendants' subpoenas circumvent the normal

4

discovery process because expert reports have not yet been disclosed, and the information sought in the subpoenas relates to the parties to this action and Plaintiffs' designated expert. *See* ECF Nos. 215 and 216.

Plaintiffs further argue that a Protective Order is appropriate because the documents and information subpoenaed by Defendants might not be discoverable if Plaintiffs choose not to have Mr. Plants testify as an expert. *See* Fed. R. Civ. P. 26(b)(3)(D). Plaintiffs' argument is well-taken. Defendants contend that this argument is disingenuous because of Plaintiffs' prior arguments to have Mr. Plants serve as their expert. The Court disagrees. EQT filed a legal action in the Western District of Pennsylvania which may have the effect of precluding Mr. Plants from serving as an expert in this case. *See* ECF No. 225-4, Order Granting Plaintiff's (EQT'S) Emergency Motion for Preliminary Injunction against Plaints and Goodwin, Inc. and Luke Plants. In other words, notwithstanding Plaintiffs' desire for Mr. Plants to serve as their expert, they may not be able to employ him as such in light of EQT's legal action in the Western District of Pennsylvania.

Defendants argue that, even if Plaintiffs do not rely upon Mr. Plants as a testifying expert, and instead rely upon him as a non-testifying consulting expert only, he is still subject to discovery. Defendants rely upon *Bell v. Am. Int'l Indus. Inc.*, 2021 WL 9639413, at * 3 (M.D.N.C. July 8, 2021) to support this argument. The Court is not persuaded. In *Bell*, the court authorized the deposition on a limited basis of Plaintiff's non-testifying consulting expert, John Harris, based on "exceptional circumstances," which were not discussed in the opinion. *Id.* at * 1. The motion to compel addressed in the opinion related to documents in Mr. Harris's file, which he brought to his deposition. In denying the motion, the court did "not find circumstances would justify any further discovery or disclosures." *Id.* at * 2. This case appears to have limited significance, and clearly does not involve the question of Rule 45 subpoenas directed to another party's expert prior to

commencement of expert discovery under the Court's Scheduling Order. Indeed, in this case, allowing the subpoenas to stand would appear to subvert the District Court's Scheduling Order inasmuch as the deadline for Plaintiffs' expert disclosures is September 1, 2023. ECF No. 70 at p. 2.

Finally, the Court notes Defendants' argument that Plaintiffs have not satisfied their burden of proving good cause for a Protective Order. Specifically, Defendants contend that, if Defendants did not carry their burden vis-à-vis their Motion for Protective Order (ECF No. 217), then Plaintiffs have not carried their burden here. The Court disagrees. Defendants appear to take issue with the Court's finding concerning the deficiencies in the affidavit offered in support of their Motion for Protective Order. Defendants' Motion and the analysis concerning the same were fact intensive. That is, more specific factual averments were required for Defendants to carry their burden (among other things) than is required here. In the instant matter, Plaintiffs' Motion is largely a legal issue, one governed by statutory and case law, and one for which an affidavit is not necessary. Indeed, the Court would find that Plaintiffs have demonstrated good cause for a Protective Order against the discovery at issue.

Accordingly, and for all of the foregoing reasons, Plaintiffs' Motion [254] to Quash or in the Alternative for Protective Order is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs' request to quash the subpoenas is **DENIED**. Plaintiffs' request for a Protective Order is **GRANTED**.

It is so **ORDERED**.

Any party may, within **FOURTEEN DAYS** of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in a waiver of the right to appeal from a judgment of this Court based upon such an Order.

The Court **DIRECTS** the Clerk of the Court to serve a copy of this Order upon any *pro se* party by certified mail, return receipt requested, and upon counsel of record herein.

Dated: 5/15/2023

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE