IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**MARK McEVOY**, et al.,

                Plaintiffs,

v.                                     **Civil Action No. 5:22-CV-171**
                                           Judge Bailey

**DIVERSIFIED ENERGY COMPANY PLC**,
et al.,

                Defendants.

## ORDER

Pending before this Court is Diversified's Rule 72 Objections to Order Denying Diversified's Motion for Protective Order [Doc. 285], filed May 16, 2023. Therein, Diversified argues this Court should overrule Magistrate Judge Mazzone's Order denying Diversified's Motion for Protective Order and prevent the disclosure of Diversified's sensitive competitive information to Luke Plants, the Chief Operating Officer of Plants and Goodwin, LLC. *See* [Doc. 285].

In support, Diversified asserts four (4) objections: (1) Diversified provided sufficient evidence of confidential commercial information [id. at 9–11]; (2) Diversified proved disclosure would cause significant harm [id. at 11–13]; (3) plaintiffs did not prove a substantial need for disclosure to Mr. Plants [id. at 13–14]; and (4) the current Protective Order cannot protect against this harm [id. at 14].

1

Under Federal Rule of Civil Procedure 72(a), a district court may refer to a magistrate judge "a pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). The parties may file objections to the magistrate judge's order, and the magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 354(1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D. N.Y. 1982); Shoop v. Hott, 2010 WL 5067567, at *2 (N.D. W.Va. Dec. 6, 2010) (Stamp, J.).

Upon consideration of the objections and the aforementioned standard of review, Diversified's Rule 72 Objections to Order Denying Diversified's Motion for Protective Order [**Doc. 285**] are **OVERRULED** and **DENIED**.

Mr. Plants is **ORDERED BOUND** by the terms of the Protective Order [Doc. 82]. This Court **DIRECTS** that information and documentation reviewed by Mr. Plants for purposes of this case will not be used for purposes outside of this action and cannot be shared with anyone. Furthermore, Mr. Plants is **DIRECTED TO RETURN** any and all information and documentation that he may have with respect to this matter within ten (10) days after the resolution of the same.

It is so **ORDERED**.

The Clerk is directed to forward copy of this Order to all counsel of record herein.

**DATED:** May 23, 2023.

                                                */s/ John Preston Bailey*
                                                **JOHN PRESTON BAILEY**
                                                **UNITED STATES DISTRICT JUDGE**