IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**MARK McEVOY**, *et al.*,

        Plaintiffs,

v.         **Civil Action No. 5:22-CV-171**
        Judge Bailey

**DIVERSIFIED ENERGY COMPANY PLC**,
*et al.*,

        Defendants.

## ORDER

Pending before this Court is Diversified's Objections to the Order [283] Granting in Part Motion to Quash or in the Alternative For Protective Order [Doc. 288] and accompanying Memorandum of Law in Support [Doc. 289], filed May 19, 2023. For the following reasons, this Court will overrule defendants' objections.

**I.**   **Applicable Law**

Under Federal Rule of Civil Procedure 72(a), a district court may refer to a magistrate judge "a pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). The parties may file objections to the magistrate judge's order, and the magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been

1

committed." ***United States v. United States Gypsum Co.***, 333 U.S. 354 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. ***Detection Sys., Inc. v. Pittway Corp.***, 96 F.R.D. 152, 154 (W.D. N.Y. 1982); ***Shoop v. Hott***, 2010 WL 5067567, at *2 (N.D. W.Va. Dec. 6, 2010) (Stamp, J.).

"Where a magistrate judge has carefully examined the proposed discovery, the Court will defer to the magistrate judge's 'broad discretion . . . to manage and define appropriate discovery" unless the Magistrate Judge's determinations were clearly erroneous or contrary to law." ***Shukh v. Seagate Tech. LLC***, 295 F.R.D. 228, 238 (D. Minn. 2013).

## II. Discussion

On May 15, 2023, Magistrate Judge Mazzone entered an Order granting in part and denying in part plaintiffs' motion [254] to quash or in the alternative for protective order. *See* [Doc. 283].

Defendants lodge two (2) objections to the subject Order. First, defendants argue there is no jurisdiction to support the protective order. *See* [Doc. 289 at 8–12]. In support, defendants assert that the subject Order is contrary to the Court's precedent and other cases. *See* [id. at 8–11]. Defendants also assert that the subject Order is contrary to the intent of Federal Rule of Civil Procedure 45. *See* [id. at 11–12].

Second, defendants argue a protective order withholding fact information that is in an expert's possession is inappropriate. *See* [id. at 12–23]. In support, defendants assert

2

that the requested materials are relevant fact discovery. See [id. at 13–17]. Defendants next assert that Federal Rule of Civil Procedure 26 does not prohibit the subpoena. See [id. at 17–23]. Defendants also argue that plaintiffs have not carried their burden of justifying a protective order. See [id. at 23].

Plaintiffs filed a Response to Diversified's Objections to the Order Granting Plaintiffs' Motion for a Protective Order and Plaints & Goodwin's Joinder in Same [Doc. 298] on May 26, 2023. In response, plaintiffs assert: (1) the plain text of Rule 26[1] supports this Court's jurisdiction to enter a protective order shielding plaintiffs' expert witness from improper discovery, as many courts have found [Doc. 298 at 2–5]; and (2) the expert discovery that defendants seek from Mr. Plants and Plants & Goodwin is governed by Rule 26 and improperly sought under Rule 45 [id. at 5–12].

This Court agrees with plaintiffs that the plain language of Rule 26 provides this Court with jurisdiction to enter a protective order shielding Luke Plants and Plants & Goodwin from discovery. Pursuant to Federal Rule of Civil Procedure 26(c), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . ." Federal Rule of Civil Procedure 26 also does not restrict this Court's broad authority to regulate the conduct of discovery under Rule 26. As plaintiffs laid out, many courts have applied the plain language of Federal Rule of Civil Procedure 26 to find that Rule 6 gives courts the inherent power to issue a protective order

---

[1] Plaintiffs at the hearing and in their response to Diversified's objections concede that their motion to quash the subpoenas under Rule 45 was improperly filed with this Court because Rule 45 requires such a motion to be filed in the jurisdiction where compliance is required, which is not the Northern District of West Virginia.

related to a subpoena even though it lacks jurisdiction to quash that same subpoena. See [Doc. 298 at 3–4 (collecting cases)].

This Court **OVERRULES** defendants objection that there is no jurisdiction to support the protective order.

Defendants' second objection argues a protective order withholding fact information that is in an expert's possession is inappropriate. However, Mr. Plants and Plants & Goodwin are not fact witnesses to this case. The only relevant information plaintiffs seek from Mr. Plants and Plants & Goodwin relate to bid packages, well plugging data, and communications about Diversified and the 2018 and 2020 transactions. Defendants attempt to frame Mr. Plants as a fact witness; however, any relevant information held by Mr. Plants and Plants & Goodwin is a result of Mr. Plants' expert professional knowledge of the market for well-plugging, not any transaction or occurrence that forms the basis of plaintiffs' action.

Defendants argue that ***Marsh v. Jackson***, 141 F.R.D. 431 (W.D. Va. 1992) (Crigler, M.J.) does not justify withholding the requested materials. This Court disagrees. Rule 26's limitations on expert discovery apply to subpoenas under Rule 45. As Magistrate Judge Mazzone stated:

> Defendants argue that they are seeking discovery not included in R. 26, and as such, the subpoena is proper. In considering this argument, the Court would note in particular the parties' discussion regarding ***Marsh v. Jackson***, 141 F.R.D. 431 (W.D. Va. 1992) (Crigler, M.J.). In that case, the defendant argued, as Defendants do here, that Rule 45 permits a "cost-

4

efficient, less time consuming" manner of obtaining "factual information" from Plaintiffs' proposed expert. *Id*. at 432. The Court rejected this argument and found that "Rule 26(b)(4) remains a limitation on the right of access by an opposing party to the evidence of experts who have been retained to testify in the case." *Id*.

[Doc. 283 at 4]. The *Marsh* court relied in part on the Advisory Committee's comment to the 1991 amendments to Rule 45, which expressly stated that the Rule's allowance for discovery of information from non-party, non-expert witnesses does not apply to "the expert retained by a party, whose information is subject to the provisions of Rule 26(b)(4)." *Id*. at 433 (quoting 1991 Advisory Committee Notes to Rule 45(c)). Moreover, the logic of *Marsh* has been followed widely, including by other district courts in this Circuit. See [Doc. 298 at 9–10].

Plaintiffs have carried their burden to justify a protective order. "To obtain a protective order under Rule 26(c), the party resisting discovery must establish that the information sought is covered by the rule and that it will be harmed by disclosure." *In re Wilson*, 149 F.3d 249, 252 (4th Cir. 1998). This Court holds that Magistrate Judge Mazzone did not abuse his discretion when considering the subject discovery dispute. Defendants will get all of the information they are entitled to, at the appropriate time, under Rule 26 and this Court's scheduling order. Thus, this Court **OVERRULES** defendants objection that a protective order withholding fact information that is in an expert's possession is inappropriate.

### III. Conclusion

Diversified's Objections to the Order [283] Granting in Part Motion to Quash or in the Alternative For Protective Order [**Doc. 288**] are **OVERRULED**.

It is so **ORDERED**.

**DATED:** May 31, 2023.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE