IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**MARK McEVOY**, et al.,

        Plaintiffs,

v.                                              **Civil Action No. 5:22-CV-171**
                                                         Judge Bailey

**DIVERSIFIED ENERGY COMPANY PLC**,
et al.,

        Defendants.

## ORDER

Pending before this Court is Sierra Club's Objections to Diversified's Subpoena Pursuant to F.R.C.P. 45 [Doc. 287], filed May 16, 2023. The time to file a response has passed. Thus, the matter is ripe for adjudication. For the reasons that follow, this Court will sustain Sierra Club's objections and quash the subpoena.

A subpoena issued by this Court and addressed to "Sierra Club c/o National Registered Agents, Inc." was served via Sierra Club's[1] agent for service of process in Glendale, California, on May 2, 2023 (hereinafter "the Subpoena"). The Subpoena seeks documents in the possession of Sierra Club, mainly Sierra Club's internal documents

---

[1] Sierra Club is a national, non-profit environmental organization dedicated to exploring, enjoying, and protecting the wild places of earth; to practicing and promoting the responsible use of the earth's ecosystems and resources; to educating and enlisting humanity to protect and restore the quality of the natural and human environment; and to using all lawful means to carry out these objectives.

1

relating to all such advocacy efforts concerning Diversified,[2] even though the documents and information are unrelated to the lawsuit.

Sierra Club, a non-party, asserts the following general objections to Diversified's Subpoena:

- the Subpoena seeks documents and information concerning Sierra Club that are not relevant to any party's claims or defenses in this matter;

- the Subpoena broadly seeks documents and information that are completely unrelated to the litigation;

- the discovery sought is not proportional to the needs of the case, and that the burden of compliance would exceed the benefit of production of the material sought;

- compliance with the Subpoena would be unduly burdensome and expensive, and that such burden and expense outweigh any benefit of the discovery;

- any relevant, non-privileged information may be obtained using publicly available resources or through ordinary discovery of the parties in the litigation;

- the Subpoena seeks documents that are not within Sierra Club's possession, custody, or control;

- the Subpoena is unduly burdensome and disproportionate to the needs of the case because there are no limits placed on the Subpoena through Definitions or Instructions;

---

[2] The Subpoena was served by Diversified Energy Company PLC, Diversified Production LLC, and Diversified Gas & Oil Corporation (hereinafter Diversified).

2

- the ESI Protocol appended to the Subpoena imposes an undue burden on Sierra Club; and

- the Subpoena does not allow a reasonable time period for compliance.

[Doc. 287 at 3–5].

Sierra Club also asserts the following specific objections:

- Document Requests 1 – 5

    - Request: Diversified requests information with respect to whether the authors of the report titled "Diversified Energy: A Business Model Built to Fail Appalachia" have had any contact with the Sierra Club. *See* [Doc. 246-1 at 4].

    - Objection: Whether the authors of the report have had any such contact has nothing at all to do with the issues in this case, even for purposes of cross-examination.

- Document Requests 6 – 8

    - Request: Diversified seeks documents pertaining to Sierra Club's communications with two (2) general non-party news organizations and a non-party expert on gas wells. *See* [Doc. 246-1 at 4].

    - Objection: Whether Sierra Club – a non-party to this suit – communicated with three (3) other non-parties to this suit about general areas of mutual interest has nothing to do with whether the defendants committed trespass, nuisance, or negligence, or engaged in a fraudulent transfer.

- Document Requests 9 – 10

    - Request: Diversified requests any communications Sierra Club has had with the plaintiffs' attorneys in this case about Diversified, this suit, or gas wells in West Virginia generally.  See [Doc. 246-1 at 5].

    - Objection: Any communications Sierra Club could have had with plaintiffs' lawyers about Diversified or this suit do not have any actual bearing on whether the defendants committed trespass, nuisance, or negligence, or engaged in a fraudulent transfer.  Moreover, the documents sought under Request 9 include attorney work-product and privileged communications unrelated to this litigation.

- Document Requests 11 – 13

    - Request: Diversified requests any documents and communications with *anyone* in the world regarding Diversified's activities in West Virginia generally, the transactions at issue in this case, or the plaintiffs generally.  See [Doc. 246-1 at 5].

    - Objection: Any documents or communications Sierra Club could have of this nature do not have any actual bearing on whether the defendants committed trespass, nuisance, or negligence, or engaged in a fraudulent transfer.  Moreover, requiring a non-party like Sierra Club to turn over any documents or communications it may have regarding a company's activities in a particular geographic location simply because that company happened to get sued in that location would create an undue burden not only in this case but would create

      an unprecedented and incredibly low bar for a company to invade and interfere with Sierra Club's legitimate First Amendment activities.

- Document Requests 14 – 19
  - Request: Diversified requests five (5) years' worth of evidence "sufficient to show payment" "directly or indirectly" from Sierra Club to (a) Appalachian Mountain Advocates, (b) Ohio River Valley Institute, (c) Ted Boettner, (d) Bailey & Glasser LLP, (e) Community Foundation for the Alleghenies or for Greater Johnstown, and (f) The Heinz Endowments. *See* [Doc. 246-1 at 5].
  - Objection: There is no connection between this information and the plaintiffs' claims or Diversified's defenses in this case. Diversified is trying to use this suit to conduct an audit on or to receive an accounting from a non-party to this case. Moreover, the documents sought implicate attorney-client privileged information.

This Court agrees with Sierra Club. The requests by Diversified are not relevant to any of the issues in the case, are not proportional to the needs of the case, and taking the time, money, and resources to respond would place an undue burden on Sierra Club. Thus, the objections by Sierra Club [**Doc. 287**] are **SUSTAINED**. The Subpoena [**Doc. 246**] is **QUASHED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** June 6, 2023.

                                                     JOHN PRESTON BAILEY
                                                     UNITED STATES DISTRICT JUDGE