IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

| | |
|---|---|
| MARK MCEVOY, *et al.*,<br>　　　　　Plaintiffs,<br><br>v.<br><br>DIVERSIFIED ENERGY COMPANY PLC, *et al.*,<br>　　　　　Defendants. | Civil Action No. 5:22-cv-00171-JPB<br>Judge John P. Bailey |

**DIVERSIFIED'S MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER ORDER (ECF No. 308) QUASHING DIVERSIFIED'S SUBPOENA (ECF No. 246) TO SIERRA CLUB**

The Court should reconsider its Order (ECF No. 308) (the "Order") quashing Diversified's Subpoena (ECF No. 246-1) (the "Subpoena") to Sierra Club. As the Court recently held, it lacks jurisdiction to quash a subpoena where the district of compliance is another court. Additionally, the Court *sua sponte* quashed the subpoena despite the fact that neither Sierra Club nor Plaintiffs made any motion requesting such relief. Finally, the Court should reconsider the Motion because there was no opportunity to brief the relevance of the materials, and no party made any evidentiary showing of the Subpoena's alleged burden.

## LEGAL STANDARD

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Shatz v. Ford Motor Co.*, 2005 WL 8162494, at *2 (N.D. W. Va. Apr. 6, 2005) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 907, 909 (3rd Cir. 1985)). Thus, "a motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law . . . ." *Id.* (quoting *Prudential Sec. Inc. v. LaPlant*, 151 F.R.D. 678, 679 (D. Kan. 1993)).

1

**ARGUMENT**

I. **THE COURT LACKS JURISDICTION TO QUASH THE SUBPOENA**

As the Court just noted, it lacks jurisdiction to quash a subpoena that requires compliance in another district court. *See* Order (ECF No. 299) at 3 n. 1 ("Plaintiffs at the hearing and in their response to Diversified's objections concede that their motion to quash the subpoenas under Rule 45 was improperly filed with this Court because Rule 45 requires such a motion to be filed in the jurisdiction where compliance is required, which is not the Northern District of West Virginia.").

The Subpoena requires compliance in Glendale, California. *See* Subpoena at 1; Order at 1 ("A subpoena . . . was served via Sierra Club's agent for service of process in Glendale, California, on May 2, 2023 . . . ."). But the Court quashed the subpoena. *See,* Order ("The Subpoena . . . is **QUASHED**.") at 5. The Court cannot do so. *See* Fed. R. Civ. P. 45(d)(3) (stating motions to quash must be made in the district of compliance for subpoenas); Order (ECF No. 283) at 2 ("[I]nasmuch as the subpoenas at issue require compliance in other districts, this Court must deny the Motion to Quash for lack of jurisdiction."); *Glover v. EQT Corp.*, 2023 WL 2825827, at *1 (N.D. W. Va. Mar. 31, 2023) ("[I]nasmuch as the subpoena at issue requires compliance in another district, this Court must deny the Motion for lack of jurisdiction); *In re Monitronics Int'l, Inc.*, 2014 WL 12623046, at *2 (N.D. W. Va. June 19, 2014) (holding a motion for protective order and to quash should be filed in the district of compliance). Thus, the Order must be overturned.

II. **NOBODY REQUESTED THAT THE SUBPOENA BE QUASHED OR LIMITED**

The Order should be overturned because it entered relief without anyone requesting this relief. Neither Plaintiffs nor Sierra Club filed any motion asking for such relief. Instead, Sierra

Club violated Local Rule of Civil Procedure 5.01[2] and filed its objections on the docket. *See* Objections (ECF No. 287) at 1. Indeed, the Objection runs afoul of the requirements for motions under the Local Rules. *Compare id.* (containing no supporting memorandum), *with* Local Rule of Civ. P. 7.02 (requiring motions to include supporting memorandum).

Furthermore, there was no proper means of responding to the Objection before the Court. The only correct response to a subpoena objection is a motion to compel. *See* Fed. R. Civ. P. 45(d)(2)(B) ("If an objection is made, the following rules apply . . . At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."). As the Court recently recognized, Diversified cannot file such a motion with this Court. *See* Order (ECF No. 283) ("Courts around the country have denied motions to compel compliance with a subpoena and motions to quash a subpoena for lack of jurisdiction where the subpoena required compliance in another district.") (collecting cases). There was neither a reason nor a way to respond to the Objection.

As a result, the premise of the Court's Order is without factual or legal support. The time to file a response to Sierra Club's objections (*i.e.*, a motion to compel) has not passed, and the matter is not ripe for adjudication in this Court, or even in the court of competent jurisdiction (*i.e.*, the United States District Court for the Central District of California). *See* Order at 1 ("The time to file a response has passed. Thus, the matter is ripe for adjudication."). Thus, the Order must be overturned.

---

[2] "Parties shall not file in CM/ECF . . . any other discovery materials, unless expressly ordered by the Court or required under these Local Rules of Civil Procedure. Parties shall file only certificates of service of discovery materials." Local Rule Civ. P. 5.01.

