IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

**MARK McEVOY, JAMES TAWNEY and
SUSAN TAWNEY, SAMUEL STARK,
SUSAN DENNISON, MARK GOFF,
and CAROL DELROSSO and GEORGE
DELROSSO, individually and on behalf of
a proposed class,**

       Plaintiffs,

v.

CIVIL ACTION NO. 5:22-CV-171
Honorable Judge John P. Bailey

**DIVERSIFIED ENERGY COMPANY, PLC,
DIVERSIFIED GAS & OIL, PLC, DIVERSIFIED
PRODUCTION LLC, DIVERSIFIED GAS & OIL
CORPORATION, DIVERSIFIED OIL AND GAS
LLC, ALLIANCE PETROLEUM CORPORATION,
EQT PRODUCTION COMPANY, EQT
PRODUCTION HTW, LLC, EQT ENERGY LLC,
EQT INVESTMENT HOLDINGS, LLC, EQT
GATHERING, LLC, EQM MIDSTREAM
PARTNERS LP, EQT MIDSTREAM PARTNERS
LP, EQT GP HOLDINGS, LP, and EQT
CORPORATION,**

       Defendants.

### SIERRA CLUB'S RESPONSE IN OPPOSITION TO
### DIVERSIFIED'S MOTION FOR RECONSIDERATION

Non-Party, Sierra Club, by and through its undersigned counsel, hereby files the following Response in Opposition to the Diversified Defendants' ("Diversified") Motion for Reconsideration [Dkt. Nos. 311, 312] in the above-captioned matter, stating as follows.

**I.   INTRODUCTION**

Diversified's Motion for Reconsideration is based on the faulty premises that this Court does not have jurisdiction to sustain Sierra Club's objections to Diversified's Subpoena or to quash Diversified's Subpoena and that this matter is not ripe for the Court's adjudication. This Court absolutely has jurisdiction to sustain Sierra Club's objections and to quash the Subpoena, and the matter is perfectly ripe for adjudication. Accordingly, Diversified's Motion for Reconsideration should be denied.

**II.   LEGAL DISCUSSION**

"While it is an unsettled subject in the Fourth Circuit, a majority of federal courts, including this Court, have found that Rule 45 subpoenas *duces tecum* constitute discovery under Rule 26." *Nickerson v. State Farm Ins. Co.*, Civil Action No. 5:10CV105, 2011 U.S. Dist. LEXIS 124762, at *5 (N.D.W. Va. Oct. 27, 2011) (citing, *inter alia*, *Garvin v. So. States Ins. Exch. Co.,* 2007 U.S. Dist. LEXIS 63664 (N.D. W. Va. Aug. 28, 2007) (No. 1:04-CV-73) and *Haught v. The Louis Berkman LLC*, Civil Action No. 5:03-CV-109, (N.D. W. Va. Feb. 22, 2006)). "In addition to the strong weight of case law favoring the conclusion that Rule 45 subpoenas constitute discovery, logic independently mandates such a finding." *Nickerson*, 2011 U.S. Dist. LEXIS 124762, at *6. Rule 26 specifically includes subpoenas of documents pursuant to Rule 45 as a means of discovery, and in requesting documents through Rule 45, parties seek to obtain information about their case that is held by another party, the identical purpose which drives all types of Rule 26 discovery." *Id.*

"Further, subpoenas *duces tecum* seeking production of documents from third-parties [such as Sierra Club] likewise constitute discovery." *Id.* Federal Rule of Civil Procedure 34(c) focuses on subpoenas and production of documents by third-parties." *Id.* "Rule 34(c) states:

2

'[a]s provided in Rule 45, a nonparty may be compelled to product documents and tangible things.'" *Id.* "As aptly articulated by the Northern District of Oklahoma …, '[t]he inclusion of references to Rule 45 within Rules 26 and 34 is a clear indication that procuring documents from non-parties can constitute [sic] discovery.'" *Id.* at *6-7 (citation omitted).

This Court has the power to dispense with discovery being sought before it, and has done so, pursuant to the Court's inherent power under the United States Constitution to manage the affairs before it. *See id*. at *9-10 (disallowing a party's subpoenas issued to third parties). As the Court noted in *Nickerson*, "this Court maintains the inherent power vested with the federal courts to control the progression of cases before it," and may "decline[] to allow [certain] discovery …." *See id.* at *9-10 (citing *Woodson v. Surgitek*, 57 F.3d 1406, 1417 (5th Cir. 1995) and *Link v. Wabash R. Co.,* 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). Indeed, as this Court has noted, "[a] district court is afforded 'substantial discretion in managing discovery . . .' *Id.* (quoting *Lone Star Steakhouse & Saloon v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). As the United States District Court for the District of Maryland has noted, "reliance upon the court's inherent authority … permits the court to reach situations the federal rules of procedure do not cover" even with respect to sanctions. *White v. Office of Pub. Defender*, 170 F.R.D. 138, 148 (D. Md. 1997).

Here, since the Court has inherent power to control discovery before it, including subpoenas issued to third parties, there has been no "manifest errors of law or fact or newly discovered evidence." *Shatz v. Ford Motor Co.*, 2005 WL 8162494, at *2 (N.D. W. Va. Apr. 6, 2005) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 907, 909 (3rd Cir. 1985)). Further, the Court has not, as Diversified contends, "obviously misapprehended a party's position or the facts or applicable law . . . ." *Id.* (quoting *Prudential Sec. Inc. v. LaPlant*, 151 F.R.D. 678, 679 (D. Kan.

3

1993)).  The Court has the inherent authority to quash Diversified's subpoena to Sierra Club and has properly done so.  The fact that there has been no formal motion to quash is meaningless in light of the Court's inherent authority to control discovery, in light of the fact that the power extends beyond the Rules of Civil Procedure, and in light of the fact that the power extends to subpoenas issued to third parties.  Likewise, the fact that the United States District Court for the Central District of California is the proper venue for Rule 45 Motions to Quash or to Compel is of no moment since, as Diversified freely admits, there have been no such motions.  Rather, the Court acted on Sierra Club's objections, which were properly served on Diversified and all other parties using the Court's CM/ECF filing system.  There is nothing improper about service or the Court exercising its inherent authority to dispense with Diversified's subpoena which seeks information that is not relevant to any party's claims or defenses and that is not proportional to the needs of the case.  Additionally, the fact that there is undue burden is *prima facie* clear upon review of the pleadings, subpoena, and objections, and no further evidence is required to reach this conclusion.

### III.   CONCLUSION

In conclusion, based on all of the foregoing, Diversified's Motion for Reconsideration should be denied.

Respectfully submitted,

*/s/ Randal M. Whitlatch*
Randal M. Whitlatch
WV Bar No. 10258
Duane Morris LLP
625 Liberty Avenue, Suite 1000
Pittsburgh, PA  15222-3112
Phone: (412) 497-1029
rmwhitlatch@duanemorris.com

June 13, 2023                                           *Counsel for Non-Party Sierra Club*

## **CERTIFICATE OF SERVICE**

I certify that on this 13th day of June 2023 the foregoing **SIERRA CLUB'S RESPONSE IN OPPOSITION TO DIVERSIFIED'S MOTION FOR RECONSIDERATION** was served on all counsel of record using the Court's ECF system.

*/s/ Randal M. Whitlatch*
Randal M. Whitlatch

DM1\14225341.1