**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**WHEELING DIVISION**

MARK MCEVOY, *et al.*,
Plaintiffs,

v.

DIVERSIFIED ENERGY COMPANY PLC, *et al.*,
Defendants.

Civil Action No. 5:22-cv-00171-JPB
Judge John P. Bailey

**DIVERSIFIED'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

Sierra Club admits it did not file a motion to quash the subpoena, but simply used the docket to serve its objections and responses on all parties. *See* Response (ECF No. 314) at 4. It also admits the United States District Court for the Central District of California is the proper jurisdiction for motions to quash or compel. *See id.* For these reasons alone, the Court should grant Diversified's motion to reconsider the Court's Order quashing the subpoena.

The time for Diversified to file a response to Sierra Club's objections had not passed when the Court entered its Order, and the matter was not ripe for adjudication. *Contra* Order (Dkt. No. 308) at 1. A response to Sierra Club's objections, if any, could only take the form of a motion to compel, which must be filed before the United States District Court for the Central District of California. *See* Fed. R. Civ. P. 45(d)(2)(B)(i) ("At any time, on notice to the commanded person, the serving party may move ***the court for the district where compliance is required*** for an order compelling production or inspection." (emphasis added)). Diversified was in the process of meeting and conferring with Sierra Club regarding its objections and responses—as required by

the Local Rules for the Central District of California[1]—when the Court *sua sponte* quashed the subpoena.

Sierra Club's sole basis for opposing Diversified's motion to reconsider is that Rule 45 subpoenas constitute "discovery" and the Court "maintains the inherent power vested with the federal courts to control the progression of cases before it." Response (ECF No. 314) at 2–3. Although true that Rule 45 subpoenas constitute discovery for the purposes of the time limitations of Rule 16,[2] the case upon which Sierra Club relies predates the 2013 amendments to Rule 45 and does not address whether this Court has jurisdiction to quash a third-party subpoena when it is not the district of compliance. *See generally Nickerson v. State Farm Ins. Co.*, 2011 WL 5119452 (N.D. W. Va Oct. 27, 2011).

Regardless of the fact that a subpoena is a discovery device, the Court does not have jurisdiction to quash the subpoena. As this Court has repeatedly recognized, "inasmuch as [any] subpoenas at issue require compliance in other districts, this Court must deny [a] Motion to Quash for lack of jurisdiction." Order (Dkt. No. 283) at 2; *see also Glover v. EQT Corp.*, 2023 WL 2825827, at *1 (N.D.W. Va. Mar. 31, 2023) ("[A] Motion to Quash [a] subpoena must be filed in the court for the district where compliance is required.") (citing Fed. R. Civ. P. 45(d)(3)). "Courts around the country have denied motions to compel compliance with a subpoena and motions to quash a subpoena for lack of jurisdiction where the subpoena required compliance in another

---

1 *Compare* Local Rules - Central District of California ("L.R.") 45-1 ("L.R. 37 applies to all motions relating to discovery subpoenas served on (a) parties and (b) non-parties represented by counsel."), *with* L.R. 37-1 ("Before filing any motion relating to discovery under F.Rs.Civ.P. 26-37, ***counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible.***" (emphasis added)).

2 *Nickerson v. State Farm Ins. Co.*, 2011 WL 5119452, at *2–3 (N.D. W. Va Oct. 27, 2011) ("While it is an unsettled subject in the Fourth Circuit, a majority of federal courts, including this Court, have found that Rule 45 subpoenas duces tecum constitute discovery under Rule 26, ***and are thus subject to the time limitations of Rule 16 Scheduling Orders with only slim exceptions***." (emphasis added)).

district." Order (ECF No. 283) at 2 (citing *Oakwood Products, Inc. v. SWK Technologies, Inc.*, 2022 WL 7108844, at * 8 (D. S.C. Oct. 12, 2022) (citing *Europlay CapitalAdvisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018); *Agincourt Gaming, LLC v. Zynga, Inc.*, 2014 WL 4079555 (D. Nev. Aug. 15, 2014); and *Semex All. V. Elite Dairy Genomics, LLC*, 2014 WL 1576917 (S.D. Ohio Apr. 18, 2014)). If this Court lacks jurisdiction to quash the subpoena even when there is a timely motion, it certainly does not have the jurisdiction to quash a subpoena in the absence of any such motion. Any contrary rule would render a farce of the Court's own precedent, the obligation to support a protective order with evidence, and Federal Rule of Civil Procedure 45.

## CONCLUSION

For the foregoing reasons, and those in the motion, the Court should grant Diversified's motion and vacate the order quashing the third-party subpoena on Sierra Club.

Respectfully submitted:

Dated: June 13, 2023

*/s/ Howard M. Persinger, III*
Howard M. Persinger, III (WVSB #6943)
**PERSINGER & PERSINGER, L.C.**
237 Capitol Street
Charleston, WV 25301
Phone: (304) 346-9333
Fax: (304) 346-9337
Email: hmp3@persingerlaw.com

Daniel Donovan, P.C. (admitted *pro hac vice*)
Ragan Naresh, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone: (202) 389-5267
Fax: (202) 389-5200
Email: daniel.donovan@kirkland.com
ragan.naresh@kirkland.com

Kenneth Young (admitted *pro hac vice*)
Dustin Womack (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
609 Main Street
Houston, TX 77002
Phone: (713) 836-3600
Fax: (713) 836-3601
Email: kenneth.young@kirkland.com
dustin.womack@kirkland.com

*Counsel for Defendants Diversified Energy Company PLC, Diversified Gas & Oil, PLC, Diversified Production LLC, Diversified Gas & Oil Corporation, Diversified Oil and Gas LLC, and Alliance Petroleum Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 13, 2023, a copy of the foregoing was served on all counsel of record via the Court's electronic filing system.

*/s/ Howard M. Persinger, III*
Howard M. Persinger, III