IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**MARK McEVOY**, et al.,

        Plaintiffs,

v.                                 **CIVIL ACTION NO. 5:22-CV-171**
                                         Judge Bailey

**DIVERSIFIED ENERGY COMPANY PLC,**
**et al.**

        Defendants.

## ORDER DENYING MOTION TO RECONSIDER ORDER (ECF No. 308) QUASHING DIVERSIFIED'S SUBPOENA (ECF No. 246) TO SIERRA CLUB

Pending before this Court is Diversified's Motion to Reconsider Order (ECF No. 308) Quashing Diversified's Subpoena (ECF No. 246) to Sierra Club [Doc. 311] and accompanying Memorandum in Support [Doc. 312]. Non-party Sierra Club filed a Response in Opposition to Diversified's Motion for Reconsideration [Doc. 314]. Accordingly, this matter is ripe for adjudication. For the reasons contained herein, the Motion will be denied.

## BACKGROUND

Defendant Diversified Energy Company PLC ("defendant Diversified") urges this Court to reconsider its Order quashing its subpoena to non-party Sierra Club ("the Order") because it contends this Court lacks jurisdiction to quash a subpoena where the district of compliance is another court. [Doc. 312 at 1]. Moreover, defendant Diversified argues the Order was improper because this Court quashed the subpoena *sua sponte* despite the fact that neither non-party Sierra Club nor plaintiffs made any motion requesting such relief.

1

[Id.]. Lastly, defendant Diversified asserts that the Order should be reconsidered because there was no opportunity to brief the relevance of the materials, and no party made any evidentiary showing of the subpoena's alleged burden. [Id.].

## **LEGAL STANDARDS**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." ***Shatz v. Ford Motor Co.***, 2005 WL 8162494, at *2 (N.D. W.Va. Apr. 6, 2005) (quoting ***Harsco Corp. v. Zlotnicki***, 779 F.2d 907, 909 (3d Cir. 1985)). Thus, "a motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law . . .." ***Id***. (quoting ***Prudential Sec. Inc. v. LaPlant***, 151 F.R.D. 678, 679 (D. Kan. 1993)).

"Such motions are disfavored and should be granted 'sparingly.'" ***Wootten v. Commonwealth of Virginia***, 168 F.Supp.3d 890, 893 (W.D. Va. 2016) (Moon, J.) (quoting ***Downie v. Revco Disc. Drug Ctrs., Inc.***, 2006 WL 1171960, at *1 (W.D. Va. May 1, 2006) (Moon, J.)). "That is because their 'improper use . . . can waste judicial resources and obstruct the efficient administration of justice.'" ***Wootten***, 168 F.Supp.3d at 893 (quoting ***United States v. Duke Energy Corp.***, 218 F.R.D. 468, 474 (M.D. N.C. 2003) (Eliason, M.J.)).

"While it is an unsettled subject in the Fourth Circuit, a majority of federal courts, including this Court, have found that Rule 45 subpoenas *duces tecum* constitute discovery under Rule 26." ***Nickerson v. State Farm Ins. Co.***, 2011 WL 5119542, at *2 (N.D. W. Va. Oct. 27, 2011) (Stamp, J.) (internal citations omitted). "In addition to the strong weight of

case law favoring the conclusion that Rule 45 subpoenas constitute discovery, logic independently mandates such a finding." *Id.*, at *6.

## DISCUSSION

A review of the pleadings leads this Court to conclude that non-party Sierra Club is correct in its assertions that the subpoena was properly quashed and reconsideration is unwarranted. This Court has the power to dispense with discovery–like the subpoena–being sought before it, and this Court has done so pursuant to its inherent power under the United States Constitution. See ***Nickerson***, 2011 WL 5119542, at *9–10 (disallowing a party's subpoenas issued to third parties). As this Court noted in ***Nickerson***, "this Court maintains the inherent power vested with the federal courts to control the prgression of cases before it," and may "decline[ ] to allow [certain] discovery . . .." *Id.* (citing ***Woodson v. Surgitek***, 57 F.3d 1406, 1417 (5th Cir. 1995) and ***Link v. Wabash R. Co.***, 370 U.S. 626, 630 (1962)).

Here, since this Court has inherent power to control discovery, including subpoenas to third parties, there has been no manifest error of law or fact or newly discovered evidence warranting reconsideration.

## CONCLUSION

Diversified's Motion to Reconsider [disfavored] Order (ECF No. 308) Quashing Diversified's Subpoena (ECF No. 246) to Sierra Club [**Doc. 311**] is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to provide copies of this Order to all counsel of record herein.

**DATED:** June 13, 2023.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE