IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**MARK McEVOY**, et al.,

                Plaintiffs,

      v.                                                      **Civil Action No. 5:22-CV-171**
                                                                             Judge Bailey

**DIVERSIFIED ENERGY COMPANY PLC**,
et al.,

                Defendants.

## ORDER

Pending before this Court is Objections to and Motion to Quash "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action." Served by Defendant Diversified on David McMahon, J.D., Not Party, or in the Alternative, For a Protective Order [Doc. 306], filed June 5, 2023. A Response in Opposition to David McMahon's Objections [Doc. 323] was filed on June 19, 2023. A Reply [Doc. 328] was filed on June 26, 2023.

A subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action (hereinafter "the Subpoena") was issued by this Court and addressed to "David McMahon." The Subpoena seeks documents and communications in the possession of David McMahon. See [Doc. 290-1 at 4–5].

David McMahon asserts three objections: (1) on the grounds that what is sought is not relevant; (2) on the grounds that what is sought is subject to attorney-client and

1

attorney work product privilege, or in the alternative subject to the non-testifying expert exception; and (3) on the grounds of burdensomeness.  See [Doc. 306].

District courts enjoy "considerable discretion in overseeing discovery. . . ." **Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co.**, 748 F.3d 160, 178 (4th Cir. 2014).  As explained in **Virginia Dep't of Corrections v. Jordan**, 921 F.3d 180 (4th Cir. 2019):

> All civil discovery, whether sought from parties or nonparties, is limited in scope by Rule 26(b)(1) in two fundamental ways.  First, the matter sought must be "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  Relevance is not, on its own, a high bar.  There may be a mountain of documents and emails that are relevant in some way to the parties' dispute, even though much of it is uninteresting or cumulative.  Rule 26 therefore imposes another requirement: discovery must also be "proportional to the needs of the case." Id.  Proportionality requires courts to consider, among other things, "whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.  This relieves parties from the burden of taking unreasonable steps to ferret out every relevant document.
>
> When discovery is sought from nonparties, however, its scope must be limited even more.  Nonparties are "strangers" to the litigation, and since they have "no dog in [the] fight," they have "a different set of expectations" from the parties themselves.  **Cusumano v. Microsoft Corp.**, 162 F.3d 708, 717 (1st Cir. 1998). Bystanders should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the

2

scope of party discovery. For example, a party's email provider might well possess emails that would be discoverable from the party herself. But unless the email provider can offer important information that cannot be obtained from the party directly, there would be no cause for a subpoena against the provider.

A more demanding variant of the proportionality analysis therefore applies when determining whether, under Rule 45, a subpoena issued against a nonparty "subjects a person to undue burden" and must be quashed or modified. Fed. R. Civ. P. 45(d)(3)(A)(iv). As under Rule 26, the ultimate question is whether the benefits of discovery to the requesting party outweigh the burdens on the recipient. *In re Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018); *Citizens Union of N.Y.C. v. Att'y Gen. of N.Y.*, 269 F.Supp.3d 124, 138 (S.D.N.Y. 2017). But courts must give the recipient's nonparty status "special weight," leading to an even more "demanding and sensitive" inquiry than the one governing discovery generally. *In re Public Offering PLE Antitrust Litig.*, 427 F.3d 49, 53 (1st Cir. 2005).

Without exhaustively listing the considerations that go into this analysis, we note a few that are important here. On the benefit side of the ledger, courts should consider not just the relevance of information sought, but the requesting party's need for it. See *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 818 (5th Cir. 2004). The information sought must likely (not

3

just theoretically) have marginal benefit in litigating important issues. (We mean "marginal" in the economic sense that the information must offer some value over and above what the requesting party already has, not in the sense that a mere de minimis benefit will suffice.) Courts should also consider what information is available to the requesting party from other sources. *See* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2463.1, at 501–06 (3d ed. 2008). To that end, the requesting party should be able to explain why it cannot obtain the same information, or comparable information that would also satisfy its needs, from one of the parties to the litigation—or, in appropriate cases, from other third parties that would be more logical targets for the subpoena.

On the burden side, district courts should of course consider the dollars-and-cents costs associated with a large and demanding document production. But there are other cognizable burdens as well. For example, a subpoena may impose a burden by invading privacy or confidentiality interests. *See* **Modern Plastics**, 890 F.3d at 251–52; **In re Missouri Dep't of Corr.**, 839 F.3d 732, 736–37 (8th Cir. 2016); **Fappiano v. City of New York**, 640 F. App'x 115, 121 (2d Cir. 2016). Courts may consider the interests of the recipient of the subpoena, as well as others who might be affected. The text of Rule 45 makes that clear, encompassing burdens on any "person," not just the recipient of the subpoena. Fed. R. Civ. P. 45(d)(3)(A)(iv). For example, if a subpoena seeks information from a

business about its customers, it may implicate the business's interest in protecting competitively sensitive information, as well as the customers' interest in protecting their privacy, see **Modern Plastics**, 890 F.3d at 251–52. Another type of burden arises when a subpoena is overbroad—that is, when it seeks information beyond what the requesting party reasonably requires. See **Wiwa**, 392 F.3d at 818. A nonparty should not have to do the work of tailoring a subpoena to what the requesting party needs; the requesting party should have done that before serving it.

921 F.3d at 188–191.

Here, any production by Mr. McMahon would impose an undue burden. Mr. McMahon is a non-party and not counsel of record. The subpoena requests documents and communications from numerous people, starting July 1, 2016 to the present–ALL documents and communications. The burden or expense of compliance with the subpoena outweighs any likely benefit to defendants' counsel.

Thus, the objections [**Docs. 306 & 328**] are **SUSTAINED** and the Subpoena [**Doc. 290**] is **QUASHED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

DATED: July 18, 2023.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE