IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

**MARK MCEVOY, JAMES TAWNEY AND SUSAN TAWNEY, SAMUEL STARK, SUSAN DENNISON, MARK GOFF, and CAROL DELROSSO AND GEORGE DELROSSO, BENJAMIN PATTERSON, CHAD AND MICHELLE SILVESTER, CLINTON AND CANDACE DRAINER IRREVOCABLE TRUST, EBEN FRITTS and EBEN FRITTS iii GARY WENTZ, HEIDI DEEM, JEFFERY L. SALTIS and KELLIE D. SALTIS, LANE and MINERVA EVANS, MAYNARD and JENNIFER TANNER, JOAN MEDLEY, JACOB and REGINA COLLETTE, SCOTT CORCORAN, KATHY JOHNSON, and CHRISTINE COCHRAN individually and on behalf of a proposed class,**

       **Plaintiffs,**

v.                 **CIVIL ACTION NO. 5:22-cv-171-JPB**

**DIVERSIFIED ENERGY COMPANY PLC,
DIVERSIFIED GAS & OIL, PLC,
DIVERSIFIED PRODUCTION LLC,
DIVERSIFIED GAS & OIL CORPORATION,
DIVERSIFIED OIL AND GAS LLC,
ALLIANCE PETROLEUM CORPORATION,
EQT PRODUCTION COMPANY,
EQT PRODUCTION HTW, LLC,
EQT ENERGY LLC,
EQT INVESTMENT HOLDINGS, LLC,
EQT GATHERING, LLC
EQM MIDSTREAM PARTNERS LP,
EQT MIDSTREAM PARTNERS LP,
EQT GP HOLDINGS, LP,
and
EQT CORPORATION,**

       **Defendants.**

**MEMORANDUM IN SUPPORT OF "MOTION ON BEHALF OF CHESTER C. DODD, JR., KATHRYN M. HUNT, AND LINDA DODD FLUHARTY TO INTERVENE AS DEFENDANTS"**

Chester C. Dodd, Jr., Kathryn M. Hunt, and Linda Dodd Fluharty ("Intervening Defendants"), have moved the Court to intervene as Defendants in the above-captioned matter pursuant to Rule 24 of the Federal Rules of Civil Procedure.  Intervening Defendants' Motion should be granted because (1) it is timely and intervention would not prejudice any of the parties to this litigation; (2) Intervening Defendants are interested parties in the current litigation; (3) disposition of Plaintiffs' claims would impede Intervening Defendants' mineral interests in the subject gas wells; and (4) the current parties to the litigation do not adequately represent Intervening Defendants' interests.

**BACKGROUND**

This matter was initiated on July 8, 2022, with the filing of Plaintiffs' *Class Action Complaint* [Doc. 1].  Plaintiffs' *Third Amended Class Action Complaint* [Doc. 322] was submitted on January 5, 2023, and includes claims for Trespass by Diversified on behalf of the Common Law Class (Count I), negligence by Diversified on behalf of the Common Law Class (Count II), avoidance and recovery of a voidable transfer as the result of an actual fraudulent transfer on behalf of the Voidable Transfer Class (Count III), and avoidance and recovery of voidable transfer as the result of a constructive fraudulent transfer on behalf of the Voidable Transfer Class (Count IV). Plaintiffs contend that the Diversified Defendants had an obligation to plug and decommission thousands of abandoned gas wells in West Virginia, and further allege fraudulent transfers made between the Diversified Defendants and the EQT Defendants.  Plaintiffs bring this action on behalf of two proposed classes: (1) the Voidable Transfer Class and (2) the Common Law Class.

The Court entered its *Scheduling Order* [Doc. 70] on October 17, 2022. The Court's *Amended Scheduling Order* [Doc. 307] was entered on June 5, 2023. As of this writing, the only deadline to expire is the November 15, 2022, deadline for "Joinder & Amendment" set forth in the Court's original *Scheduling Order* [Doc. 70], and the next upcoming deadline is February 2, 2024, for the close of fact discovery and the deadline for examinations/inspections. [Doc. 307]. The trial date is set for October 15, 2024. [Doc. 307].

