FILED

SEP 21 2023

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

MARK McEVOY, et al.,

        Plaintiffs,

v.

Civil Action No. 5:22-CV-171
Judge Bailey

DIVERSIFIED ENERGY COMPANY PLC,
et al.,

        Defendants.

## INSTITUTE FOR ENERGY ECONOMICS AND FINANCIAL ANALYSIS'S RESPONSE TO DIVERSIFIED'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

Non-party, Institute for Energy Economics and Financial Analysis, Inc. ("IEEFA"),[1] hereby responds to the motion to compel compliance filed by Plaintiffs Diversified Energy Company PLC, Diversified Production LLC, and Diversified Gas & Oil Corporation ("Diversified") [Doc. 381], by requesting that the motion be denied.

In support, IEEFA submits a memorandum, counsel's declaration [NDOH, Doc. 9-1, at 1-2] with the objections dated May 15, 2023 [*id.*, at 3-5] and letters dated June 8 and 14, 2023[2] and the Northern District of Ohio's ("NDOH") decision, *Diversified Energy Co. PLC v.*

---

[1] IEEFA "examines issues related to energy markets, trends, and policies. The Institute's mission is to accelerate the transition to a diverse, sustainable and profitable energy economy." See https://ieefa.org/what-we-do (last visited September 21, 2023).

[2] The June 14, 2023, letter [*id.*, at 9] explains that "IEEFA stands by this position [contained in counsel's June 8, 2023 letter]" but that:

> [I]f you can convincingly document in writing that the reasoning and holding of Judge Bailey's order regarding the Sierra Club subpoena is not determinative and controlling in this matter, then IEEFA will reconsider its position. Otherwise, we are at an impasse. See Exhibit A, ¶ 4, and pg. 8.

*Inst. for Energy Econs. & Fin. Analysis*, 2023 U.S. Dist. LEXIS 158906 (N.D. Ohio 2023) ("*Diversified v. IEEFA*"). For this dispute's procedural background, see *id.,* at *1-9.

Also, pursuant to Federal Evidence Rule 201, IEEFA requests that this Court take judicial notice of <u>Exhibit A</u> and other filings cited in this response in the NDOH. *See e.g.*, *Colonial Penn Insurance Company v. Coil,* 887 F.2d 1236, 1239 (4th Cir. 1989) (The "most frequent use of judicial notice of ascertainable facts is in noticing the content of court records."); and *Hopper v. Judge Jay-Bee Oil & Gas, Inc.*, 2023 U.S. Dist. LEXIS 157595, at *8 (N.D. W. Va. 2023) (J. Bailey).

A proposed order is provided on page 10 of this response.

Respectfully submitted,

/s/Edward A. Icove
Edward A. Icove (0019646)
Icove Legal Group Ltd.
Terminal Tower, Suite 3220
50 Public Square
Cleveland, OH 44113
Phone: (216) 802-0000
Fax: (216) 802-0002
ed@icovelegal.com

Attorneys for IEEFA

## **MEMORANDUM IN RESPONSE TO MOTION TO COMPEL**

Diversified's subpoena issued to IEEFA [Doc. 236-1] is substantially similar to the subpoena issued to the Sierra Club ("the Sierra Club Subpoena") [Doc. 246-1] and to David McMahon, J.D. ("the McMahon Subpoena") [Doc. 290-1]. The NDOH agreed. *Diversified v. IEEFA,* 2023 U.S. Dist. LEXIS 158906, at *5-7, 15 ("substantially similar" and "virtually identical"). The NDOH explained at *15-16:

> Upon careful review, the Court notes that Documents Requests 1 through 11 of the Subpoena issued to IEEFA are identical to (1) Document Requests 1 through 5, and 8 through 13 of the Sierra Club Subpoena; and (2) Document Requests [*16] 1 through 11 of the McMahon Subpoena. *Compare* Doc. No. 1-2 at Page ID#s 23-24 *with* Doc. No. 9-3 at Page ID#s 225-226 and Doc. No. 9-5 at Page ID#s 257-258. In quashing the Sierra Club and McMahon Subpoenas, the Northern District of West Virginia expressly considered the issues of relevance and undue burden, both of which issues are raised by IEEFA in their Objections to Diversified's Subpoena (Doc. No. 9-1 at Page ID#s 204-207.)

