# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**MARK McEVOY**, et al.,

        Plaintiffs,

v.                                              **Civil Action No. 5:22-CV-171**
                                                  Judge Bailey

**DIVERSIFIED ENERGY COMPANY PLC**,
et al.,

        Defendants.

## ORDER

Pending before this Court is a Motion on Behalf of Chester C. Dodd, Jr., Kathryn M. Hunt, and Linda Dodd Fluharty to Intervene as Defendants [Doc. 344], filed July 20, 2023. A Memorandum in Opposition [Doc. 354] was filed on August 3, 2023. A Reply [Doc. 357] was filed on August 10, 2023. The Court held a Motion hearing on September 21, 2023. Therefore, the Motion to Intervene is ripe for adjudication.

In the Motion, Chester C. Dodd, Jr., Kathryn M. Hunt, and Linda Dodd Fluharty ("Intervening Defendants") move the Court to intervene as defendants. In support, Intervening Defendants state they are West Virginia mineral owners whose interests would be impaired and/or terminated as a result of Plaintiffs' claims seeking, in part, to plug thousands of alleged abandoned gas wells in West Virginia. More specifically, Intervening Defendants argue that if a disposition is rendered in favor of the plaintiffs and the subject

gas wells are plugged, the Intervening Defendants would be deprived of further royalties by way of gas wells that are still producing or that can be rehabilitated.

In their Response in Opposition, plaintiffs state that plaintiffs' action will not impair any interest of the Intervening Defendants and any such interest is adequately represented by the existing defendants. Plaintiffs also argue that this Court should deny the Intervening Defendants request for intervention under Rule 24(b) because the motion is untimely and their presence would complicate the issues to be determined and burden plaintiffs and the Court without providing any countervailing benefit.

Pursuant to Federal Rule of Civil Procedure 24(a), "[o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

In the Third Amended Class Action Complaint [Doc. 322], for example, plaintiff Joan Medley alleges:

> 370. Medley owns the surface estate. Upon information and belief, she does not possess the right to produce oil or gas from the property because the mineral estate was severed from the surface estate prior to Medley's acquisition of the property.
>
> 371. As a surface owner, Medley is not entitled to royalties or other compensation for gas production by the mineral estate owner or its lessee.
>
> \* \* \*

373. The first conventional vertical gas well is known by a unique numerical identifier, called an API number, which is 047-039-02361.

\* \* \*

375. According to the Office of Oil and Gas, the well's operator has not reported natural gas production in any amount since 2018 for well 047-039-02361.

\* \* \*

377. According to the Office of Oil and Gas, the well 047-039-02361 has not produced oil since 2018.

\* \* \*

384. Without any mineral production on those wells, there is no purpose and no legal justification for the continued presence of the wells or their associated equipment.

[Doc. 322 at 44–45].

The Intervening Defendants all have mineral interests in Well 047-039-02361. The WV DEP Office of Oil and Gas website lists Well 047-039-02361 as an "Active Well." Moreover, plaintiff Medley's allegation that the well has not reported gas production in any amount since 2018 is simply untrue. As the chart shows below, Well 047-039-02361, even if only marginally, produced 18mcfg of gas[1] in 2022.[2]

---

[1] The WV DEP website shows that Well 047-039-02361 produced no oil since 2019.

[2] Plaintiffs filed the Third Amended Complaint on June 16, 2023. Upon further review, some of the allegations concerning some wells in the Third Amended Complaint appear to be unsupported.

**WVDEP Office of Oil and Gas - Well Search**

Disclaimer: Per §22-6-6 Permit required for all well work, permit fee, application, soil erosion control plan
(a) It is unlawful for any person to commence any well work, including site preparation work, which involves any disturbance of land, without first securing a well work permit from the director of the WVDEP Office of Oil and Gas.
The appearance of an API number on the web page does not signify that a permit has been issued. The API number is used as a tracking mechanism until the permit has been issued. Under no circumstances should well work be commenced without a signed permit.

**Current Operator**

| Well API | Operator | Surface Owner | Well Number | Well Status | Well Type | Last Permit Issue Date |
|---|---|---|---|---|---|---|
| 4703902361 | DIVERSIFIED PRODUCTION LLC | DOUGLAS, VIENNA L | 1 | Active Well | Vertical | 04/04/1969 |

Note: The operator listed above is the current operator of the well. This operator may or may not have recorded production for this well for the years listed below. The production listed below spans the years shown, regardless of the operator who originally recorded a particular year's production numbers.

**Production by Energy Type**

**Well Lifetime Gas Production**
All amounts expressed in mcfg (thousand cubic feet)

| Reporting Operator | Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DIVERSIFIED PRODUCTION LLC | 2022 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 16 | 16 |
| DIVERSIFIED PRODUCTION LLC | 2021 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| DIVERSIFIED PRODUCTION LLC | 2020 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| NYTIS EXPLORATION COMPANY LLC | 2019 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| NYTIS EXPLORATION COMPANY LLC | 2018 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 3 | 4 | 5 | 0 | 0 | 12 |

Based upon the Intervening Defendants' material interest in the subject gas wells that are still producing, and the allegations set forth in the Third Amended Class Action Complaint, the Intervening Defendants have a direct interest in the outcome of this matter. Thus, the Motion on Behalf of Chester C. Dodd, Jr., Kathryn M. Hunt, and Linda Dodd Fluharty to Intervene as Defendants [Doc. 344] is **GRANTED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: September 22, 2023.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE