**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**WHEELING DIVISION**

**MARK MCEVOY, et al., individually and**
**on behalf of a proposed class,**

        **Plaintiffs,**

**v.**                                        **Civil Action No. 5:22-cv-171-JPB**

**DIVERSIFIED ENERGY COMPANY PLC,**
**et al.,**

        **Defendants.**

**MOTION TO STRIKE COMMON LAW CLASS ALLEGATIONS BY CHESTER C.**
**DODD, JR., KATHRYN M. HUNT, AND LINDA DODD FLUHARTY**

    Chester C. Dodd, Jr., Kathryn M. Hunt, and Linda Dodd Fluharty ("Intervening Defendants") move the Court to strike the Common Law Class allegations because proceeding with the common law tort claims as a class action will inevitably result in harm to the Intervening Defendants and mineral owners or other property owners like the Intervening Defendants. The Named Plaintiffs cannot carry their burden of showing that the Common Law Class is ascertainable or that their claims are typical of the Common Law Class. The Court should strike the class allegations now so the case is narrowed and any risk of harm averted. The Intervening Defendants should not have to address class allegations that cannot be certified from the outset.

    1.    The Court recognized that the Intervening Defendants are West Virginia mineral owners whose interests would be impaired and/or terminated as a result of the Named Plaintiffs' claims seeking, in part, to plug thousands of allegedly "abandoned" gas wells in West Virginia. As the Court stated: "Based upon the Intervening Defendants' material interest in the subject gas wells that are still producing, and the allegations set forth in the Third Amended Class Action

Complaint [about such wells], the Intervening Defendants have a direct interest in the outcome of this matter." *Order* [Doc. 391] at 4.

2.      In their *Third Amended Class Action Complaint* [Doc. 322], the Named Plaintiffs seek to represent two classes.  Only the Common Law Class is relevant for this Motion.  The Common Law Class is defined as "consisting of all persons or entities who own land in West Virginia containing at least one well that (1) is not producing and/or has not produced oil or gas for 12 consecutive months, (2) is currently owned or operated by Diversified, and (3) has not been plugged or properly decommissioned.

3.      The Common Law Class fails as a matter of law.  It is not ascertainable because the class members, class wells, and related interest owners, cannot be ascertained without extensive fact-finding.  Intervening Defendants only learned of this action and the fact that the Named Plaintiffs seek to include their producing well in the Common Law Class because one of the Named Plaintiffs' claims involves the well in which Intervening Defendants have an interest.  There are likely countless others like Intervening Defendants whose currently producing wells are included in the Common Law Class definition simply because they did not produce for a consecutive 12 month period before returning to production.  But identifying those people requires an inquiry into the production status and history of a well, but that fact is always in flux and will require a well-by-well analysis.  Additionally, there is no mechanism to alert others in the position of Intervening Defendants (*i.e.*, people who own severed mineral estates for producing wells, or wells that may return to production, but the surface owners wish to plug).  Furthermore, the Common Law Class risks litigation of the rights of landowners who want non-producing wells to remain on their property because they are in the process of being returned to production, the landowner hopes they

2

will return to production, or the landowner is obtaining shut-in payments.  Again, there is no way to ascertain what those wells are and who those landowners are.

4.      The Named Plaintiffs' claims are also not typical of the Common Law Class because fundamental property rights are at issue.  One property owner cannot stand in the shoes in a representative capacity for the claims of another property owner's property.  Allowing this to happen would be especially problematic in this case because the Named Plaintiffs' interests are adverse to the Intervening Defendants and we believe a large number of landowners and owners of severed mineral estates like Intervening Defendants who, although not class members, would have their interests adjudicated if the Common Law Class moves forward.

5.      For the foregoing reasons, and those explained in the Intervening Defendant's *Memorandum in Support of Motion to Strike the Common Law Class*, the Court should grant this motion.

**CHESTER C. DODD, JR.,
KATHRYN   M.   HUNT,   and
LINDA DODD FLUHARTY**
Intervening Defendants

By: /s/ Patrick S. Casey_____
    Counsel for Intervening Defendants

Patrick S. Casey (WVSB #668)
Sandra M. Chapman (WVSB #701)
Ryan P. Orth (WVSB #13029)
CASEY & CHAPMAN, PLLC
Wheeling, WV 26003
(304) 231-2405
(866) 296-2591 (fax)
and
G. Nicholas Casey, Jr. (WVSB #666)
4401 Kanawha Ave. SE
Charleston, WV 25304
(304) 610-4941

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**WHEELING DIVISION**

**MARK MCEVOY, et al., individually and**
**on behalf of a proposed class,**

        **Plaintiffs,**

**v.**                              **Civil Action No. 5:22-cv-171-JPB**

**DIVERSIFIED ENERGY COMPANY PLC,**
**et al.,**

        **Defendants.**

### <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on the 20th day of October, 2023, I electronically filed the foregoing

MOTION TO STRIKE THE COMMON LAW CLASS ALLEGATIONS BY CHESTER C.

DODD JR., KATHRYN M. HUNT, AND LINDA DODD FLUHARTY with the Clerk of Court

using the CM/ECF system, which will send notification of such filing to counsel of record.

                                                 **CHESTER C. DODD, JR.,**
                                                 **KATHRYN M. HUNT,** and
                                                 **LINDA DODD FLUHARTY**
                                              Intervening Defendants

                                         By: <u>/s/ Patrick S. Casey</u>
                                             Counsel for Intervening Defendants

Patrick S. Casey (WVSB #668)
Sandra M. Chapman (WVSB #701)
Ryan P. Orth (WVSB #13029)
CASEY & CHAPMAN, PLLC
Wheeling, WV 26003
(304) 231-2405
(866) 296-2591 (fax)
and
G. Nicholas Casey, Jr. (WVSB #666)
4401 Kanawha Ave. SE
Charleston, WV 25304
(304) 610-4941