IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**MARK McEVOY**, et al.,

        Plaintiffs,

v.                         **Civil Action No. 5:22-CV-171**
                                        Judge Bailey

**DIVERSIFIED ENERGY COMPANY PLC**,
et al.,

        Defendants.

## ORDER

Pending before this Court is Diversified's Motion to Compel Compliance with Subpoena to the Institute for Energy Economics and Financial Analysis [Doc. 381] and accompanying memorandum of law [Doc. 381-1], filed on September 11, 2023. Institute for Energy Economics and Financial Analysis[1] (hereinafter "IEEFA") filed a Response [Doc. 387] on September 21, 2023. A Reply [Doc. 396] was filed on September 28, 2023. The matter is now ripe for adjudication.

This dispute's background was discussed by Judge Pamela A. Barker:

    This matter involves a Subpoena issued by Diversified to IEEFA in connection with the matter of *McEvoy v. Diversified Energy Company, PLC*, Case No. 5:22CV00171-JPB (N.D. W.Va.). In *McEvoy*, the plaintiffs

---

[1] IEEFA "examines issues related to energy markets, trends, and policies. The Institute's mission is to accelerate the transition to a diverse, sustainable and profitable energy economy." See [Doc. 387 at 1 fn.1].

1

filed a Class Action Complaint in the United States District Court for the Northern District of West Virginia on July 8, 2022 against numerous defendants, including Diversified. As the district court in that case explained, the *McEvoy* case "stems from thousands of abandoned gas wells in West Virginia that plaintiffs allege Diversified Defendants had a duty to plug and decommission." *McEvoy*, Case No. 5:22CV00171 (N.D. W.Va.) (Doc. No. 204). It also involves "alleged fraudulent transfers made between Diversified Defendants and EQT Defendants." (*Id.*). The *McEvoy* plaintiffs assert claims for trespass (Count I), negligence (Count II), and "avoidance of recovery of a voidable transfer as the result" of an actual or constructive fraudulent transfer (Counts III and IV). (*Id.*). See also *id.* at Doc. No. 322.

The *McEvoy* plaintiffs' Third Amended Complaint makes numerous references to a report entitled "Diversified Energy: A Business Model Built to Fail Appalachia," which was published in April 2022 by the Ohio River Valley Institute and authored by Ted Boettner, Kathy Hipple, and Anthony Ingraffea (hereinafter referred to as "the Boettner Report."). *See, e.g.*, *McEvoy*, Case No. 5:22CV00171 (N.D. W.Va.) (Doc. No. 322 at ¶ 42-82, 97.). The Boettner Report is attached as an Exhibit to the *McEvoy* plaintiffs' Third Amended Complaint. In its "Acknowledgments" section, the Boettner Report provides, in relevant part, that "[t]he authors also thank Clark Williams-Derry with the [IEEFA] . . . for the invaluable feedback on drafts of the report." (*Id.* at Exh. A. to Doc. No. 322 at p. 1.)

On April 28, 2023, Diversified served a Subpoena on IEEFA, which is located in Lakewood, Ohio. (Doc. No. 1-2.) The Subpoena was issued by the Northern District of West Virginia and commands IEEFA to produce documents responsive to the following twelve (12) requests:

1. Documents related to the [Boettner report].

2. Communications discussing or otherwise related to the [Boettner Report.]

3. Communications discussing or otherwise related to Ted Boettner, Kathy Hipple, and Anthony Ingraffea from July 1, 2016 to present.

4. Communications with Ted Boettner about Diversified or the above-captioned matter from July 1, 2016 to present. To the extent you claim any such communications are privileged, please provide a privilege log regarding the same.

5. Communications with Kathy Hipple or the Ohio River Valley Institute about Diversified or the above-captioned matter from July 1, 2016 to present. To the extent you claim any such communications are privileged, please provide a privilege log regarding the same.

6. Communications with Luke Plants or Plants & Goodwin, Inc. about Diversified or the above-captioned matter from July 1, 2016 to present. To the extent you claim

any such communications are privileged, please provide a privilege log regarding the same.

7. Communications with members or employees of the Appalachian Mountain Advocates about gas wells in West Virginia, Diversified,2 or the above-captioned matter from July 1, 2016 to present. To the extent you claim any such communications are privileged, please provide a privilege Jog regarding the same.

8. Communications with Brian A. Glasser, John W. Barrett, or other attorney at Bailey & Glasser, LLP about gas wells in West Virginia, Diversified, or the above-captioned matter from July 1, 2016 to present. To the extent you claim any such communications are privileged, please provide a privilege [*5] log regarding the same.

9. Documents and communications in your possession, custody, or control regarding Diversified or any of its gas wells in West Virginia from July 1, 2016 to the present.

10. Documents and communications regarding the July 2018 or May 2020 transactions between Diversified and EQT referenced in the Second Amended Class Action Complaint in the above-captioned matter.

11. Documents and communications regarding any of the Plaintiffs in the above-captioned matter from July 1, 2016 to present.

12. Documents evidencing any payments received by you from Appalachian Mountain Advocates and/or Ohio River Valley Institute, and/or Bailey and Glasser, LLP, and/or the Sierra Club, for the past five (5) years.

(Doc. No. 1-2) (footnotes omitted). On May 15, 2023, IEEFA responded to Diversified's Subpoena by raising numerous objections, including that Diversified's document requests were overly broad and unduly burdensome. (Doc. No. 9-1 at PageID#s 204-207.)

