**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1717

MARK MCEVOY; JAMES TAWNEY; SUSAN TAWNEY; SAMUEL STARK; SUSAN DENNISON; MARK GOFF; CAROL DELROSSO; GEORGE DELROSSO, individually and on behalf of a proposed class; SCOTT CORCORAN; JENNIFER TANNER; CLINTON AND CANDACE DRAINER IRREVOCABLE TRUST; JEFFREY L. SALTIS; KATHY JOHNSON; EBEN FRITTS; BENJAMIN PATTERSON; CHAD SILVESTER; REGINA COLLETTE; JACOB COLLETTE; JOAN MEDLEY; CHRISTINE COCHRAN; MINERVA EVANS; EBEN FRITTS, III; LANE EVANS; KELLIE D. SALTIS; MAYNARD TANNER; HEIDI DEEM,

         Plaintiffs - Appellees,

and

MICHELLE SILVESTER,

         Plaintiff,

     v.

DIVERSIFIED ENERGY COMPANY PLC; DIVERSIFIED PRODUCTION, LLC; DIVERSIFIED GAS & OIL CORPORATION; EQT PRODUCTION COMPANY; EQT GATHERING, LLC; EQT CORPORATION,

         Defendants - Appellants,

and

EQM MIDSTREAM PARTNERS, LP; EQT MIDSTREAM PARTNERS, LP; EQT GP HOLDINGS, LP; EQT ENERGY, LLC; EQT INVESTMENT HOLDINGS, LLC,

         Defendants.

-----------------------------------------------

WEST VIRGINIA DEPARTMENT OF ENVIRONMENTAL PROTECTION,

Amicus Supporting Appellants.

―――――――――

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. John Preston Bailey, District Judge (5:22-cv-00171-JPB-JPM)

―――――――――

Argued: May 8, 2024                                              Decided: August 5, 2024

―――――――――

Before NIEMEYER, RUSHING, and HEYTENS, Circuit Judges.

―――――――――

Dismissed by published opinion. Judge Niemeyer wrote the opinion, in which Judge Rushing and Judge Heytens joined.

―――――――――

**ARGUED:** John C. O'Quinn, KIRKLAND & ELLIS, LLP, Washington, D.C., for Appellants. Leslie A. Brueckner, BAILEY & GLASSER, LLP, Oakland, California, for Appellees. **ON BRIEF:** Howard Persinger, III, PERSINGER & PERSINGER, L.C., Charleston, West Virginia; Daniel Donovan, Ragan Naresh, Washington, D.C., Kenneth Young, KIRKLAND & ELLIS LLP, Houston, Texas, for Appellants Diversified Energy Company PLC, Diversified Production LLC, and Diversified Gas & Oil Corporation. Jennifer J. Hicks, BABST, CALLAND, CLEMENTS & ZOMNIR, P.C., Charleston, West Virginia; Anna G. Rotman, Nick Brown, KIRKLAND & ELLIS LLP, Houston, Texas, for Appellants EQT Production Company; EQT Gathering, LLC; and EQT Corporation. John W. Barrett, J. Lincoln Wolfe, BAILEY & GLASSER, LLP, Charleston, West Virginia; Benjamin Luckett, Amanda Demmerle, J. Michael Becher, APPALACHIAN MOUNTAIN ADVOCATES, Lewisburg, West Virginia, for Appellees. Jason Wandling, WEST VIRGINIA DEPARTMENT OF ENVIRONMENTAL PROTECTION, Charleston, West Virginia, for Amicus Curiae.

NIEMEYER, Circuit Judge:

The plaintiffs in this case are owners of properties in West Virginia that have abandoned oil and gas wells on them. They commenced this action against the current and former owners of those wells, mainly seeking damages resulting from the defendants' failure to plug the wells. The plaintiffs alleged common law nuisance, trespass, and negligence claims.

