UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

MARK MCEVOY, et al., individually and
on behalf of a proposed class,

                Plaintiffs,

                                        Civil Action No. 5:22-cv-171

v.                                     The Honorable John P. Bailey

DIVERSIFIED ENERGY COMPANY PLC,
et al.,

                Defendants.

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO WEST VIRGINIA DEPARTMENT OF ENVIRONMENTAL PROTECTION'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF SEEKING DISMISSAL

      More than two years after Plaintiffs filed their complaint in this action, the West Virginia Department of Environmental Protection's Office of Oil and Gas ("WVDEP") has moved to intervene as a defendant for the sole purpose of filing a motion for judgment on the pleadings that would raise the same arguments and cite to the same authority that this court already rejected when considering Defendants' nearly identical motion. *See* ECF No. 647; ECF No. 204 at 6–13; ECF No. 303 at 16–18; ECF No. 338 at 7. But WVDEP's belated effort comes too late for either intervention of right pursuant to Federal Rule of Civil Procedure 24(a)(2) or by permission under Rule 24(b). Even if its motion were timely, WVDEP is not entitled to intervention of right because, as this Court has already held, Plaintiffs' claims for money damages will not impair any of the agency's regulatory interests and the court need not order WVDEP to take any action to grant Plaintiffs' requested relief. *See* ECF No. 303 at 16–18. Further, Because WVDEP's untimely entry into this action would unnecessarily complicate and burden the litigation without

providing any countervailing benefit to the parties or the Court, the Court should decline to grant permissive intervention. WVDEP's motion should thus be denied.

## I. WVDEP's Motion Should Be Denied Because It Is Untimely

WVDEP's failure to satisfy the "threshold" requirement of timeliness precludes intervention under either Rule 24(a)(2) or 24(b). *See Alt v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014). Timeliness is a "cardinal consideration of whether to permit intervention" such that "a movant's failure to seek intervention in a timely manner is sufficient to justify denial of a motion to intervene." *In re Cigar Ass'n of Am.*, 812 F. App'x 128, 137 (4th Cir. 2020). "In order to properly determine whether a motion to intervene in a civil action is sufficiently timely, a trial court in [the Fourth] Circuit is obliged to assess three factors: first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." *Alt*, 758 F.3d at 591. In applying those factors, courts "should be reluctant to stall 'the momentum of [a] lawsuit' that is in the advanced stages of litigation." *In re Cigar Ass'n of Am.*, 812 F. App'x at 137 (quoting *Alt*, 758 F.3d at 591).[1] WVDEP's motion—which relegates its discussion of timeliness to a single footnote, ECF No. 647 at 3 n.1—is untimely because intervention at this late stage in the proceedings would cause delay and disruption that would prejudice plaintiffs, and the agency has offered no good reason for its failure to act earlier.

This case is in an advanced stage. WVDEP filed its motion on August 16, 2024, more than two years after Plaintiffs brought this action and more than 21 months after the Court's

---

[1] The determination of timeliness is committed to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. *Alt*, 758 F.3d at 591; *see also United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006) ("Questions of trial management are quintessentially the province of the district courts.").

deadline for joining additional parties passed on November 15, 2022. ECF No. 70. Fact
discovery ended on May 24, 2024, ECF No. 595, and Plaintiffs' principal expert disclosures
were due June 19, 2024, ECF No. 607. The parties are in the final stages of expert discovery, in
the middle of briefing on class certification, and have already had to seek multiple extensions to
the scheduling order. *See* ECF No. 640. Plaintiffs have had to defend against three separate
meritless motions seeking dismissal of their claims, as well as a premature appeal of the Court's
denial of one of those motions. *See* ECF Nos. 204, 303, 362, 633.

