# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**MARK McEVOY**, *et al.,*

        Plaintiffs,

v.                                **Civil Action No. 5:22-CV-171**
                                               Judge Bailey

**DIVERSIFIED ENERGY COMPANY PLC**,
*et al.,*

        Defendants.

## ORDER

Pending before this Court is West Virginia Department of Environmental Protection's Motion to Intervene for the Limited Purpose of Seeking Dismissal [Doc. 647], filed August 16, 2024. Plaintiffs filed a Memorandum in Opposition to West Virginia Department of Environmental Protection's Motion to Intervene for the Limited Purpose of Seeking Dismissal [Doc. 655] on August 30, 2024. West Virginia Department of Environmental Protection filed a Reply in Support of its Motion to Intervene for the Limited Purpose of Seeking Dismissal [Doc. 661] on September 6, 2024. The Motion is now ripe for adjudication. For the reasons that follow, this Court will deny West Virginia Department of Environmental Protection's (hereinafter "WV DEP") Motion to Intervene.

I.   **Background[1] and Standard of Review**

Federal Rule of Civil Procedure 24(a) provides:

**(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Fourth Circuit has held that Rule 24(a)(2) requires: (1) a timely motion to intervene; (2) the applicant has an interest in the subject matter of the action; (3) the protection of this interest would be impaired because of the action; and (4) the applicant's interest is not adequately represented by existing parties to the litigation. *Alt v. EPA*, 758 F.3d 588, 591 (4th Cir. 2014); *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013); *Teague v Bakker*, 931 F.2d 259, 261 (4th Cir. 1991) (citing *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976)).

Alternatively, Federal Rule of Civil Procedure 24(b) provides two (2) types of permissive intervention. Federal Rule of Civil Procedure 24(b)(1) governs basic permissive intervention:

---

[1] The parties and this Court are intimately familiar with the background of this case. This Court will not expand on the background of this case in this Order.

2

> **(1) *In General.*** On timely motion, the court may permit anyone to intervene who:
>
>> **(A)** is given a conditional right to intervene by a federal statute; or
>>
>> **(B)** has a claim or defense that shares with the main action a common question of law or fact.

Federal Rule of Civil Procedure 24(b)(2) provides:

> **(2) By a Government Officer or Agency.** On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:
>
>> **(A)** a statute or executive order administered by the officer or agency; or
>>
>> **(B)** any regulation, order, requirement, or agreement issued or made under the statute or executive order.

**II.  Discussion**

This Court will deny WV DEP's Motion for two (2) reasons. First, WV DEP's Motion is untimely. Second, even if the Motion was timely, WV DEP is not entitled to intervention of right because, as this Court has already held, plaintiffs' claims for money damages will not impair any of the agency's regulatory interests and this Court need not order WV DEP to take any action to grant plaintiffs' requested relief.

### A. WVDEP's Motion is untimely.

The Fourth Circuit has held:

> "[T]imeliness is a 'cardinal consideration' of whether to permit intervention." ***Houston Gen. Ins. Co. v. Moore***, 193 F.3d 838, 839 (4th Cir. 1999); *see also id.* ("The determination of timeliness is committed to the discretion of the district court and will not be disturbed on appeal except for an abuse of that discretion."). The purpose of the timeliness exception is to "prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." ***Alt v. U.S. EPA***, 758 F.3d 588, 591 (4th Cir. 2014) (citation omitted).
>
> Thus, a movant's failure to seek intervention in a timely manner is sufficient to justify denial of a motion to intervene. *See* ***Gould v. Alleco, Inc.***, 883 F.2d 281, 286 (4th Cir. 1989). When assessing the timeliness of a motion to intervene in a civil action, "a trial court in this Circuit is obliged to assess three factors: first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." ***Alt***, 758 F.3d at 591. And in considering these three ***Alt*** factors, we have stressed that courts should be reluctant to stall "the momentum of [a] lawsuit" that is in the advanced stages of litigation. *Id.*

