# EXHIBIT A

**Form Preliminary Approval Order**

**EXHIBIT 1.A**

**Preliminary Approval Order**

**UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION**

MARK MCEVOY, et al., individually and
on behalf of a proposed class,

        Plaintiffs,

v.   CIVIL ACTION NO. 5:22-cv-171
    Honorable Judge John P. Bailey

DIVERSIFIED ENERGY COMPANY PLC,
et al.,

        Defendants.

**PRELIMINARY APPROVAL ORDER**

Plaintiffs Mark McEvoy, James Tawney and Susan Tawney, Samuel Stark, Susan Dennison, Mark Goff, Carol DelRosso and George DelRosso, Benjamin Patterson, Chad Silvester, Clinton and Candace Drainer Irrevocable Trust, Eben Fritts, Heidi Deem, Jeffrey L. Saltis and Kellie D. Saltis, Lane Evans and Minerva Evans, Maynard Tanner and Jennifer Tanner, Joan Medley, Jacob Collette and Regina Collette, Scott Corcoran, Kathy Johnson, and Christine Cochran; and Plaintiffs-Intervenors Bonnie Garrett, Colleen Gladwell, Michael Phillips, Loren Smith, Bruce Perrone and Susan Leffler, and Norman Googel have moved for preliminary approval of a proposed class action settlement which would resolve Plaintiffs' claims against all Defendants. Upon consideration of the motion, the Settlement Agreement, and exhibits thereto,

the Court *GRANTS* preliminary approval of the Settlement, finding specifically as follows:[1]

## I.   Jurisdiction

1. The Court preliminarily finds that it has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

## II.   Certification of Settlement Class

2. Under Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies the following "Settlement Class," consisting of:

> All persons and entities that own or lease any right, title, or interest in the surface of any piece or parcel of land in West Virginia, Ohio, Kentucky, Pennsylvania, Virginia, or Tennessee that have had a Diversified Well on said piece or parcel at any time between the date of the first complaint in the Action (July 8, 2022) and the date of the signing of the Settlement Agreement (November 4, 2024), including their predecessors, executors, administrators, heirs, assigns, related parties or persons, tenants, and successors.

3. The Settlement Class excludes (a) Defendants, any entity or division in which Defendants have a controlling interest, and their legal representatives, officers, directors, employees, assigns and successors; (b) the judge to whom this case is assigned, the judge's staff, and any member of the judge's immediate family, (c) all employees of the law firms representing Plaintiffs and the Settlement Class Members, and (d) any federal, state, or local governmental entity. Settlement Class Members who timely opt out of the Settlement Class are not participating in this Settlement and are not bound by the terms of the Settlement Agreement, nor are they entitled to its benefits.

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement have the same meaning as set forth in the Settlement Agreement.

### III. Class Representatives and Class Counsel

4. The Court preliminarily appoints Plaintiffs Mark McEvoy, James Tawney and Susan Tawney, Samuel Stark, Susan Dennison, Mark Goff, Carol DelRosso and George DelRosso, Benjamin Patterson, Chad Silvester, Clinton and Candace Drainer Irrevocable Trust, Eben Fritts, Heidi Deem, Jeffrey L. Saltis and Kellie D. Saltis, Lane Evans and Minerva Evans, Maynard Tanner and Jennifer Tanner, Joan Medley, Jacob Collette and Regina Collette, Scott Corcoran, Kathy Johnson, and Christine Cochran; and Plaintiffs-Intervenors Bonnie Garrett, Colleen Gladwell, Michael Phillips, Loren Smith, Bruce Perrone and Susan Leffler, and Norman Googel as Class Representatives.

