# EXHIBIT A
# DECLARATION OF JOHN W. BARRETT

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

MARK MCEVOY, et al.,
individually and on behalf of a proposed class,

    Plaintiffs,

    v.

Civil Action No. 5:22-cv-171
The Honorable John P. Bailey

DIVERSIFIED ENERGY COMPANY PLC, et al.,

    Defendants.

## DECLARATION OF JOHN W. BARRETT IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARD

1. I am submitting this declaration in support of our request for attorneys' fees and costs in this action. My purpose is to outline our lodestar fee, and to support other statements made in the memorandum in support of the motion.

2. My prior service as President of Bailey & Glasser LLP and as head of our contingent practice makes me familiar with our firm's time and expense tracking, and with our hourly rates, including rates used to determine lodestar for attorneys' fee crosscheck purposes. I have served as one of the lead counsel for the Plaintiffs in this case, which enables me to describe the risks of the case, the hours expended, litigation costs, and the qualifications of our team.

3. This contingent-fee case has required an enormous effort from our firm, all without guaranteed payment of fees or costs. Given the unprecedented nature of the action and the legal claims, and the extraordinarily well-funded Defendants willing and

able to litigate aggressively through highly competent counsel, this case has presented extraordinary risks, as outlined in the memorandum in support of the motion. Nonetheless, we invested the necessary time and money to successfully pursue the claims.

      4.      Perhaps the most challenging issue was the development of expert reports, which were required to evaluate the total value of Diversified Defendants' assets and liabilities, as well as the value and liability of assets transferred by EQT Defendants to Diversified Defendants in two separate transactions. Because of the nature of these assets and liabilities—the value of current and future production versus the liabilities associated with Diversified's asset retirement obligations (including well-plugging costs)—this determination required examining Diversified's business records in painstaking detail and working with experts in corporate solvency (Dana Messina), petroleum engineering (Dwayne Purvis), accounting (Christopher Deweese), gas pricing (James Wilson), data analysis (Matthew Hodge), well plugging (Luke Plants), and other fields.  Plaintiffs also worked with consulting experts in these fields as they investigated and prosecuted the case.

      5.      I have reviewed our fee billing records. After reductions in the exercise of billing judgment, I have determined that we expended at least 6,945 hours in attorney time, and 2,332 hours in time from legal assistants and paralegals. Our total hours were 9,277.

      6.      The hourly rates I used in calculating our lodestar are reasonable and consistent with the rates of attorneys and paralegals of similar experience and

qualification in class action litigation, and we have used those rates in other cases, both contingent and hourly.

    7.    At these rates, Bailey & Glasser has expended $4,800,291 in attorneys' fees, and $748,202 in fees for legal assistants and paralegals, for a total lodestar fee of $5,548,493.

    8.    This does not include the extensive work that is often required in seeing a class action settlement through to final approval (including any appeals), or in carrying out ongoing obligations to class members as the terms of the settlement are carried out.

    9.    The team we assembled was well-equipped to do the work needed to prosecute the case successfully. This experience is outlined in my declaration at ECF No. 617-3, submitted in support of our motion for class certification. But broadly speaking, I believe our team has perhaps unparallelled experience in class action litigation and trials (particularly Brian Glasser and me), complex corporate financial and auditing matters (Mr. Glasser, Stephen Sorenson, and Thanos Basdekis), management of massive e-discovery projects (Katherine Charonko and her internal team), appellate practice (Leslie Brueckner), and natural gas litigation (Brian R. Swiger). We augmented this team with a group of well-qualified associate attorneys and legal assistants.

    10.    I also reviewed our litigation costs. After reductions in the exercise of billing judgment, our costs amount to $1,945,164, which includes well over $1 million paid to experts. Our cost to store and search electronic documents from the massive volume of documents produced was over $300,000; deposition transcripts alone cost over $100,000.

11. Each Plaintiff devoted significant time to this action, assisting us in developing the facts underlying the complaint, making initial disclosures, responding to numerous requests for documents, answering interrogatories, and sitting for often lengthy depositions. Without their willingness to file suit, no recovery would have been possible.

12. According to the Court-appointed notice administrator, Kroll Settlement Administration, their invoice for work to date is $68,263.50. They estimate additional costs to complete their work of approximately $30,000. For this reason, we propose that $100,000 be reserved from the Earnest Money paid by Diversified and EQT to pay Kroll for their work.

Executed January 10, 2025.

/s/ John W. Barrett
John W. Barrett