3

## III. THE FACTUAL RECORD DOES NOT SUPPORT THE ORDER

The factual record does not support the Court's Order because there is no such record. The Court found "[t]he requests by Diversified are not relevant to any of the issues in the case, are not proportional to the needs of the case, and taking the time, money, and resources to respond would place an undue burden on Sierra Club." Order at 5. Diversified was given no opportunity to move to compel compliance with the subpoena based on the relevance of the requested materials, and no party presented evidence on the alleged burden or proportionality.

As for relevance, Diversified was not given any opportunity to present an argument about relevance or to explain how the materials are relevant. Plaintiffs' claims are based on a report authored by Ted Boettner and the Ohio Valley River Institute. *See* Second Am. Compl. (ECF No. 96) at 4, 11, 12, 14, 20, and 21 (relying on report for basis of allegations); *see also* Pls.' Reply in Support of Mot. for Leave to File Second Am. Compl. (ECF No. 93) at 7 ("The Boettner Report was the first public revelation of the extent of these accounting tricks and the fact of Diversified's insolvency."). Sierra Club was involved in discussions of that report as it was being prepared. *See* Ex. A (ORVI_TB001216); Ex. B (ORVI_TB002276); Ex. C (ORVI_TB028364); Ex. D (ORVI_KH002098); Ex. E (ORVI_KH002103); Ex. F (WAWRZYNEK_00000404); Ex. G (WAWRZYNEK_00000612); Ex. H (ORVI_TB019162). Indeed, Sierra Club was involved in calls about this case's legal theories and the complaint itself. *See* Ex. I (ORVI_TB040236); Ex. J (ORVI_TB038240); Ex. K (ORVI_TB016741); Ex. L (ORVI_KH003474); Ex. M (ORVI_TB040312); Ex. N (ORVI_TB009465); Ex. O (ORVI_TB038432); Ex. P (ORVI_TB003760). Direct, non-privileged discussions about the very document that serves as the factual basis for Plaintiffs' claims (its support and motivations) and also with Plaintiffs' counsel about Plaintiffs' legal theories are unquestionably relevant both to the underlying claims

4

and to issues of class certification, including but not limited to the adequacy of putative class representatives and putative class counsel.

As for undue burden and proportionality, there is not a single bit of evidence to support any finding on either of these topics. Instead, there are only conclusory assertions in the Objection, made without any evidence. This is insufficient.

"The law is clear that a party resisting discovery on the grounds of burdensomeness and oppression must do more to carry its burden than make conclusory and unsubstantiated allegations." *Murphy v. Setzer's World of Camping, Inc.*, 2021 WL 2042732, at *1 (S.D. W. Va. May 21, 2021) (collecting cases). Courts "***will only consider an unduly burdensome objection when the objecting party demonstrates how discovery is overly broad, burdensome, and oppressive by submitting affidavits or other evidence revealing the nature of the burden***." *Id.* (emphasis added) (citing *Convertino v. U.S. Dep't of Just.*, 565 F. Supp. 2d 10, 14 (D. D.C. 2008)). For example, "[a] party objecting must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome." *Id.* (quoting *Bank of Mongolia v. M & P Glob. Fin. Servs., Inc.*, 258 F.R.D. 514, 519 (S.D. Fla. 2009)). Here, the record is devoid of any evidence.

## **CONCLUSION**

For the foregoing reasons, the Court should overturn the Order.

| | |
|---|---|
| Respectfully submitted: | Dated: June 12, 2023 |
| */s/ Howard M. Persinger, III* | |

| | |
|---|---|
| Howard M. Persinger, III (WVSB #6943) | Daniel Donovan, P.C.  (*pro hac vice*) |
| **PERSINGER & PERSINGER, L.C.** | Ragan Naresh, P.C. (*pro hac vice*) |
| 237 Capitol Street | **KIRKLAND & ELLIS LLP** |
| Charleston, WV 25301 | 1301 Pennsylvania Avenue, N.W. |
| Phone:   (304) 346-9333 | Washington, D.C. 20004 |
| Fax:       (304) 346-9337 | Phone:    (202) 389-5267 |
| Email:    hmp3@persingerlaw.com | Fax:        (202) 389-5200 |
| | Email:    daniel.donovan@kirkland.com |
| | ragan.naresh@kirkland.com |

Kenneth Young (*pro hac vice*)
Dustin Womack (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
609 Main Street
Houston, TX 77002
Phone:    (713) 836-3600
Fax:        (713) 836-3601
Email:    kenneth.young@kirkland.com
dustin.womack@kirkland.com

*Counsel for Defendants Diversified Energy Company PLC, Diversified Gas & Oil, PLC, Diversified Production LLC, Diversified Gas & Oil Corporation, Diversified Oil and Gas LLC, and Alliance Petroleum Corporation*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on June 12, 2023, a copy of the foregoing was served on all counsel of record via the Court's electronic filing system.

                                                 */s/ Howard M. Persinger, III*
                                                 Howard M. Persinger, III (WVSB #6943)