Intervening Defendants are West Virginia mineral owners whose interests would be impaired and/or terminated as a result of Plaintiffs' claims seeking, in part, to plug thousands of alleged abandoned gas wells in the State of West Virginia. As displayed below, Chester C. Dodd, Jr., has mineral interests in nine impacted wells in West Virginia (API Nos. 4703902361, 4703903587, 4703902171, 4703903384, 4703904586, 4703905075, 4703904517, 4703904748, and 4703904032), Kathryn M. Hunt has mineral interests in eight impacted wells in West Virginia (API Nos. 4703902361, 4703903587, 4703902171, 4703903384, 4703904586, 4703905075, 4703904517, and 4703904748), and Linda Dodd Fluharty has mineral interests in eight impacted wells in West Virginia (API Nos. 4703902361, 4703903587, 4703902171, 4703903384, 4703904586, 4703905075, 4703904517, and 4703904748). Indeed, Intervening Defendants have mineral interests in wells subject to the *Third Amended Class Action Complaint* [Doc. 322] that are still producing royalties, including: API Nos. 4703902171, 4703903384, 4703905075, 4703904517, and 4703904748. [Doc. 322 at ¶¶ 390-394]. Specifically, if a disposition is rendered in favor of the Plaintiffs and the subject gas wells are plugged, the Intervening Defendants would be deprived of further royalties by way of gas well that are producing or that can be rehabilitated, as is common practice in the industry. Intervening Defendants seek to intervene in the instant matter to protect their mineral interests in the present and the future.

**LEGAL STANDARD**

Liberality as to intervention is desirable. *United States v. Exxonmobil Corp.*, 264 F.R.D. 242, 245 (N.D.W. Va. 2010) ("liberal intervention is desirable to dispose of as much of a controversy involving as many apparently concerned persons as is compatible with efficiency and due process" (internal quotation and citation omitted)).

Intervention of right is governed by Rule 24(a) of the Federal Rules of Civil Procedure:

> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
>
> **(1)** is given an unconditional right to intervene by a federal statute; or
>
> **(2)** claims an interest relating to the property transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Alternatively, Rule 24(b) of the Federal Rules of Civil Procedure governs permissive intervention:

> **(b) Permissive Intervention.**
>
> **(1) In General.** On a timely motion, the court may permit anyone to intervene who:
> **(A)** is given a conditional right to intervene by a federal statute; or
>
> **(B)** has a claim or defense that shares with the main action a common question of law or fact.

Further, Rule 24(c) of the Federal Rules of Civil Procedure sets forth: "A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."[1]

The Fourth Circuit has enumerated factors to be considered for a Rule 24(a) intervention of right:

---

[1] Intervening Defendants' proposed responsive pleading is attached as Exhibit A to the instant Motion.

> This court has interpreted Rule 24(a)(2) to entitle an applicant to intervention of right if the applicant can demonstrate: (1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation.

*Teague v. Bakker*, 931 F.2d 259, 260-261 (4th Cir. 1991) (citation omitted). "Generally, to intervene as a matter of right a party must have a significant protectable interest in the outcome of the litigation." *Exxonmobil*, 264 F.R.D. at 245 (internal quotation and citation omitted). However, the Fourth Circuit has recognized that such an interest includes a contingent interest. *Teague*, 931. F.2d at 261; *see also Exxonmobil*, 264 F.R.D. at 245 (citing *Little Rock Sch. Dist. V. Pulaski Cnty. Special Sch. Dist. No. 1*, 738 F.2d 82, 84 (8th Cir. 1984) ("[t]he rule does not require, after all, that [potential intervenors] demonstrate to a certainty that their interests will be impaired in the ongoing action. It requires only that they show that the disposition of the action 'may as a practical matter' impair their interests."))

"It is generally recognized that, where intervention is sought as a matter of right, courts should be reluctant to dismiss a request for intervention as untimely inasmuch as the proposed intervenor may be seriously harmed if intervention is denied." *Loc. 1829 of United Mine Workers of Am. V. Island Creek Coal Co.*, 157 F.R.D. 380 (N.D.W. Va. 1994) (citing 7C Wright, Miller & Kane, *Federal Practice and Procedure* § 1916 at 424 (1986)). "In determining timeliness, '[a] reviewing court should look at how far the suit has progressed, the prejudice which delay might cause other parties, and the reason for the tardiness in moving to intervene.'" *Exxonmobil*, 264 F.R.D. at 245 (quoting *Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989)). "The most important consideration in deciding whether a motion for intervention is untimely is whether the delay in moving for intervention will prejudice the existing parties to the case. If prejudice is

5

found, the motion will be denied as untimely." *Id*. (quoting 7C Wright, Miller & Kane, *Federal Practice and Procedure* § 1916 at 424 (1986)). Factors to consider include:

> (1) the purposes for which intervention is sought; (2) whether the person seeking intervention moved promptly when he knew or should have known of his interest in the case; (3) prejudice, if any, to the existing parties if the intervention is allowed; (4) prejudice, if any, to the movant if intervention is denied; and (5) the existence of special circumstances mitigating for or against the particular intervention sought.