Regarding the Sierra Club Subpoena, this Court found that "the requests by Diversified are not relevant to any of the issues in the case, are not proportional to the needs of the case, and taking the time, money, and resources to respond would place an undue burden on Sierra Club." [Doc. 308 at 5]. Likewise, on July 18, 2023, this Court found that "any production by Mr. McMahon would impose an undue burden. Mr. McMahon is a non-party and not counsel of record. The subpoena requests documents and communications from numerous people, starting July 1, 2016 to the present - ALL documents and communications. The burden or expense of compliance with the subpoena outweighs any likely benefit to defendants' counsel." [Doc. 340 at 5]. The Sierra Club order was not mentioned in Diversified's motion to compel. Both orders are controlling.

Accordingly, Diversified's motion to compel should be denied.

3

## I. IEFFA'S OBJECTIONS

IEEFA asserts the following general objections to Diversified's Subpoena [NDOH, Doc. 9-1, at 4-5]:

1. the Subpoena is overbroad and unduly burdensome to the extent it purports to seek discovery of documents that are neither relevant to, nor likely to lead to the discovery of, admissible evidence.

2. the Subpoena would impose significant burdens of time and costs for compliance on a non-party.

3. the Subpoena seeks documents that are of such scant relevance, if any, to the matter, that the effort to identify and produce any such documents is disproportionate to the burdens the Subpoena would impose on IEEFA.

4. the Subpoena seeks documents that are publicly available or in the public domain.

5. the Subpoena seeks documents that are in the custody, possession, or control of the parties, including Defendants.

6. the Subpoena seeks documents that have already been produced in the action, or that are simultaneously being produced in the action by the litigants. There is no basis to seek production of redundant materials from IEEFA.

7. the Subpoena is overbroad and unduly burdensome to the extent it seeks the production of documents that are in the custody, possession, or control of non-parties from whom such documents have already been requested and/or produced. IEEFA objects to the extent it seeks materials that can be or have been produced by other third parties with the imposition of less burden and cost than would be imposed on him.

8. the Subpoena's time period "July 1, 2016 to present" is overbroad and unduly burdensome. The report about which it seeks information was published in April 2022. This action was filed in 2022. Reaching back seven years (2023-2016) is excessive in scope, particularly for IEEFA, and inherently burdensome.

9. the Subpoena seeks documents that include third-party proprietary data and/or information derived from third-party proprietary data.

4

      10.   the Subpoena requests appear designed solely to harass and intimidate, rather than to further a legitimate discovery objective.

IEEFA's specific objections to the Subpoena include: that the requests are overbroad, unduly burdensome, and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence, and that the documents are in the public domain, or in the custody, possession or control of parties or other non-parties who have already produced, or have been subpoenaed to produce, such materials, and there is no justification for seeking redundant materials from a non-party. [NDOH, Doc. 9-1, at 4-5].

On August 14, 2023, Diversified judicially admitted that it has received documents from Ted Boettner, Anthony Ingraffea, Paul Wawrzynek, Renee Santoro, Clark Williams-Derry and the Ohio River Valley Institute in response to subpoenas. [NDOH, Doc. 11, at 8]. This additional evidence weighs in favor of denying the motion to compel.

## II.   RESPONSE TO DIVERSIFIED'S ARGUMENTS

### A. Requests 1, 2 and 3 are not relevant to the *McEvoy* Plaintiffs' factual allegations.

Diversified submits that these requests are relevant because they seek documents about the Boettner Report[3] that constitutes the basis for *McEvoy* Plaintiffs' factual allegations. [Doc. 381-1 at 3-5]. Diversified's position is without merit for two reasons.