Subsequently, on June 6, 2023, the Northern District of West Virginia issued an Order sustaining Objections raised by the Sierra Club to a Subpoena served on it by Diversified ("the Sierra Club Subpoena"). (Doc. No. 9-2.) The Sierra Club Subpoena (Doc. No. 9-3) is substantially similar to the Subpoena issued by Diversified to IEEFA. The district court found that "the requests by Diversified are not relevant to any of the issues in the case, are not proportional to the needs of the case, and taking the time, money, and resources to respond would place an undue burden on Sierra Club." (Doc. No. 9-2.) Diversified filed a motion to reconsider, which the district court denied. (Id.)

Counsel for IEEFA thereafter emailed counsel for Diversified, requesting that Diversified withdraw the Subpoena to IEEFA in light of the

5

district court's ruling on the Sierra Club Subpoena. (Doc. No. 9-1 at PageID# 208.) Diversified declined to do so.

On July 18, 2023, the Northern District of West Virginia issued an Order quashing a Subpoena issued by Diversified to David McMahon, J.D ("the McMahon Subpoena"). (Doc. No. 9-4.) The McMahon Subpoena (Doc. No. 9-5) is also substantially similar to the Subpoena issued by Diversified to IEEFA. In its Order, the district court found as follows: "Here, any production by Mr. McMahon would impose an undue burden. Mr. McMahon is a non-party and not counsel of record. The subpoena requests documents and communications from numerous people, starting July 1, 2016 to the present - ALL documents and communications. The burden or expense of compliance with the subpoena outweighs any likely benefit to defendants' counsel." (Doc. No. 9-4.)

2023 U.S. Dist. LEXIS 158906, at *1–7.

In response, IEEFA asserts the following general objections to Diversified's Subpoena:

1. the Subpoena is overbroad and unduly burdensome to the extent it purports to seek discovery of documents that are neither relevant to, nor likely to lead to the discovery of, admissible evidence.

2. the Subpoena would impose significant burdens of time and costs for compliance on a non-party.

6

3. the Subpoena seeks documents that are of such scant relevance, if any, to the matter, that the effort to identify and produce any such documents is disproportionate to the burdens the Subpoena would impose on IEEFA.

4. the Subpoena seeks documents that are publicly available or in the public domain.

5. the Subpoena seeks documents that are in the custody, possession, or control of the parties, including Defendants.

6. the Subpoena seeks documents that have already been produced in the action, or that are simultaneously being produced in the action by the litigants. There is no basis to seek production of redundant materials from IEEFA.

7. the Subpoena is overbroad and unduly burdensome to the extent it seeks the production of documents that are in the custody, possession, or control of non-parties from whom such documents have already been requested and/or produced. IEEFA objects to the extent it seeks materials that can be or have been produced by other third parties with the imposition of less burden and cost than would be imposed on him.

8. the Subpoena's time period "July 1, 2016 to present" is overbroad and unduly burdensome. The report about which it seeks information was published in April 2022. This action was filed in 2022. Reaching back seven years (2023-2016) is excessive in scope, particularly for IEEFA, and inherently burdensome.

> 9. the Subpoena seeks documents that include third-party proprietary data and/or information derived from third-party proprietary data.
>
> 10. the Subpoena requests appear designed solely to harass and intimidate, rather than to further a legitimate discovery objective.

[Doc. 387 at 4–5]. More specifically, IEEFA states that the requests "are overbroad, unduly burdensome, and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence, and that the documents are in the public domain, or in the custody, possession or control of parties or other non-parties who have already produced, or have been subpoenaed to produce, such materials, and there is no justification for seeking redundant materials from a non-party." [Id. at 5].

The United States District Court for the Northern District of Ohio found exceptional circumstances that warranted the transfer of Diversified's Motion to this Court. In support, the Northern District of Ohio stated: "Due to its rulings in ***McEvoy*** over the past fourteen months, that court has a deep understanding of the issues implicated by Diversified's Motion. Transfer will also alleviate the risk of inconsistent rulings and best serve the interests of judicial economy." ***Id***. at *20.

In addition, Judge Barker also stated:

Upon careful review, the Court notes that Documents Requests 1 through 11 of the Subpoena issued to IEEFA are identical to (1) Document Requests 1 through 5, and 8 through 13 of the Sierra Club Subpoena; and (2) Document Requests 1 through 11 of the McMahon Subpoena. Compare Doc. No. 1-2 at PageID#s 23–24 with Doc. No. 9-3 at PageID#s 225–226 and Doc. No. 9-5 at PageID#s 257–258. In quashing the Sierra Club and McMahon

>Subpoenas, the Northern District of West Virginia expressly considered the issues of relevance and undue burden, both of which issues are raised by IEEFA in their Objections to Diversified's Subpoena (Doc. No. 9-1 at PageID#s 204–207.) Under these circumstances, the Court agrees with IEEFA that the risk of inconsistent rulings constitutes an exceptional circumstance warranting transfer. *See* Adv. Committee Notes, Fed. R. Civ. P. 45 (2013 Amendments) (noting that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion").

2023 U.S. Dist. LEXIS 158906, at *15–16. This Court agrees with Judge Barker. The Subpoena issued to IEEFA is nearly identical to the subpoenas issued to the Sierra Club and Mr. McMahon. In ruling on quashing the Sierra Club and McMahon Subpoenas, this Court has already expressly considered the issues of relevance and undue burden, both of which issues are raised by IEEFA in their objections.

As this Court has previously held, the requests by Diversified are not relevant to any of the issues in the case, are not proportional to the needs of the case, and taking the time, money, and resources to respond would place an undue burden on IEEFA. Thus, the objections by IEEFA [**Doc. 387**] are **SUSTAINED**. The Motion to Compel [**Doc. 381**] is **DENIED** and the Subpoena [**Doc. 381-2**] is **QUASHED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

9

**DATED:** December **4**, 2023.

                                                     **JOHN PRESTON BAILEY**
                                                   **UNITED STATES DISTRICT JUDGE**