The defendants filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that the West Virginia Department of Environmental Protection ("WVDEP") was charged with the supervision of well drilling and well plugging and that WVDEP had approved transactions between the two defendants that had purportedly relaxed their statutory duty to plug the wells. They claimed that WVDEP was an indispensable party under Federal Rule of Civil Procedure 19 and that because it could not be joined, as it enjoyed sovereign immunity, judgment in their favor was warranted under Rule 12(c).

The district court denied the defendants' motion, concluding that WVDEP was not a necessary and indispensable party under Rule 19 inasmuch as the court could grant the plaintiffs damages on their common law claims without implicating the State's interests. From the district court's order denying the defendants' Rule 12(c) motion for judgment on the pleadings, the defendants filed this interlocutory appeal. To justify review of such an interlocutory order (and to answer the plaintiffs' motion to dismiss this appeal), the defendants contend that the district court's order was reviewable under the collateral order doctrine, *see Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), as it, in effect,

3

denied WVDEP sovereign immunity, *see P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993).

Because the district court's order did not rule on any immunity issue, but only on whether WVDEP was a necessary and indispensable party under Rule 19, and because that order does not satisfy the requirements of the collateral order doctrine, we grant the plaintiffs' motion to dismiss.

I

In July 2018 and again in May 2020, EQT,[1] the largest producer of oil and gas in the country, transferred in the aggregate over 12,000 oil and gas wells in West Virginia to Diversified,[2] the largest owner of wells in the country, for roughly $642 million. The transactions were entered with the intent that Diversified would either bring the nonproductive wells back into production or plug them. Because of existing statutory requirements that wells in West Virginia be plugged "promptly" when they have not been in production for 12 months, *see* W. Va. Code § 22-6-19, the plaintiffs have alleged that Diversified assumed an obligation which would cost more than $2 billion to discharge.

After the transactions, Diversified entered into a consent order with WVDEP, which recognized that where a "bona fide future use [for wells] exist[ed], wells should be placed back into production . . . and that where no bona fide future use exist[ed] that such wells

---

[1] "EQT" refers collectively to EQT Production Company; EQT Gathering, LLC; and EQT Corporation, the EQT entities sued here.

[2] "Diversified" refers collectively to Diversified Energy Company PLC; Diversified Production LLC; and Diversified Gas & Oil Corporation, the Diversified entities sued here.

4

be plugged." As part of the order, Diversified agreed to plug or place back into production "at least" 50 wells each year from 2020 to 2034, and WVDEP agreed that it would not "subject [Diversified] to any further enforcement activities . . . with regard to any requirement to close and plug such wells."

The plaintiffs commenced this class action against Diversified and EQT, alleging, for numerous reasons stated in their complaint, that the transactions between the defendants were a fraud on the owners of "abandoned wells [that had] not been plugged promptly after abandonment as required by West Virginia law." The plaintiffs alleged that because Diversified has not plugged these wells, it has trespassed and created a nuisance on their properties and that it has been negligent in failing to carry out its statutory obligations. In addition to seeking damages, the plaintiffs sought to create a receivership in favor of the plaintiffs on the proceeds received by EQT from the transactions.

Diversified and EQT filed a motion to dismiss the plaintiffs' complaint, arguing that the consent order and the discretion that West Virginia law affords WVDEP in overseeing the plugging of wells barred the plaintiffs' action. The district court, however, denied the motion. The court agreed with the plaintiffs that "the Consent Order ha[d] no effect on plaintiffs' claims because it [was] nothing more than an exercise of [WVDEP's] prosecutorial discretion and ha[d] no effect on the plaintiffs' property rights." (Cleaned up). After explaining that the state regulatory scheme did not stand as "an obstacle to plaintiffs' requested relief" but rather "provide[d] the standard of reasonability applicable to plaintiffs' common law actions," the court concluded that the plaintiffs had plausibly pleaded claims surviving the defendants' motion to dismiss.