Courts applying the Fourth Circuit's precedent have denied a party's request for
intervention at similarly late stages. *See Alt*, 758 F.3d at 591 (upholding the district court's denial
of intervention where, like here, other parties had long ago successfully moved to intervene, a
motion to dismiss had already been denied, and the parties were engaged in summary judgment
briefing); *Burke v. Fed. Nat'l Mortg. Ass'n*, No. 3:16-CV-153-HEH, 2016 WL 5662007, at *3–4
(E.D. Va. Sept. 29, 2016), *vacated on other grounds*, No. 3:16-CV-153-HEH, 2016 WL 7451624
(E.D. Va. Dec. 6, 2016); *In re: CEI, LLC*, No. 1:15-CV-00172-MOC, 2016 WL 3556606, at *3
(W.D.N.C. June 29, 2016) (finding intervention motion submitted after the close of discovery to
be untimely); *cf B. P. J. v. W. Va. State Bd. of Educ.*, No. 2:21-CV-00316, 2021 WL 5711547, at
*1 (S.D. W. Va. Dec. 1, 2021) (finding intervention motion timely because it was filed prior to
the deadline for amendment of pleadings and joinder of parties); *United States for use & benefit*
*of Baltimore Steel Erectors, LLC v. Hanover Ins. Co.*, No. CV DKC 18-2560, 2019 WL
6895542, at *3 (D. Md. Dec. 18, 2019) (same). In *Burke*, the court found untimely a motion for
intervention filed nearly six months after the complaint was filed, one month after the
defendant's motion to dismiss was decided, after the deadline for expert submissions, and one
week before the deadline to submit written discovery requests. *Burke*, 2016 WL 5662007, at *3.

The court found that, under those circumstances, the first timeliness factor "weigh[ed] heavily against intervention," despite the fact that neither party had moved for summary judgment, as in *Alt*, and the fact that the movant asserted it would not need to be involved in discovery. *Id.* at *3– 4.

WVDEP's extreme delay in seeking intervention will prejudice Plaintiffs. Plaintiffs would be required to respond to a redundant Rule 12(c) motion for judgment on the pleadings in the midst of their class certification briefing, expert witness depositions, and ongoing discovery disputes, s*ee* ECF No. 651. Such "extra effort" constitutes prejudice to Plaintiffs. *See In re Cigar Ass'n of Am.*, 812 F. App'x at 138; *Alt*, 758 F.3d at 591; *Kelly v. Offit Kurman, P.A.*, No. 17-CV- 3668-CCB, 2021 WL 3725379, at *8 (D. Md. Aug. 23, 2021) ("[P]ermitting [movant] to intervene after such a delay would prejudice [defendant] as his intervention would likely result only in further attempts to litigate . . . an issue which has already been fully briefed."), *aff'd*, No. 21-2178, 2023 WL 2570968 (4th Cir. Mar. 20, 2023). Indeed, the Court in *Burke* found that the movant's intention to file a Rule 12(c) motion was a "significant factor" distinguishing that case from others where courts found a lack of prejudice. 2016 WL 5662007, at *3–4.

Finally, WVDEP has not offered any compelling justification for its belated intervention attempt. "'[T]he most important circumstance relating to timeliness' is whether the intervening party seeks to intervene 'as soon as it became clear' that its interests 'would no longer be protected . . . .'" *Hisp. Nat'l L. Enf't Ass'n NCR v. Prince George's Cnty.*, No. 18-cv-3821- TDC, 2022 WL 980176, at *4 (D. Md. Mar. 31, 2022) (*quoting Cameron v. EMW Women's Surgical Center. P.S.C.*, 595 U.S. 267, 280–81 (2022)). In the lone footnote that WVDEP devotes to this critical issue, the agency seeks to justify its extreme delay by claiming that "it has only now, after interlocutory oral argument before the Fourth Circuit, become apparent that the

WVDEP will have to itself assert its sovereign interests in this proceeding, notwithstanding its sovereign immunity (which it does not waive in seeking intervention for the limited purpose of moving for dismissal), to address the dispositive defenses it wishes to assert in order to assert its sovereign immunity to not have those addressed against its interests in its absence." ECF No. 647 at 3 n.1. Although difficult to decipher, WVDEP appears to argue that, despite being aware of Plaintiffs' suit for some time, the agency put its eggs in the basket of Defendants' failed motion to dismiss Plaintiffs' claims for failure to join WVDEP as an indispensable party, and Defendants' appeal to the Fourth Circuit of this Court's denial of that motion. Only now that the defendant's motion was unsuccessful and the Fourth Circuit has denied that appeal as premature has WVDEP seen fit to enter the fray.