***In re Cigar Ass'n of Am.***, 812 Fed.App'x. 128, 137 (4th Cir. 2020).

WVDEP's Motion is untimely because intervention at this late stage in the proceedings would cause delay and disruption that would prejudice plaintiffs. On the first factor, this case is in an advanced stage. This case was initiated on July 8, 2022. *See* [Doc. 1]. WVDEP filed the instant Motion on August 16, 2024, more than two (2) years after the case was initiated and more than twenty-one (21) months after this Court's deadline for joining additional parties passed on November 15, 2022. *See* [Doc. 70 at ¶ 3]. Moreover, fact discovery ended on May 24, 2024 [Doc. 595 at ¶ 4(a)], and plaintiffs' principal expert disclosures were due June 19, 2024 [Doc. 607]. The parties are in the final stages of expert discovery, which closes on October 4, 2024 [Doc. 645 at ¶ 6], in the middle of briefing on class certification, which becomes ripe at the beginning of November [Doc. 670], and have already had to seek *multiple* extensions to the scheduling order [Docs. 296, 503, 543, 594, 604, 636, & 641]. Plaintiffs have also had to defend against three (3) separate motions seeking dismissal of their claims as well as an appeal of this Court's denial of one of those motions. *See* [Docs. 204, 303, 362, & 633].

Courts applying the Fourth Circuit's precedent have denied a party's request for intervention at similarly late stages. *See **Alt***, 758 F.3d at 591 (upholding the district court's denial of intervention where, like here, other parties had long ago successfully moved to intervene, a motion to dismiss had already been denied, and the parties were engaged in summary judgment briefing); ***Burke v. Fed. Nat'l Mortg. Ass'n***, 2016 WL 5662007, at *3–4 (E.D. Va. Sept. 29, 2016) (Hudson, J.) (court found untimely a motion for intervention filed nearly six (6) months after the complaint was filed, one (1) month after the defendant's motion to dismiss was decided, after the deadline for expert submissions, and one (1)

week before the deadline to submit written discovery requests), *vacated on other grounds*, 2016 WL 7451624 (E.D. Va. Dec. 6, 2016); **In re: CEI, LLC**, 2016 WL 3556606, at *3 (W.D. N.C. June 29, 2016) (Cogburn, J.) (finding intervention motion submitted after the close of discovery to be untimely); *cf* **B. P. J. v. W. Va. State Bd. of Educ.**, 2021 WL 5711547, at *1 (S.D. W.Va. Dec. 1, 2021) (Goodwin, J.) (finding intervention motion timely because it was filed prior to the deadline for amendment of pleadings and joinder of parties); **United States for use & benefit of Baltimore Steel Erectors, LLC v. Hanover Ins. Co.**, 2019 WL 6895542, at *3 (D. Md. Dec. 18, 2019) (Chasanow, J.) (same).

The second factor—prejudice—also weighs against WV DEP's intervention request. Plaintiffs would be required to respond to a redundant Rule 12(c) motion for judgment on the pleadings in the midst of class certification briefing, expert witness depositions, and ongoing discovery. This Court finds that the expenditure of "extra effort" by plaintiffs amounts to prejudice on which this Court bases its denial of the instant Motion. *See* **In re Cigar Ass'n of America**, 812 Fed.App'x at 138, **Alt**, 758 F.3d at 591; **Kelly v. Offit Kurman, P.A.**, 2021 WL 3725379, at *8 (D. Md. Aug. 23, 2021) (Blake, J.) ("[P]ermitting [movant] to intervene after such a delay would prejudice [defendant] as his intervention would likely result only in further attempts to litigate disqualification, an issue which has already been fully briefed."), *aff'd* 2023 WL 2570968 (4th Cir. Mar. 20, 2023).

Finally, this Court must evaluate the soundness of the reasons espoused by WV DEP for its tardy intervention. In the lone footnote that WV DEP devotes to this issue, WV DEP seeks to justify its extreme delay by claiming that "it has only now, after interlocutory oral argument before the Fourth Circuit, become apparent that the WVDEP OOG will have

to itself assert its sovereign interests in this proceeding, notwithstanding its sovereign immunity (which it does not waive in seeking intervention for the limited purpose of moving for dismissal), to address the dispositive defenses it wishes to assert in order to assert its sovereign immunity to not have those addressed against its interests in its absence." [Doc. 647 at 3, fn.1]. As noted by plaintiffs: "[a]lthough difficult to decipher, WVDEP appears to argue that, despite being aware of Plaintiffs' suit for some time, the agency put its eggs in the basket of Defendants' failed motion to dismiss Plaintiffs' claims for failure to join WVDEP as an indispensible party, and Defendants' appeal to the Fourth Circuit of this Court's denial of that motion." [Doc. 655 at 5].