5. Under Rule 23(g), the following attorneys and firms are preliminarily appointed as Class Counsel:

> Brian A. Glasser
> John W. Barrett
> Brian R. Swiger
> Bailey & Glasser, LLP
> 209 Capitol Street
> Charleston, West Virginia 25301
> (304) 345-6555 (Phone)
> (304) 342-1110 (Fax)
>
> J. Michael Becher
> Joseph M. Lovett
> Benjamin Luckett
> Amanda Demmerle
> Isak Howell
> Claire Horan
> Appalachian Mountain Advocates
> P.O. Box 507
> Lewisburg, WV 24901
> (304) 645-9006

### IV. Rule 23 Requirements

6. The Court preliminarily finds that the requirements of Rule 23(e)(1)(B) have been

satisfied in that: (a) the class representatives and class counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's length; (c) the relief provided for the class is adequate, taking into account the fact that (i) the costs, risks, and delay of trial and appeal favor approval of the Settlement Agreement; (ii) Class Counsel's proposed award of attorneys' fees and costs is in line with other class settlements, as is the timing of payment, and the attorneys' fee and costs request will be the subject of a separate motion which will be considered by the Court; and (iii) there is no agreement required to be identified under Rule 23(e)(3); and (d) the Settlement Agreement treats all class members equitably relative to each other as class members' identical claims are treated identically.

7. The Court further finds that, for these settlement purposes only, the proposed Settlement Class meets all the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3), and the Court hereby preliminarily finds, in the specific context of the Class Settlement, that:

(a) <u>Numerosity</u>: The Settlement Class satisfies the numerosity requirement of Fed. R. Civ. P. 23(a). Joinder of these widely dispersed, numerous Settlement Class Members into one suit would be impracticable.

(b) <u>Commonality</u>: There are questions of law and fact, with regard to the alleged activities of Defendants, common to the Settlement Class.

(c) <u>Typicality</u>: The claims of the Representative Plaintiffs are typical of the claims of the Settlement Class they seek to represent. Therefore, in the context of this settlement the element of typicality is satisfied.

(d) <u>Adequate Representation</u>: The Representative Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members. The Representative Plaintiffs will fairly and adequately represent the interests of the Settlement Class.

Additionally, this Court recognizes the experience of Class Counsel and finds under Fed. R. Civ. P. 23(g) that the requirement of adequate representation of the Settlement Class has been fully met.

(e) <u>Predominance of Common Issues</u>: The questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members. In the context of this Settlement, these issues predominate over any individual questions, favoring class treatment.

(f) <u>Superiority of the Class Action Mechanism</u>: The class action mechanism is well suited for treatment of the settlement of these matters. Class certification promotes efficiency and uniformity of judgment, among other reasons, because the many Settlement Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country. Therefore, the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy.

8. The Court further finds that: (i) the Settlement Class Members have a limited interest in individually prosecuting the claims at issue; (ii) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by the Settlement Class Members; (iii) it is desirable to concentrate the claims in this forum; and (iv) it is unlikely that there will be difficulties encountered in administering this Settlement.

**V.     Preliminary Approval of the Settlement**

9. Through the Settlement Agreement, the Diversified Defendants have agreed to plug 2,600 wells in six states—West Virginia, Ohio, Kentucky, Pennsylvania, Virginia, and Tennessee—through the end of 2034, subject to the provisions set forth in the Settlement Agreement (the "Plugging Promises"). The Diversified Defendants will also pay the ongoing

costs and expenses of a Court-appointed Settlement Account Administrator who will oversee and ensure compliance with the Plugging Promises and review certain applications for "extraordinary need" well-plugging by Settlement Class Members who establish a bona fide human health, safety, or environmental concern. Under the Settlement, Settlement Class Members do not waive any individual rights (1) to individually apply to applicable State Departments of Environmental Protection to request that their wells be plugged if such a process exists under state law; or (2) to individually assert any claims arising out of damage caused by the plugging of a well and associated work, or damage to persons or property caused by actions taken in the plugging of a well. The Settlement Agreement also requires the Diversified Defendants and the EQT Defendants to each pay up to $3.25 million into a Settlement Account (for a total of up to $6.5 million), which may be used to pay the costs of notice, service awards, and any awarded attorneys' fees and costs. If the Settlement becomes effective according to its terms, none of these funds will revert to any Defendant.