*Geico Gen. Ins. Co. v. Shurak*, 2006 WL 1210324 (N.D.W. Va. May 3, 2006) (citation omitted). Ultimately, "[a] district court has wide discretion in determining what is timely." *Id*. (quoting *Gould*, 883 F.2d at 286).

## **DISCUSSION**

Intervening Defendants must be permitted to intervene as a matter of right in this dispute because they have a direct economic, contractual, and legal interest in the outcome of this matter and the claims/relief sought by Plaintiffs. Indeed, Intervening Defendants are entitled to intervention as a matter of right because disposition of Plaintiffs' claims may impair and/or terminate their mineral interests in the subject gas wells, and such interests are not adequately represented by the existing parties to this action.

First, Intervening Defendants' Motion is timely and would not prejudice or adversely impact the existing parties to the litigation. Intervening Defendants' request to intervene in this matter will not disrupt the natural progression of the case at hand. As set forth herein above, Rule 24(a) does not enumerate a specific time frame or limit by which a potential intervenor must seek entry as a party to the underlying action; rather, only that the intervenor's motion be timely and not disrupt a lawsuit which has made significant strides towards trial to the prejudice of the existing parties. *See, e.g., Exxonmobil*, 264 F.R.D. at 245. Here, intervention by the Intervening Defendants will not disrupt the timeline.

The Court's *Scheduling Order* [Doc. 70] was entered on October 17, 2022, and the Court's *Amended Scheduling Order* [Doc. 307] was entered on June 5, 2023. As of this writing, the only deadline set forth in the *Scheduling Order* [Doc. 70] to have expired is the November 15, 2022, deadline for "Joinder & Amendments". The next upcoming deadline is the February 2, 2024, deadline for "Examination/Inspection" and fact discovery completion. [Doc. 307 at p. 2]. As certified in Intervening Defendants' Motion, Intervening Defendants are willing to abide by and be prepared for resolution of this matter in accordance with the Court's *Amended Scheduling Order* [Doc. 307], which sets the trial of this matter for October 15, 2024. [Doc. 307]. Intervening Defendants are prepared to participate in the case to defend their interests, specifically, their mineral interests in the subject gas wells. Given the current status of this action, permitting Intervening Defendants to intervene in the underlying case at this time would not prejudice any of the parties, nor would it cause any undue delay in the natural progression of the matter. Indeed, Plaintiffs conceded: "However, if any particular mineral owner were to identify an interest that would be diminished by Plaintiffs' action and sought to enforce that interest in a separate forum, that owner could be joined and Plaintiffs' suit could proceed." [Doc. 295 at p. 20, n.3].

Next, Intervening Defendants, as mineral owners whose interests would be impaired and/or terminated as a result of Plaintiffs' claims, i.e.., by the plugging of gas wells that are still producing or that could be rehabilitated to produce royalties, have a direct economic, contractual and legal interest in the outcome of this matter and the claims/relief sought by Plaintiffs. Indeed, "all parties who are interested in the property have an interest in the well". *Wellman v. Energy Res., Inc.*, 210 W. Va. 200, 212, 557 S.E.2d 254, 266 (2001). If Plaintiffs' claims were to succeed, thousands of gas wells would be plugged in West Virginia that would deprive Intervening Defendants of the

7

potential for such wells to continue to produce or to be rehabilitated to produce royalties, as is common in the industry. The threat to Intervening Defendants' interests is significant.

Moreover, given the claims articulated by the Plaintiffs in their *Third Amended Class Action Complaint* [Doc. 322] and the impact of the relief requested upon the Intervening Defendants' mineral interests, it is apparent that Intervening Defendants are the appropriate parties to meet and defend against Plaintiffs' claims. Further, while some overlap may exist, no existing party to this action occupies the same legal position as the Intervening Defendants as mineral owners with direct interests in the subject gas wells. The Defendants do not adequately represent the Intervening Defendants' mineral interests because the mineral owners, not the Defendants, have a statutory right to prohibit the plugging of any well that an operated has deemed abandoned:

> Additionally, it is widely recognized that whether there is an equipment removal clause or not, a lessee may not remove equipment even if he has abandoned or lost his interest in an oil and gas well if the removal of the equipment destroys a well which **is capable of producing**. (emphasis added)

*Wellman*, 210 W. Va. at 212 (citation omitted). Further, the lessor must have "a reasonable opportunity to qualify under the bonding statute of this State . . . to continue the operation of the well". *Id*. Should Plaintiffs prevail on their claims against the Defendants for the plugging of wells based upon non-production, notwithstanding their potential for future production or rehabilitation, Intervening Defendants would assert this right to preserve their royalties and attempt to find an operator who could bring the wells online (perhaps Defendants themselves). Indeed, as discussed herein, certain wells identified by Plaintiffs continue to produce royalties.