First, this Court has addressed this issue. Sierra Club objected to Document Requests 1-5 as follows: "Whether the authors of the report have had any such contact has nothing at all to do with the issues in this case, even for purposes of cross-examination." [Doc. 308, at 3]. This Court agreed with Sierra Club and held, *inter alia*, that "the requests

---

[3] It is entitled "Diversified Energy: A Business Model Built to Fail Appalachia," which was published in April 2022 by the Ohio River Valley Institute and authored by Ted Boettner, Kathy Hipple, and Anthony Ingraffea. [Doc. No. 322, at ¶¶ 42-82, 97].

5

were not relevant to any issue in the case." [*Id.*, at 5]. The NDOH explained that Diversified failed to "explain why [this Court's] relevance analysis would be any different simply because the IEEFA was mentioned in the Acknowledgments section of the Boettner Report." *Diversified v. IEEFA,* 2023 U.S. Dist. LEXIS 158906, at \*17.

Second, any factual distinction between the Sierra Club and McMahon orders and this case is a distinction without a difference. Diversified's attempt to factually distinguish the Sierra Club and McMahon orders because they were "not directly acknowledged for their involvement in the report" [NDOH Doc. 11, at 8] is misplaced.

A Sierra Club report is cited in the appendix to the Boettner report. See Appendix 2: Calculating State Decommissioning (Plugging and Wellsite Restoration) Costs at page 10 (a recent report by Jeremy Weber (University of Pittsburgh) commissioned by the Sierra Club finds that the average plugging cost in Pennsylvania is between $25,000 and $36,000 for conventional wells and $70,000 and $83,000 for unconventional wells [footnote 13]"); pg. 32, Footnote 13: "13. Sierra Club et. al. "COMMONWEALTH OF PENNSYLVANIA ENVIRONMENTAL QUALITY BOARD PETITION FORM." *Sierra Club*, September 14, 2018."), at: https://ohiorivervalleyinstitute.org/wp-content/uploads/2022/04/Diversified-Appendices-FINAL.pdf (last viewed September 21, 2023).

Also, the fact that Mr. McMahon is not mentioned in the Boettner Report does not mean that this Court's order is not controlling. Requests 1-11 in the Subpoena in this case and in the McMahon Subpoena are the same. *Diversified v. IEEFA,* 2023 U.S. Dist. LEXIS 158906, at \*15-16. Also, as explained above, "whether the authors of the Boettner Report have had any such contact has nothing at all to do with the issues in this case, even for

6

purposes of cross-examination." [Doc. 308, at 3]. In the NDOH proceedings, Diversified failed to "explain why [this Court's] relevance analysis would be any different simply because the IEEFA was mentioned in the Acknowledgments section of the Boettner Report." *Diversified v. IEEFA,* 2023 U.S. Dist. LEXIS 158906, at *17. None exists.

B. Requests 4, 5, 6 and 7 are not relevant to the claims and parties.

Diversified submits that these requests are relevant because they seek information about the assumptions, methodology, motive, and accuracy of the Boettner report. [Doc. 381-1 at 5-6]. Diversified's position is without merit.

First, for the reasons in A, *supra*, this argument is without merit as to Requests 4 and 5. In regards to Requests 6 and 7, this Court sustained the Sierra Club's objections to Document Requests 6-8 as follows: "Whether Sierra Club – a non-party to this suit – communicated with three (3) other nonparties to this suit about general areas of mutual interest has nothing to do with whether [Diversified] committed trespass, nuisance, or negligence, or engaged in a fraudulent transfer." [Doc. 308, at 3, 5].

Likewise, whether IEEFA, a non-party to this suit, communicated with other non-parties to this suit has nothing to do with whether Diversified "committed trespass, nuisance, or negligence, or engaged in a fraudulent transfer." [*Id.*].

Thus, Diversified's argument is without merit.