5

After answering the complaint, Diversified and EQT filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), contending this time that the plaintiffs had failed to join WVDEP as a necessary and indispensable party under Rule 19. They argued that WVDEP was an indispensable party because only WVDEP could authorize well plugging and well transfers and that therefore it must be joined to protect its regulatory interests. WVDEP's absence created, they maintained, a risk of inconsistent obligations for Diversified because a court's judgment in favor of the plaintiffs would differ from the terms of the consent order to which WVDEP was a party. Diversified and EQT also argued that because WVDEP enjoyed sovereign immunity from suit in federal court, it could not be joined and that therefore the case had to be dismissed.

While Diversified and EQT sought to assert WVDEP's sovereign interests in its Rule 12(c) motion, WVDEP never filed a motion to intervene, either to protect its interests or to assert its sovereign immunity.

By order dated June 1, 2023, the district court denied the defendants' Rule 12(c) motion, ruling that WVDEP was "not a required party to afford the existing plaintiffs complete relief because the only relief plaintiffs request[ed] [was] money damages," which the court could award without WVDEP's input. The court pointed out that the plaintiffs had not asked the court "to order [WVDEP] to take any action or instruct the state agency and state officials on how to conform their conduct to state law." The court further explained that it "would not enter an Order to the effect of instructing [WVDEP] that [it] must plug and remediate the wells at issue." With respect to the consent order's schedule for plugging the wells, the court acknowledged that its relief might have the effect of

making Diversified plug wells sooner than the consent order would have required, but it observed:

> It is mere speculation that [WVDEP] would deny the permits necessary to plug and remediate abandoned, nonproducing wells on plaintiffs' properties. . . . If there are inconsistent obligations, defendants would merely need to comply with the earlier date to be in compliance with both orders.

(Cleaned up). Accordingly, because WVDEP "[was] not necessary and indispensable to the above-styled case" under Rule 19, the court denied the defendants' Rule 12(c) motion.

From the district court's June 1, 2023 order denying Diversified and EQT's motion for judgment on the pleadings under Rule 12(c), Diversified and EQT filed this interlocutory appeal. The plaintiffs filed a motion to dismiss this appeal for lack of jurisdiction, arguing that the appeal was not taken from a final decision. *See* 28 U.S.C. § 1291.

II

The defendants begin their argument on the merits by taking issue with the district court's Rule 19 decision, contending that WVDEP was an indispensable party. They argue that WVDEP "has obvious regulatory *and* contractual interests in the subject matter of this litigation that will be impaired if litigation proceeds in its absence." They then launch into all aspects of WVDEP's regulatory authority. Finally, they conclude that the district court's order denying the Rule 19 motion "does not withstand scrutiny," challenging the court's conclusions that the relief the plaintiffs request would not implicate the agency's regulatory authority.

7

But before we can address the substance of the defendants' arguments, we must recognize and address the fact that the court's denial of their Rule 12(c) motion was an interlocutory order from which they filed an interlocutory appeal, as plaintiffs note in their motion to dismiss.

Section 1291 of Title 28 confers authority on courts of appeals to review "*final decisions* of the district courts of the United States." 28 U.S.C. § 1291 (emphasis added). And a final decision is generally "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). In this sense, the district court's order was clearly not a final decision.

Nonetheless, the Supreme Court has recognized the reviewability of "a 'small class' of collateral rulings that, although they do not end the litigation, are appropriately deemed 'final.'" *Mohawk Indus. Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (quoting *Cohen*, 337 U.S. at 545–46). To qualify a collateral order as "final," an appellant must demonstrate (1) that the order conclusively disposed of an issue in the litigation; (2) that the issue was "independent" of the merits of the underlying claim; and (3) that the order could not "effectively . . . be reviewed and corrected if and when final judgment results." *Cohen*, 337 U.S. at 546; *see also Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995) (summarizing that the "small category includes only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action"). But the Court has admonished that this class of cases must remain "narrow," *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994), because "[p]ermitting piecemeal, prejudgment

8

appeals . . . undermines 'efficient judicial administration' and encroaches upon the prerogatives of district court judges, who play a 'special role' in managing ongoing litigation," *Mohawk Indus.*, 558 U.S. at 106 (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)). If an order qualifies as a collateral order under *Cohen*, it is by its nature a final decision appealable under 28 U.S.C. § 1291. *See Digital Equip. Corp.*, 511 U.S. at 867–68.