That is exactly the approach to intervention that the Fourth Circuit rejected in *Alt.* There, the movant admitted that it had been aware of the underlying suit but did not intervene because it believed that the court would grant the defendant's motion to dismiss. 758 F.3d at 591. Only after the court denied that motion did the movant decide to devote its "limited resources" to the litigation. *Id.* Like WVDEP, the movant had "gambled and lost in the execution of its litigation strategy." *Id.* In upholding the district court's denial of intervention for untimeliness, the Fourth Circuit explained that the movant's "deliberate forbearance understandably engenders little sympathy." *Id.* Indeed, the Fourth Circuit has consistently held that "would-be intervenors who knowingly delay raising suspected violations of their rights tarry at their own peril." *Blue Water Baltimore v. Mayor & City Council of Baltimore, Md.*, 583 F. App'x 157, 158 (4th Cir. 2014); *Scott v. Bond*, 734 F. App'x 188, 192–93 (4th Cir. 2018) (explaining that "a movant seeking intervention must provide a plausible justification for a tardy motion to intervene" and finding that district court had "compelling reasons" to deny intervention where it was clear the movant

was aware the case could implicate his interests six months prior to filing his motion); *In re Cigar Ass'n of Am.*, 812 F. App'x at 137 (upholding denial of intervention where the movants "had been aware for months that this litigation challenged the deadlines that they believed they had negotiated to extend," yet they "wait[ed] instead to see if the case would survive Defendants' motion to dismiss and, when it did, to see what the remedy would be"); *see also Hisp. Nat'l L. Enf't Ass'n NCR*, 2022 WL 980176, at *5–6 (explaining that entry of settlement agreement affecting movants' interests did not justify delayed intervention where movant was aware much earlier that those interests could be implicated by the outcome of the case); *Burke*, 2016 WL 5662007, at *5 (denying intervention where the movant "knew of the underlying litigation and intentionally delayed in raising suspected violations of its rights because it hoped that the case would be resolved in the earlier Motion to Dismiss"); *Finch v. Covil Corp.*, No. 1:16-CV-1077, 2020 WL 6063054, at *5 (M.D.N.C. Oct. 14, 2020) (explaining that "a non-litigant's strategic choice not to intervene earlier is an appropriate factor to consider against allowing intervention"); *Woodruff v. Thornsbury*, No. 2:13-CV-24001, 2014 WL 6088399, at *3 (S.D.W. Va. Nov. 13, 2014) (denying intervention where the movant "offer[ed] no good explanation why it has waited until the eve of trial to seek joinder in a case it has known about for near a year").

WVDEP on August 14, 2023—more than a year ago—filed an *amicus* brief in support of Defendants' premature, now-dismissed appeal of this Court's Order denying Defendant's Rule 12(c) motion that raised the same arguments WVDEP now seeks to relitigate. The agency has thus been intimately familiar with the facts, issues, and posture of this case for at very minimum a year, and likely much longer. Given the advanced stage of litigation, WVDEP's excuse that it only now realized it might need to intervene to protect its interests is "too little, and too late." *See Alt*, 758 F.3d at 591. Because WVDEP has not offered any compelling reason for its failure to

intervene that would outweigh the prejudice to Plaintiffs caused by the agency's belated entry, its motion should be denied as untimely.

## II. WVDEP Has Not Satisfied the Other Factors for Intervention of Right Under Rule 24(a)(2), As Explained in This Court's Earlier Orders

In addition to a timely motion, intervention of right under Rule 24(a)(2) requires a demonstration that (1) "the applicant has an interest in the subject matter of the action;" (2) "the protection of this interest would be impaired because of the action;" and (3) "the applicant's interest is not adequately represented by existing parties to the litigation." *Ohio Valley Env't Coal*, 313 F.R.D. at 17 (citing collected Fourth Circuit cases). This Court already effectively considered each of these requirements and found them unsatisfied when it denied Defendants' Rule 12(c) Motion for Judgment on the Pleadings for Failure to Join Required Parties, which argued that Plaintiffs' claims must be dismissed because WVDEP was a necessary and indispensable party under Rule 19 that could not be joined due to its sovereign immunity. *See* ECF No. 303. WVDEP's request for limited intervention amounts to no more than an attempt to impermissibly revisit these arguments that the Court has already settled.