This is exactly the approach to intervention that the Fourth Circuit rejected in *Alt*. In *Alt*, the movant admitted that it had been aware of the underlying suit but did not intervene because it believed that the court would grant the defendant's motion to dismiss. 758 F.3d at 591 ("Stated plainly, CBF admits that it gambled and lost in the execution of its litigation strategy."). Only after the court denied the motion did the movant decide to "devote its 'limited resources'" to the litigation. *Id*. Like WV DEP, the movant "had gambled and lost in the execution of its litigation strategy" which "engenders little sympathy." *Id*.

The Fourth Circuit has consistently held that "would-be intervenors who knowingly delay raising suspected violations of their rights tarry at their own peril." ***Blue Water Baltimore v. Mayor and City Counsel of Baltimore, Md.***, 583 Fed.App'x. 157, 158 (4th Cir. 2014) (citing *Alt*, 758 F.3d at 588); ***Scott v. Bond***, 734 Fed.App'x. 188, 192–93 (4th Cir. 2018) (explaining that "a movant seeking intervention must provide a plausible

justification for a tardy motion to intervene" and finding that district court had "compelling reasons" to deny intervention where it was clear the movant was aware the case could implicate his interests six (6) months prior to filing his motion); *In re Cigar Ass'n of Am.*, 812 Fed.App'x. at 137 (upholding denial of intervention where the movants "ha[d] been aware for months that this litigation challenged the deadlines that they believed they had negotiated to extend," yet they "wait[ed] instead to see if the case would survive Defendants' motion to dismiss and, when it did, to see what the remedy would be"); *see also* **Hisp. Nat'l L. Enf't Ass'n NCR v. Prince George's Cnty.**, 2022 WL 980176, at *5–6 (D. Md. Mar. 31, 2022) (Chuang, J.) (explaining that entry of settlement agreement affecting movants' interests did not justify delayed intervention where movant was aware much earlier that those interests could be implicated by the outcome of the case); *Burke*, 2016 WL 5662007, at *5 (denying intervention where the movant "knew of the underlying litigation and intentionally delayed in raising suspected violations of its rights because it hoped that the case would be resolved in the earlier Motion to Dismiss"); **Finch v. Covil Corp.**, 2020 WL 6063054, at *5 (M.D. N.C. Oct. 14, 2020) (Eagles, J.) (explaining that "a non-litigant's strategic choice not to intervene earlier is an appropriate factor to consider against allowing intervention"); **Woodruff v. Thornsbury**, 2014 WL 6088399, at *3 (S.D. W.Va. Nov. 13, 2014) (Copenhaver, J.) (denying intervention where the movant "offer[ed] no good explanation why it has waited until the eve of trial to seek joinder in a case it has known about for near a year").

    WV DEP has been intimately familiar with the facts, issues, and posture of this case for at the very minimum a year, and likely much longer. On August 14, 2023, more than a

year ago, WV DEP filed an *amicus* brief in support of defendants' now-dismissed appeal of this Court's Order denying defendants' Rule 12(c) motion that raised the same arguments WV DEP now seeks to relitigate. See [Docs. 303, 329, 633, 634, & 654].

Given the advanced stage of litigation, WV DEP's excuse that it only now realized it might need to intervene to protect its interests is "too little, and too late." ***Alt***, 758 F.3d at 591. Because WV DEP has failed to offer any compelling reason for its failure to timely intervene that would outweigh the prejudice to plaintiffs, the Motion will be denied.

**B.     Even if WV DEP's Motion was timely, WV DEP is not entitled to intervention because it has not satisfied the other factors for intervention of right under Rule 24(a)(2).**

In addition to a timely motion, intervention of right under Rule 24(a)(2) requires a demonstration that (1) the applicant has an interest in the subject matter of the action; (2) the protection of this interest would be impaired because of the action; and (3) the applicant's interest is not adequately represented by existing parties to the litigation. ***Alt***, 758 F.3d at 591.