10. Having considered the motion for preliminary approval, the Settlement Agreement, and the exhibits thereto, the Court preliminarily finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, and the settlement benefits being made available to Settlement Class Members.

### VI.    Notice and Administration

11. The Court appoints Kroll to perform the functions and duties of the Class Notice Agent set forth in the Settlement Agreement—including effectuating the Notice Plan—and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

6

12. The Court has carefully considered the notice program set forth in the Settlement Agreement. The Court finds that the notice program constitutes the best notice practicable under the circumstances, and satisfies fully the requirements of Rule 23(c)(2), and the requirements of due process. The notice states in clear and concise language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, and defenses; (iv) that a class member may enter an appearance through an attorney if the Settlement Class Member desires; (v) that the Court will exclude from the Settlement Class any class member who requests exclusion; (vi) sets a clear time and manner for requesting exclusion; and (vii) clearly explains the binding effect of a class judgment on members under Rule 23(c)(3).

13. The Court thus approves the notice program and the form, content, and requirements of the Notice described in and attached as exhibits to the Settlement Agreement. The Class Notice Agent shall cause the Notice Plan to be completed on or before the Notice Deadline specified below. Class Counsel shall, prior to the Final Approval Hearing, file with the Court a declaration executed by the Class Notice Agent attesting to the timely completion of the notice program.

14. All costs of providing Notice to the Settlement Class shall be paid out of the Settlement Account, as provided by the Settlement Agreement.

15. The CAFA Notice provided by Defendants satisfied the terms of 28 U.S.C. § 1715.

### VII.   Exclusion and "Opt-Outs"

16. Article VII of the Settlement Agreement contains various Release and Covenant Not to Sue provisions, including a broad release for all claims which were or could have been asserted by the Plaintiffs and Settlement Class, among other things. The Parties will seek approval of the Release and Covenant Not to Sue provisions in connection with Final Approval.

17. Each and every member of the Settlement Class shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, unless such persons request exclusion from the Settlement in a timely and proper manner, as hereinafter provided.

18. A member of the Settlement Class wishing to request exclusion (or "opt-out") from the Settlement shall mail the request in written form, by first class mail, postage prepaid. Any such request must be received no later than the Exclusion Deadline specified below, by the Class Notice Agent at the address specified in the Notice. In the written request for exclusion, the member of the Settlement Class must state his or her full name, address, and telephone numbers, as well as the API Number(s) of the well(s) located on the member's property. Further, the written request for exclusion must include a statement that the member of the Settlement Class submitting the request wishes to be excluded from the Settlement, and the personal signature of the member of the Settlement Class submitting the request. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. No member of the Settlement Class, or any person acting on behalf of or in concert or in participation with a member of the Settlement Class, may request exclusion of any other member of the Settlement Class from the Settlement.

19. Members of the Settlement Class who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against the Defendants or any of the other Released Parties.

20. All Settlement Class Members who do not timely and validly request exclusion shall be so bound by all terms of the Settlement Agreement and by the Final Approval Order and

Judgment even if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Defendants or any of the other Released Parties.

21. The Class Notice Agent will promptly provide all Parties with copies of any exclusion requests, and Plaintiffs shall file a list of all persons who have validly opted-out of the Settlement with the Court prior to the Final Approval Hearing.

### VIII. Objections

22. Any Settlement Class Member who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees and expenses, or to the compensation awards to the Class Representatives must submit to the Settlement Parties and the Court a written statement that includes:

   a. The objecting Settlement Class Member's name, address, and telephone number;
   b. Proof of class membership, including the API Number of the well located on the objector's property, along with reasonable proof (such as tax assessment information or deeds) that the objector owns the surface on which the well is located;
   c. A statement that the objector is objecting to the proposed Settlement and/or the application for attorneys' fees and costs and/or the compensation awards to Class Representatives;
   d. A statement of all the factual and legal reasons for the objection and whether it applies only to the objector, to a subset of the Settlement Class, or the entire Settlement Class;
   e. Identification of all class actions to which the objector has previously objected;
   f. The name and contact information of any and all lawyers representing, advising, or in any way assisting the objector in connection with such objection;
   g. Copies of all documents that the objector wishes to submit in support of its position; and
   h. The objector's handwritten signature (an electronic signature is insufficient).