Finally, Intervening Defendants' ability to challenge their rights meaningfully and practically as mineral owners with regard to thousands of alleged abandoned gas wells sought to be plugged by Plaintiffs after the above-styled litigation has concluded is questionable. Plugging of the alleged abandoned gas wells will certainly impact Intervening Defendants' mineral interests

going forward because if such wells are not plugged, the possibility of such gas wells being rehabilitated to produce royalties remains open.  However, if the instant matter is resolved in Plaintiffs' favor, such gas wells would be plugged, depriving Intervening Defendants of the possibility of future royalties, as such wells could no longer be rehabilitated.  If Intervening Defendants are not permitted to intervene, the decision and judgment rendered in this litigation may be binding upon them going forward.  Intervening Defendants need to protect their interests so that the failure to intervene does not serve as any waiver of defenses or ability to protect the future development and economic impact of their mineral interests.  The *Teague* factors clearly support intervention.  Accordingly, Intervening Defendants' Motion should be granted as a matter of right.

In the alternative, if the Court holds that Intervening Defendants are not permitted to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a), permissive intervention should be approved under Fed. R. Civ. P. 24(b).  The analysis under Fed R. Civ. P. 24(b) overlaps with the analysis under Fed. R. Civ. P. 24(a).  The factors to consider for permissive intervention include: "whether (1) the motion is timely, (2) there are common questions of law or fact, and (3) intervention will unduly delay or prejudice adjudication of the original parties' rights." *Deutsche Bank Tr. Co. Americas v. Mountain W. Hosp., LLC*, 2017 WL 6420280 (N.D.W. Va. Dec. 15, 2017).  As discussed above, Intervening Defendants' Motion is timely, and no prejudice would be incurred by the existing parties to the litigation by allowing intervention.  Indeed, the Diversified Defendants identified mineral owners as well as the West Virginia Department of Environmental Protection as necessary parties; however, the Court denied such Defendants' Motion pursuant to Rule 19.  [Doc. 303].  Additionally, the questions of law and fact are intertwined because plugging of the subject gas wells would impact Intervening Defendants mineral rights as set forth herein.

9

As such, in the event that the Court denies intervention as a matter of right under Fed. R. Civ. P. 24(a), Intervening Defendants are entitled to permissive intervention under Fed. R. Civ. P. 24(b).

Accordingly, principles of equity and justice requires that Intervening Defendants be permitted to intervene in the instant action to protect their mineral ownership interests.

## CONCLUSION

For these reasons as well as those otherwise apparent from the record, Intervening Defendants urge the Court to grant their Motion to intervene as Defendants in the above-captioned matter.

                        **CHESTER C. DODD, JR., KATHRYN M. HUNT, and LINDA DODD FLUHARTY**
                            Intervening Defendants.

                        By: ___*Patrick S. Casey*_____
                            Counsel for Intervening Defendants

Patrick S. Casey (WVSB #668)
Sandra M. Chapman (WVSB #701)
Ryan P. Orth (WVSB #13029)
CASEY & CHAPMAN, PLLC
Wheeling, WV 26003
(304) 231-2405
(866) 296-2591 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of July, 2023, I electronically filed the foregoing MEMORANDUM IN SUPPORT OF "MOTION ON BEHALF OF CHESTER C. DODD, JR., KATHRYN M. HUNT, AND LINDA DODD FLUHARTY TO INTERVENE AS DEFENDANTS" with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

                **CHESTER C. DODD, JR.,**
                **KATHRYN M. HUNT, and LINDA**
                **DODD FLUHARTY**
                  Intervening Defendants.


               By: _____*Patrick S. Casey*_____
                 Counsel for Intervening Defendants

Patrick S. Casey (WVSB #668)
Sandra M. Chapman (WVSB #701)
Ryan P. Orth (WVSB #13029)
CASEY & CHAPMAN, PLLC
Wheeling, WV 26003
(304) 231-2405
(866) 296-2591 (fax)