C. Requests 8 and 9 are not relevant to the disputed wells in the *McEvoy* case.

Diversified submits that these requests are relevant because they seek information about the disputed wells in the *McEvoy* case. [Doc. 381-1 at 7-9]. Diversified's position is without merit. Request 8 is addressed in B, *supra*. Likewise, this Court has made a

7

relevancy determination in ruling on the Sierra Club and McMahon Subpoenas. The Court's ruling and rationale are controlling in this case.

### D. Requests 10 and 11 are not relevant to the Boettner Report.

Diversified submits that these requests are relevant because they seek documents about the report that constitutes *McEvoy* Plaintiffs' factual allegations. [Doc. 381-1 at 9-10]. Request 10 is addressed in arguments in A, *supra*. Regarding Request 11, this Court ruled that any documents or communications Sierra Club could have of this nature do not have any actual bearing on whether [Diversified] "committed trespass, nuisance, or negligence, or engaged in a fraudulent transfer." [Doc. 308 at. 4,5]. This ruling is controlling.

### E. Request 12 for donations is not relevant and does not contain impeachment material.

Diversified submits that this request is relevant because payments from third parties seek impeachment materials. [Doc. 381-1 at 10]. Its position is without merit.

"There is no connection between this information and the plaintiffs' claims or Diversified's defenses in this case. Diversified is trying to use this suit to conduct an audit on or to receive an accounting from a non-party to this case." [Doc. 308 at 5]. Request 12 [Doc. 236-1, at 5] is comparable to Requests 14-19 in the Sierra Club Subpoena [Doc. 246-1, at 5] and Request 12 in the McMahon Subpoena [Doc. 290-1, at 5]. Like the orders in those cases, payments to third parties are neither relevant to any issue in the case nor would present evidence for cross-examination.

### F. IEEFA's compliance with the Subpoena would create an undue burden.

Diversified submits that IEFFA cannot show that compliance with the Subpoena would create an undue burden. [Doc. 381-1, at 10-11]. Its position is without merit.

8

The documents requested in the Subpoena are "not relevant to any issues in the case, are not proportional to the needs of the case, and taking the time, money, and resources to respond would place an undue burden on [IEEFA]." [Doc. 308 at 5]. Like Mr. McMahon, "any production by [IEEFA] would impose an undue burden." [Doc. 340 at 5].

Also, like IEEFA and the Sierra Club Subpoenas, the McMahon Subpoena requests "documents and communications from numerous people, starting July 1, 2016 to the present - ALL documents and communications." [Doc. 340 at 5]. This overbroad request is inherently burdensome. This action was filed on July 8, 2022. Reaching back seven years (2023-2016) is excessive in scope, particularly for IEEFA. The Sierra Club and McMahon orders demonstrate the undue burden placed upon IEEFA. They are controlling.

### III. CONCLUSION

For these reasons, Diversified's motion to compel should be denied.

Respectfully submitted,

*/s/Edward A. Icove*
Edward A. Icove (0019646)
Icove Legal Group Ltd.
Terminal Tower, Suite 3220
50 Public Square
Cleveland, OH 44113
Phone: (216) 802-0000
Fax:    (216) 802-0002
ed@icovelegal.com

Attorneys for IEEFA

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## Wheeling

**MARK McEVOY**, *et al.*,

        Plaintiffs,

v.

**Civil Action No. 5:22-CV-171**
Judge Bailey

**DIVERISIFIED ENERGY COMPANY PLC,**
*et al.*,

        Defendants.

### PROPOSED ORDER DENYING DIVERSIFIED'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA [Doc. 381] TO IEEFA

Having considered the motion and all material relevant hereto, the Court **DENIES** Diversified's motion to compel compliance by Institute for Energy Economics and Financial Analysis, Inc. [Doc. 381].

The Clerk is directed to provide copies of this Order to all counsel of record.

ENTERED: _____, 2023

                                                                                                      Honorable John Preston Bailey

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2023, a complete copy of this document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this through the Court's system.

*/s/Edward A. Icove*
Edward A. Icove
Attorney for IEEFA