The district court's order in this case does not qualify as one of the small class of interlocutory orders that are by their nature final. First, the court's order was not independent of the merits of the underlying claim. Rather, it addressed a procedural issue that the defendants claimed was central to the action's viability and thus was inevitably tied up with the merits. Indeed, the defendants' Rule 12(c) motion argued that WVDEP was a necessary party in part because the plaintiffs' claims required the court to undermine WVDEP's consent order and draw conclusions about WVDEP's regulatory authority. And on appeal, the defendants invoke these same arguments to show why proceeding without WVDEP as a party would harm West Virginia's sovereign dignitary interests and to show why the order should be subject to immediate appeal, citing *Republic of Philippines v. Pimentel*, 553 U.S. 851, 868 (2008). Resolving these issues would require us to decide the reach of the Consent Order and the breadth of WVDEP's authority, issues that are key to a resolution on the merits.

Second, a Rule 19 order denying the joinder of a party is one that can be reviewed on appeal from final judgment, which also disqualifies the district court's order from being deemed final. *See Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1148 (10th Cir.

9

2011); *Price v. J & H Marsh & McLennan, Inc.*, 493 F.3d 55, 61–62 (2d Cir. 2007); *Runkle v. Genesis Worldwide II, Inc.*, 143 F. App'x 515, 517 (4th Cir. 2005) (per curiam) (holding that Rule 19 determination was "not a collateral order under *Cohen*"). A Rule 19 order is not an order affecting rights "that would be irretrievably lost in the absence of an immediate appeal." *Cobra Nat. Res., LLC v. Fed. Mine Safety & Health Rev. Comm'n*, 742 F.3d 82, 90 (4th Cir. 2014) (cleaned up).

Moreover, the Rule 19 decision in this case was but a component of the district court's order denying a Rule 12(c) motion, which is also not typically subject to immediate appeal. *See Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2014) ("Ordinarily, we do not possess appellate jurisdiction over interlocutory orders — such as the denial of a Rule 12(b)(6) motion to dismiss or the denial of a Rule 12(c) motion for judgment on the pleadings — because such decisions are not final judgments within the meaning of 28 U.S.C. § 1291"); *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 304–05 (4th Cir. 2006) (noting that a district court's order denying a Rule 12(b)(6) motion is ordinarily "not an appealable ruling").

In short, the district court's order ruling that WVDEP was not a necessary and indispensable party was not a final decision but instead an interlocutory order, over which we have no jurisdiction. *See* 28 U.S.C. § 1291; *Catlin*, 324 U.S. at 233.

To avoid that conclusion, the defendants attempt to rely on the Supreme Court's holding in *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993). There, the Supreme Court recognized that orders disposing of claims of sovereign immunity are immediately appealable under the collateral order doctrine because sovereign

immunity under the Eleventh Amendment protects States from the indignities of being subject to the "coercive process of judicial tribunals at the insistence of private parties," which "is for the most part lost as litigation proceeds past motion practice." *P.R. Aqueduct*, 506 U.S. at 145. Therefore, such orders cannot effectively be reviewed on appeal from a final judgment.

The defendants point to facts in this case that they claim demonstrate the specific ways in which the mere existence of the litigation harms WVDEP's sovereign interests such that the denial of the Rule 12(c) motion also impinges on that sovereign interest and therefore is immediately appealable. They argue that the court's interlocutory orders have "attacked WVDEP's Consent Order, concluded WVDEP cannot extend the time required for well plugging, and held that WVDEP need not be involved in decisions about well plugging based on the duty WVDEP is tasked with enforcing." As such, they argue that "this appeal is about ongoing injury to West Virginia's sovereignty" in that "[w]hatever remedy Plaintiffs purport to seek, WVDEP must monitor this litigation (and now even participate) because the district court attacked the Consent Order, is adjudicating WVDEP's rights and interests, and is making decisions committed to WVDEP's discretion."