The Court's determination that WVDEP was not a necessary party because its regulatory interests will not be adversely affected by Plaintiffs' claims for money damages precludes a finding that WVDEP is entitled to intervention of right. *See Ohio Valley Env't Coal.*, 313 F.R.D. at 18 ("[T]he Advisory Committee intended for courts to use criteria for joinder of necessary parties in deciding whether a party has a significantly protectable interest in pending litigation. This suggests that an applicant should be permitted intervention as of right under 24(a)(2) only in those situations when the applicant would be a necessary party under today's [Rule 19]."). Obliquely acknowledging that fact, the agency seeks to make its arguments "[n]otwithstanding any contrary finding to date." ECF No. 647 at 5. But that is not how litigation works. Rather, an

"intervenor accepts the pleadings as he finds them." *Gen. Ins. Co. of Am. v. Hercules Const. Co.*, 385 F.2d 13, 18 (8th Cir. 1967). And, under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988).

As established in this Court's previous orders, because Plaintiffs in this case request only money damages sufficient to cover the costs of well-plugging and not an order directing the plugging of wells, WVDEP does not have any interests that could be adversely affected by Plaintiffs' claims. Like WVDEP in its motion to intervene, ECF No. 647 at 5–9, Defendants in their Rule 19 motion argued that the agency "must be joined because plaintiffs' suit interferes with [WVDEP's] regulatory interests" in its Consent Order with Diversified and because the agency's "presence in this action is required to permit the plugging and transfer of wells." *See* Doc 303 at 16. The Court disagreed, explaining that:

> WV DEP is not a required party to afford the existing plaintiffs complete relief because the only relief plaintiffs request is money damages. WV DEP's participation in the above-styled case is plainly not required for this Court to order payment from defendants sufficient to cover the costs of well plugging and remediation. **Plaintiffs are not requesting this Court to order WV DEP to take any action or instruct the state agency and state officials on how to conform their conduct to state law. This Court has previously held that it need not reject WV DEP and Diversified's Consent Order to vindicate plaintiffs' property rights.** See [Doc. 204 at 9 ("[I]t is the finding of this Court that the Consent Order is simply an exercise of OOG's prosecutorial discretion and has no effect on the plaintiffs' property rights.")].

> If this Court grants the relief sought by plaintiffs, plaintiffs would be entitled to money damages to cover the costs of well plugging and remediation. This Court would not enter an Order to the effect of instructing WV DEP that they must plug and remediate the wells at issue. . . .

> [P]lugging plaintiffs' abandoned and nonproducing wells would not be inconsistent with the Consent Order. If plaintiffs are granted their requested relief, defendants['] obligations to [WVDEP] under the Consent Order would be satisfied.

ECF No. 303 at 16–18 (emphasis added); *see also* ECF No. 362 at 7 ("[A]s this Court has already held multiple times . . . Plaintiffs' claims are expressly preserved by West Virginia's oil and gas program and thus do not interfere with that law nor with [WVDEP]'s exercise of prosecutorial discretion embodied in the Consent Order."). In denying Defendants' premature appeal of that order, the Fourth Circuit likewise rejected Defendants' arguments that Plaintiffs' claims "attack[] WVDEP's Consent Order," instead crediting this Court's conclusion that "the only relief plaintiffs request is money damages." *McEvoy v. Diversified Energy Co. PLC*, No. 23-1717, 2024 WL 3642431, at *4–5 (4th Cir. Aug. 5, 2024).

Given these rulings, there is simply no place in this case for WVDEP's belated echoing of Defendants' thrice-rejected arguments that the agency's regulatory interests are threatened by Plaintiffs' claims and its participation in this lawsuit is indispensable, yet unattainable, due to its sovereign immunity. *See* ECF No. 647-2 (arguing that WVDEP is a necessary and indispensable party because Plaintiffs' claims interfere with the Diversified Consent Order and because only WVDEP may authorize the plugging of wells); *Simpson v. Johnson*, No. 22-CV-2352-CCB, 2023 WL 5404740, at *6 (D. Md. Aug. 22, 2023) (denying intervention in part because the court already determined that the claims the movant planned to assert lacked merit). That ship has sailed.[2]