This Court already considered each of these requirements and found them unsatisfied when this Court denied defendants' Rule 12(c) motion for judgment on the pleadings for failure to join required parties, which argued that plaintiffs' claims must be dismissed because WV DEP was a necessary and indispensable party under Rule 19 that could not be joined due to its sovereign immunity. See [Docs. 275, 276 & 303]. Like WV DEP in its motion to intervene [Doc. 647 at 5–9], defendants in their Rule 19 motion argued that the agency "must be joined because plaintiffs' suit interferes with its regulatory interests" in its Consent Order with Diversified and because WV DEP's "presence in this

action is required to permit the plugging and transfer of wells." [Doc. 303 at 16]. This Court disagreed, finding that

> WV DEP is not a required party to afford the existing plaintiffs complete relief because the only relief plaintiffs request is money damages. WV DEP's participation in the above-styled case is plainly not required for this Court to order payment from defendants sufficient to cover the costs of well plugging and remediation. Plaintiffs are not requesting this Court to order WV DEP to take any action or instruct the state agency and state officials on how to conform their conduct to state law. This Court has previously held that it need not reject WV DEP and Diversified's Consent Order to vindicate plaintiffs' property rights. See [Doc. 204 at 9 ("[I]t is the finding of this Court that the Consent Order is simply an exercise of OOG's prosecutorial discretion and has no effect on the plaintiffs' property rights.")].
>
> If this Court grants the relief sought by plaintiffs, plaintiffs would be entitled to money damages to cover the costs of well plugging and remediation. This Court would not enter an Order to the effect of instructing WV DEP that they must plug and remediate the wells at issue. WV DEP's absence does not create any risk of inconsistent obligations because plaintiffs have not requested for relief that this Court order defendants do anything other than pay them money damages in an amount sufficient to ensure the plugging of the wells.
>
> Even if this Court directly ordered the plugging of wells on a schedule different from that in WV DEP's Consent Order, that would not create

inconsistent obligations. In ***Ohio Valley Env't Coal., Inc. v. Maple Coal Co.***, the United States District Court for the Southern District of West Virginia concluded that WV DEP was not a necessary or indispensable party to a citizen suit to enforce effluent limitations contained in a Clear Water Act permit. *See* 808 F.Supp.2d 868, 887–91 (S.D. W.Va. 2011) (Chambers, J.). The Court noted that "the only way the injunctive relief crafted in each action could conflict would be as a result of differing compliance dates—Maple would merely need to comply with the earlier date to be in compliance with both orders." *Id.* at 889.

Similarly to the case at hand, plugging plaintiffs' abandoned and nonproducing wells would not be inconsistent with the Consent Order. If plaintiffs are granted their requested relief, defendants['] obligations to WV DEP under the Consent Order would be satisfied. The Consent Order provides:

> No later than December 31, 2020 and continuing annually through calendar year ending December 31, 2034, Diversified shall provide to the OOG a report summarizing the actions taken to bring into production or plug oil and gas wells in West Virginia during the prior twelve month period. During each calendar year ended December 31, 2020 through December 31, 2034, Diversified shall either place into production or plug **at least fifty (50) oil and gas wells** from the list referenced in

11

> > Paragraph 5.b of Section IV of this Order, of which no less than twenty (20) of those oil and gas wells shall be plugged no later than December 31 of the applicable year.
>
> [Doc. 275-1 at ¶ IV.5.b].
>
> > It is mere speculation that WV DEP would deny the permits necessary to plug and remediate abandoned, nonproducing wells on plaintiffs' properties. Even assuming some inconsistent obligations would result, any prejudice to defendants would not outweigh the harm caused by dismissing plaintiffs' case. If there are inconsistent obligations, defendants would "merely need to comply with the earlier date to be in compliance with both orders." See *Ohio Valley Env't Coal., Inc.*, 808 F.Supp.2d at 889.
>
> > In sum, this Court finds that the WV DEP is not necessary and not indispensable.
>
> [Doc. 303 at 16–18]; see also [Doc. 362 at 7 ("[A]s this Court has already held multiple times . . . Plaintiffs' claims are expressly preserved by West Virginia's oil and gas program and thus do not interfere with that law nor with DEP's exercise of prosecutorial discretion embodied in the Consent Order.")].

This Court's determination that WV DEP was not a necessary party because its regulatory interests will not be adversely affected by plaintiffs' claims for money damages precludes a finding that WV DEP is entitled to intervention of right. See *Ohio Valley Env't Coal, Inc. v. McCarthy*, 313 F.R.D. 10, 18 ("[T]he Advisory Committee intended for courts to use criteria for joinder of necessary parties in deciding whether a party has a significantly

protectable interest in pending litigation. This suggests that an applicant should be permitted intervention as of right under 24(a)(2) only in those situations when the applicant would be a necessary party under today's Rule 19(a)(1)(B)(I).").