23. The Court will consider objections to the Settlement, to the award of attorneys' fees and expenses, or to the compensation awards to the Class Representatives only if, on or before the Objection Deadline, such objections and any supporting papers are filed in writing with the Clerk of this Court and served on the Settlement Parties.

22.     A Settlement Class Member who has timely filed a written objection as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding their objection. It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing. No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and expenses and/or the request for a compensation award to the Class Representatives will be heard unless that person has filed a timely written objection as set forth above. No non-party, including members of the Settlement Class who have timely opted-out of the Settlement, will be heard at the Final Approval Hearing.

24.     Any member of the Settlement Class who does not opt out or make an objection to the Settlement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order and Judgment.

## IX.     Final Approval Hearing

25.     A Final Approval Hearing will be held before the Court on the date specified below for the following purposes:

(a)     to finally determine whether the requirements of Federal Rules of Civil Procedure 23(a) and (b) are met;

(b)     to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c) to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d) to consider the application for an award of attorneys' fees and expenses of Class Counsel;

(e) to consider the application for compensation awards to the Class Representatives;

(f) to consider the distribution of the Settlement Benefits under the terms of the Settlement Agreement; and

(g) to rule upon such other matters as the Court may deem appropriate.

26. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At, or following, the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

27. The deadlines are as follows:

| | |
|---|---|
| **Class Notice Deadline:** | _____[30 days after Preliminary Approval Order] |
| **Motion for Attorneys' Fees and Costs** | _____[20 days after Class Notice Deadline] |
| **Exclusions Deadline:** | _____[60 days after Class Notice Deadline] |
| **Final Approval Motion:** | _____[65 days after Class Notice Deadline] |
| **Objections Deadline:** | _____[86 days after Class Notice Deadline] |
| **Supplemental Brief Responding to Objections:** | _____[95 days after Class Notice Deadline] |
| **Final Approval Hearing:** | _____[at least 110 days after Class Notice Deadline] |

28. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

## X. Further Matters

29. Any Settlement Party to the Settlement Agreement who believes that the Settlement Account Administrator is not acting reasonably and in good faith executing the functions described in the Settlement Agreement may move the Court to terminate the Settlement Account Administrator upon 30 days' notice, which termination of the Settlement Account Administrator shall only occur if the Settlement Account Administrator is materially breaching its obligations under the Agreement, and a replacement shall be selected by mutual agreement of the Settlement Parties and proposed to the Court for approval.

30. Neither the acceptance by the Defendants of the terms of the Settlement Agreement nor any of the related negotiations or proceedings constitutes an admission with respect to the merits of the claims and defenses alleged in this Action, the validity (or lack thereof) of any claims that could have been asserted by any of the Class Representatives or Settlement Class Members in the Action, whether the Action could be appropriately certified as a class action, or the liability of the Defendants in the Action. The Defendants specifically deny any liability or wrongdoing of any kind associated with the claims alleged in the Action. The Defendants believe they have valid and complete defenses to the claims asserted against them in the Action and deny that they committed any violations of law, engaged in any unlawful act or conduct, or that there is any basis for liability for any of the claims that have been, are, or might have been alleged in the Action.

31. All discovery and other pretrial proceedings in the Action are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

32. All Settlement Class Members are temporarily enjoined from pursuing claims to be released under the Settlement Agreement, pending entry of the Final Approval Order.

33. Notwithstanding anything to the contrary herein, in the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of the Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion (to the extent that motion is consistent with this paragraph).

34. The Court retains jurisdiction to consider all further matters arising out of the Settlement.

DATED: _____, 2024

                                                Hon. John Preston Bailey
                                                United States District Court