The defendants also argue that Supreme Court precedent supports the proposition that litigation can pose these types of harms to a sovereign's dignitary interest, even when, as here, the sovereign is absent from the suit. Relying on *Republic of Philippines v. Pimentel*, 553 U.S. 851, 867 (2008), they argue that litigation "occurring in WVDEP's absence . . . directly injures West Virginia's sovereign interests and immunity" because

11

"[t]he harm is equally here-and-now and unreviewable after final judgment whether a sovereign is forced to defend itself or litigation occurs that affects the sovereign's interests in its absence."  In other words, they claim, "continuing to litigate in [the sovereign's] absence effectively abrogates the sovereign's immunity by adjudicating its interest without consent." (Cleaned up).  And, they argue, that ongoing harm renders the court's decision denying the Rule 12(c) motion unreviewable on appeal from a final decision and thus subject to the collateral order doctrine.

To be sure, an order ruling on West Virginia's sovereign immunity would be an important order and would be unrelated to the merits of the plaintiffs' action.  And because such immunity includes immunity *from trial*, as the defendants note, it would be irretrievably lost if not immediately appealable, and therefore it would be unreviewable on appeal from the final judgment.  Accordingly, such an order qualifies as a final decision under § 1291 and would be immediately appealable under the collateral order doctrine.

But WVDEP has not asserted its sovereign immunity defense, which is a waivable defense, *see Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 618 (2002), nor has it attempted to do so by seeking to intervene as a party in the case.  It, not the defendants, has the right to the defense.  Indeed, the defendants themselves, as private entities, have not claimed sovereign immunity, nor could they.

Moreover, just as important, the district court did not rule on WVDEP's sovereign immunity.  It only ruled that WVDEP was neither a necessary nor indispensable party under Rule 19 to afford the plaintiffs complete relief because "the only relief plaintiffs request is money damages."  Explaining its ruling, the court stated:

12

> [WVDEP's] participation in the above-styled case is plainly not required for this Court to order payment from defendants sufficient to cover the costs of well plugging and remediation. Plaintiffs are not requesting this Court to order [WVDEP] to take any action or instruct the state agency and state officials on how to conform their conduct to state law.

For that reason alone, the court found, "[i]n sum," "that the WV DEP [was] not necessary and not indispensable." The defendants cannot now collapse their Rule 19 argument on appeal with their argument that WVDEP's sovereign immunity is before us, therefore rendering the district court's order immediately appealable.

Finally, the harms to WVDEP's sovereignty that the defendants purport to assert are not the harms that animated the Supreme Court's decision in *Puerto Rico Aqueduct*. The Court in *Puerto Rico Aqueduct* noted that the "object and purpose of the Eleventh Amendment were to prevent the indignity of *subjecting a State to the coercive process* of judicial tribunals at the instance of private parties." 506 U.S. at 146 (emphasis added) (quoting *In re Ayers*, 123 U.S. 443, 505 (1887)). Of course, the plaintiffs did not sue WVDEP and thereby subject it to that indignity. Indeed, it has not been subjected to any judicial process, much less the "coercive process of judicial tribunals at the insistence of private parties." *Id*.

## III

As a final backstop, the defendants argue that "[s]hould the Court find that the Order is not final, the Court should treat this appeal as a mandamus proceeding." The defendants, however, have not even attempted to comply with the many procedural requirements for filing a petition for a writ of mandamus, *see* Fed. R. App. P. 21, instead tacking this

13

argument on to the end of their appellate brief, despite clear authority that this "most potent weapon[]" should "not be used as a substitute for the regular appeals process," *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (cleaned up). Even if this court could overlook such failure, the defendants also come up short on the merits because, as made clear above, they have "adequate means to attain the relief" they desire following final judgment, their "right to issuance of the writ" is far from "clear and indisputable," and the writ is not "appropriate under the circumstances." *Id.* (cleaned up).

\*   \*   \*

Because the district court's June 1, 2023 order was not a final decision, as required by § 1291, we grant the plaintiffs' motion to dismiss this appeal for lack of jurisdiction.

DISMISSED