---

[2] The Fourth Circuit's denial of Defendants' premature appeal does not constitute the sort of "material change in controlling authority" that would justify departure from the law of the case doctrine, nor do either of the other limited exceptions to the rule apply. *See TFWS, Inc. v. Franchot*, 572 F.3d 186, 191–92 (4th Cir. 2009). The Court's ruling did not establish any heretofore non-existent right that WVDEP must now act to protect nor in any way alter the implications of Plaintiffs' succeeding on their claims. Rather, in dismissing Defendant's appeal of this Court's order holding that WVDEP is not a necessary party, the Fourth Circuit merely found that—contrary to the agency's claims here—the existence and conduct of this litigation would *not* infringe on WVDEP's sovereign interests, such that an interlocutory appeal was impermissible. *Compare* ECF No. 647 at 5 (citing *Republic of Philippines v. Pimentel*, 553 U.S. 851, 864 (2008) for the assertion that this "court's consideration of the merits [of plaintiffs'

Even ignoring WVDEP's inability to establish that its regulatory interests are threatened by Plaintiffs' claims, intervention of right is not appropriate because those interests are adequately represented by Defendants. "When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance." *Com. of Va. v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976). WVDEP seeks intervention for the limited purpose of filing a motion for judgment on the pleadings seeking dismissal of Plaintiffs' claims based on the exact same arguments that Defendants have already unsuccessfully raised multiple times. *See* ECF No. 647-2; ECF No. 105 at 6–15; ECF No. 276 at 10–16, 21–25. WVDEP has not shown how its participation in this case will advance its interests in any way that Defendants have not already attempted. Because Defendants have already sought the same relief that WVDEP seeks, based on the same failed legal arguments, to the extent that WVDEP has any protectable interest in this case, "existing parties adequately represent that interest." *See* Fed. R. Civ. P. 24(a)(2).

### III. The Court Should Deny Permissive Intervention Under Rule 24(b)

The Court should deny WVDEP's request for permissive intervention under Rule 24(b) because its motion is fatally untimely, and its presence would burden Plaintiffs and the Court without providing any countervailing benefit. Under Rule 24(b), a court *may*, on a *timely* motion, grant intervention to anyone who "has a claim or defense that shares with the main action a

---

claims] was itself an infringement on foreign sovereign immunity"), *with McEvoy*, 2024 WL 3642431, at *4–5 (rejecting Defendants' argument that "the mere existence of [Plaintiffs'] litigation harms WVDEP's sovereign interests" and explaining that "the harms to WVDEP's sovereignty that the defendants purport to assert are not the harms that animated the Supreme Court" in cases where it found litigation must be dismissed because it infringed on the material interests of absent sovereigns). Thus, if anything, the Fourth Circuit *confirmed* the governing law of the case; it certainly did not materially change it.

10

common question of law or fact." Fed. R. Civ. P. 24(b)(1). "Importantly, this Court possesses 'substantial discretion to deny permissive intervention.'" *Alt v. U.S. E.P.A.*, No. 2:12-CV-42, 2013 WL 12133923, at *2 (N.D. W. Va. July 30, 2013) (Bailey, J.) (quoting *Shaw v. Hunt*, 154 F.3d 161, 168 (4th Cir. 1998)), *aff'd* 758 F.3d 588 (4th Cir. 2014); *see also McHenry v. Comm'r*, 677 F.3d 214, 219 (4th Cir. 2012) ("[R]eview of any court's order denying permissive intervention under . . . Rule 24(b) is particularly deferential, and a challenge to the court's discretionary decision to deny leave to intervene must demonstrate *clear* abuse of discretion in denying the motion." (internal quotations and citations omitted)). Although the ultimate decision is left to the trial court's discretion, the court in considering permissive intervention "must ask 'whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.'" *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013) (quoting Fed. R. Civ. P. 24(b)(3)).