WV DEP seeks to make its arguments "[n]otwithstanding any contrary finding to date." [Doc. 647 at 5]. However, an "intervenor accepts the pleadings as he finds them." ***General Ins. Co. of America v. Hercules Const. Co.***, 385 F.2d 13, 18 (8th Cir. 1967) (citing ***In re V-I-D, Inc.***, 177 F.2d 234 (7th Cir. 1949)). Even more, under the law of the case doctrine, "'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" ***Christianson v. Colt Indus. Operating Corp.***, 486 U.S. 800, 816 (1988) (quoting ***Arizona v. California***, 460 U.S. 605, 618 (1983) (dictim)).

Given these rulings and the posture of the case, there is no place for WV DEP to intervene and echo defendants' thrice-rejected arguments that the WV DEP's regulatory interests are threatened by plaintiffs' claims and its participation in this lawsuit is indispensable.

Intervention of right is not appropriate because WV DEP's regulatory interests are adequately represented by defendants. WV DEP seeks intervention for the limited purpose of filing a motion for judgment on the pleadings seeking dismissal of plaintiffs' claims based on the exact same arguments that defendants have already (unsuccessfully) raised multiple times. *See* [Docs. 105 at 6–15; 276 at 10–16; 21–25]. WV DEP has failed to show how its participation in this case will advance its interest in any way that defendants have not already attempted. Because defendants have already sought the

same relief that WV DEP seeks, to the extent that WV DEP has any protectable interest in this case, existing parties adequately represent that interest. *See* ***Com. of Va. v. Westinghouse Elec. Corp.***, 542 F.2d 214, 216 (4th Cir. 1976) ("When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance.").

### C. Permissive intervention is also not warranted.

As noted above, a court may, pursuant to Federal Rule of Civil Procedure 24(b), on a **timely** motion, grant intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "Importantly, this Court possesses 'substantial discretion to deny permissive intervention.'" ***Alt American Farm Bureau v. United States Riverkeeper***, 2013 WL 12133923, at *2 (N.D. W.Va. July 30, 2013) (Bailey, J.) (quoting ***Shaw v. Hunt***, 154 F.3d 161, 168 (4th Cir. 1998)), *aff'd* 758 F.3d 588 (4th Cir. 2014); *see also* ***McHenry v. Comm'r***, 677 F.3d 214, 219 (4th Cir. 2012) ("[The Fourth Circuit's] review of any court's order denying permissive intervention under Civil Rule 24(b) is particularly deferential, . . . and a challenge to the court's discretionary decision to deny leave to intervene must demonstrate a ***clear*** abuse of discretion in denying the motion. . . .") (internal quotations and citations omitted) (emphasis in original).

When determining whether permissive intervention is warranted, this Court "must consider 'whether the intervention will unduly delay or prejudice the adjudication of the

14

original parties' rights.'" **Stuart v. Huff**, 706 F.3d 345, 349 (4th Cir. 2013) (quoting Fed. R. Civ. P. 24(b)(3)).

Even though WV DEP's motion is untimely, WV DEP's intervention will burden plaintiffs and this Court without providing any countervailing benefit. A court does not err in denying permissive intervention "when undue delay exists without a corresponding benefit to the process, the litigants, or the court, especially where an existing party zealously pursues the same ultimate objectives as a movant." **Lee v. Va. Bd. of Elections**, 2015 WL 5178993, at *4 (E.D. Va. Sept. 4, 2015) (Hudson, J.) (citing **Stuart**, 706 F.3d at 355); see also **Alt**, 758 F.3d at 591 (upholding a denial of permissive intervention based in part on the fact that the movant's participation would require "extra effort" on the part of the plaintiffs).

WV DEP's sole goal in seeking intervention is to file a motion raising issues that this Court has already conclusively decided. WV DEP would simply be recycling an already-rejected argument that its sovereignty is somehow impugned by an action between two (2) private parties involving solely money damages. Thus, this Court finds that WV DEP's participation in this case will not benefit this Court's resolution of the issues or offer protection of WV DEP's interests but will merely "result in duplicative briefing adding a layer of unwarranted procedural complexity" to an already complex case. See **Ohio Valley Env't Coal., Inc.**, 313 F.R.D. at 31.

## III. Conclusion

For the foregoing reasons, West Virginia Department of Environmental Protection's Motion to Intervene for the Limited Purpose of Seeking Dismissal [**Doc. 647**] is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** September __19__, 2024.

                                   JOHN PRESTON BAILEY
                                   UNITED STATES DISTRICT JUDGE