As explained above, WVDEP's participation will burden Plaintiffs and the Court without providing any countervailing benefit, instead merely recycling the already-rejected fallacy that its sovereignty is somehow impugned by an action between two private parties involving solely money damages.[3] A court does not err in denying permissive intervention "when undue delay exists without a corresponding benefit to the process, the litigants, or the court, especially where an existing party zealously pursues the same ultimate objectives as a movant."[4] *Lee v. Va. Bd. of*

---

[3] The Court need not find that WVDEP's motion is untimely in order to deny permissive intervention based on this factor. *See Ohio Valley Env't Coal.*, 313 F.R.D. at 30 ("In this case, although WVCA's motion to intervene is timely brought, and the Court assumes without deciding that WVCA has a claim or defense that shares a common question of law or fact with this action, permissive intervention is not proper because it would unduly delay resolution of this action and burden judicial resources.").

[4] Indeed, the Court may deny permissive intervention solely on the ground that the movants' interests are adequately represented by the existing defendants, which, as explained above, they are. *See Hoots v. Com. of Pa.*, 672 F.2d 1133, 1135–36 (3d Cir. 1982) ("[W]here, as here, the interests of the applicant in every manner match those of an existing party and the party's representation is deemed adequate, the district court is well within its discretion in

11

*Elections,* No. 3:15-cv-357, 2015 WL 5178993, at *4 (E.D. Va. Sept. 4, 2015) (citing *Stuart,* 706 F.3d at 355); *see also Alt*, 758 F.3d at 591 (upholding denial of permissive intervention based in part on the fact that movant's participation would require "extra effort" on the part of the plaintiffs).

Finally, WVDEP has not shown how its entry into the case for the limited purpose of filing of a motion for judgment on the pleadings will provide a countervailing benefit to offset the burden their participation would impose on Plaintiffs and the Court. The agency's sole goal in seeking intervention is to file a motion raising issues that this Court has already conclusively decided in Plaintiffs' favor. In sum, WVDEP's participation in this case will not benefit the Court's resolution of the salient issues or offer protection of the agency's interests but will rather merely "result in duplicative briefing adding a layer of unwarranted procedural complexity." *See Ohio Valley Env't Coal*., 313 F.R.D. at 31. Permissive intervention is not warranted.

## CONCLUSION

For the foregoing reasons, WVDEP's motion to intervene as of right under Rule 24(a)(2) or, alternatively, by permission under Rule 24(b) should be denied.

Dated: August 30, 2024                          Respectfully submitted,

                                                */s/ Benjamin A. Luckett*
                                                Benjamin A. Luckett (WVSB No. 11463)
                                                J. Michael Becher (WVSB No. 10588)
                                                Joseph M. Lovett (WVSB No. 6926)
                                                Isak Howell (WVSB No. 11558)
                                                Amanda Demmerle (WVSB No. 13930)
                                                APPALACHIAN MOUNTAIN ADVOCATES
                                                P.O. Box 507
                                                Lewisburg, WV 24901
                                                (304) 645-9006
                                                jlovett@appalmad.org

deciding that the applicant's contributions to the proceedings would be superfluous and that any resulting delay would be 'undue.'").

mbecher@appalmad.org
ihowell@appalmad.org
bluckett@appalmad.org
ademmerle@appalmad.org

Brian A. Glasser, Esq. (WVSB No. 6597)
John W. Barrett, Esq. (WVSB No. 7289)
Brian R. Swiger (WVSB No. 5872)
Athanasios Basdekis (WVSB No. 9832)
Panida Anderson (Admitted *Pro Hac Vice*)
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, West Virginia 25301
(304) 345-6555 (phone)
(304) 342-1110 (fax)
bglasser@baileyglasser.com
jbarrett@baileyglasser.com
bswiger@baileyglasser.com
tbasdekis@baileyglasser.com
panderson@baileyglasser.com

*Attorneys for Plaintiffs and Proposed Class*

**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION**

MARK MCEVOY, et al., individually and
on behalf of a proposed class,

                    Plaintiffs,

                                       Civil Action No. 5:22-cv-171

v.                                  The Honorable John P. Bailey

DIVERSIFIED ENERGY COMPANY PLC,
et al.,

                    Defendants.

## CERTIFICATE OF SERVICE

      I, Benjamin A. Luckett, hereby certify that on August 30, 2024, I caused to be filed the

foregoing with the Clerk of the Court using the CM/ECF System, which caused a true and

accurate copy of such filing to be served upon all attorneys of record.


                                              */s/ Benjamin A. Luckett*
                                              Benjamin A. Luckett (WVSB No. 11463)

14